# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| Michael's Grain Farm, Inc.; Blankenship Farms, Inc.; Connie Cole; Kimberly A. Cline; Kyle D. Cline; Michael B. Cline; Michael L. Cline; Terry Cline; Tyler J. Cline; Allen J. Cline; Charles Holst; Yellow Springs Farms, Inc.; Allan Wolf; Schneider Farms, Inc.; Mike Winslow; Chris Cornelius; Martin T. Duncan; Teresa Duncan; Martin and Teresa Duncan Farm Partnership; Steven Weakly; Newman Farms, Inc.; Richard E. Cole, Jr.; Jeffrey Clark Artz; Lauretta Darlene Bauer; David Clifford Bunda; Michael Buntin; Phillip A. Bohlen; Daniel Chambers; Dennis John Chicoine; Ramona Clark; Kimberly J. Clifford; Owen Dale Clifford; Gary Dean Cox; Kenneth Pierce Crossland; Paul Daily; Paul Daily Farms; Todd Degen; Mark Allen Diemer; Sandy Creek Farm, Inc.; Ebert Farms; Gregory Ebert; Rodney E. Habiger; Jayne Elliott; Thomas Reid Elliott; Forbes Farms, Ltd.; Tracy Funk; Kenneth Pittsford Trust; Roger Green; Gross Farms, Inc.; Ronald L. Gross Living Trust; Kirby Lee Williams; James L. Gunn, Jr.; Victoria L. Hart; Willard R. Hart; Terry Lee Hochhalter; Carole Lynn Hood; Marc Phillip Hoyle; Donald Paul Immke; Eric Lucas Jacobson; David Herbert Jaeger; Jerry Kent Farms; Craig Nelson King; Connie L. Kinnaman, individually and as trustee of The Ray and Connie Kinnaman Family Trust; James Chadwick Koch; James William Koch; Joseph Michael Koch; Julia Koch; Kokes Farms, LLC; James C. Kokes; Christopher Marinus Lee; John T. Lee; Richard Michael Leisure; Darrell William McCumber; Justin M. Meneely; Greg Alan Miller; Windy Groves, Inc.; Gerald Lee Miller; Jeffrey Lee Miller; Jay Mugge; Karen Myers; J & A Farms LLC; Abby L. Myers; Jared Cole Myers; Chris Nash; Terry Nash; Daniel Russell Niichel; Michael William O'Connor; Jeremy & Meghann Blach LLC; Patrick Ortmeier; Mark Pedersen; Jerry Henry Penning; Ray Wesley Poynter; Ray Wesley Poynter, Jr.; Duane Arnold Pratt, Sr.; Michael Rabe; Gary | )<br>)<br>)<br>)<br>) CASE NO: 3:17-cv-000320<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

William Reece; Gerald F. Renze; Vernon John )
Renze; David Richter; Riesterer Farms LLP; )
Three R Farms, LLC; Marilyn Rode; Marvin )
Rode; Redstone Farms, Inc.; Sayre Farm )
Operations LLC; Sara Schartz; Stephen Schartz; )
Schloot Farms; Donald Freeman Schloot; S & S )
Farm Partnership; Rick Allan Schutjer; Justin )
David Shoot; Dave Shoot; Ridgedale Farms Ltd.; )
Belmont Ag Partners; M & M Ag Investments, )
LLC; Ronald J. Solich; Paul Eugene Sporrer; )
Michael P. Sporrer; David Glenn Statema; Jeff )
Statema; Hubertha Joan Statema; Strain Farms, )
Inc.; Jackie Lee Strain; Michael D. Cornwell; )
Valerie Kay Cornwell; Steven Allen Thompson; )
Steven Wayne Landers; Alan K. Newcomb; )
Kenny Richard Vogel; Vogel Brothers and Sons, )
Inc.; Wark Farms, Inc.; Wark Farms Partnership; )
Jane M. Wenstrom Revocable Trust; Gary )
Whallon; Howard & Wanda Winters Irrevocable )
Family Trust; Jason John Wirth; Zenk Farm, Inc.; )
Bruce Penning; Wernz, Ltd.; Albert D. Wernz; )
Jay Russell Cross; Gregory John Cross; Duane )
Jackson; Barbara A. Jackson; Cozy Creek Farms, )
Inc.; Richard Harmon Irvin; Christopher A. )
Simpson; Dan Bronnenberg; John Bronnenberg; )
Douglas Downs; John R. Pugsley; Boyce Turner; )
Larry Appeldorn; Ronald Wayne Cloyd; Martin )
Daniel Connor; Stephanie Connor; Martin Joseph )
Connor; Susan Connor; Kim Diemer; Gary )
Dreckman; Susan Elbe; Gruber Farms, Inc.; Eric )
Vohs; Michael Alan Short; Jeremy Carl King; )
Shannon Boyd Schmidt; Bleak House Farm, Inc.; )
Heins Brother Farms; Heins Farms, Inc.; Louis )
Aldag, Jr.; E & G Weis Farms, Inc.; T.A.M. )
Farms, Inc.; Brian Willenborg; Daniel Rubin; )
Danny Johnston; Greg S. Hall; Halldale Dairy )
Farm, Inc.; Kimberly Pizzuto; DelLee Zurliene; )
Gary Walker; Michael L. Cripe; Flanders Farms )
Inc.; Cindy Bailey; Cole Bailey; Darren Bailey; )
Bill L. Bailey; Zachary Bailey; Roger W. )
Wessels; Jessica Brophy; Martin Brophy; R- )
3LLLP; Ruben Richardson; Terry & Jule Booker )
Farm; David Norman Sieler; Leslie Steven )
Flanders; Michael Strain; Dole Farms Inc.; Janice )
Dole; Jeff A. Dole; Marty Dole; Dorothy Dole )
Trust; Lula Dole Trust; E. Joan Record; Andrew )

Dole; Brian James Bradley; Popson Farms )
General Partnership; Nuest Partnership; Marcia )
A. Benda; Mark J. Benda; Donald Morris Corp.; )
Johnson & Bloom LLC; Johnson Brothers LLP; )
Jordan Johnson; Susan Johnson; Verla Jeanette )
Blakeman Sullivan; Ralph Ebert; OKC Farms )
LLC; Dean J. Dryden; Donald F. Clark; Robert )
Snider; Wayne Eugene Parker; John David )
Luepke; The Sharon L. Schlueter Living Trust; )
Alan James Rock; Cripe Farms Inc.; Rick Alan )
Cripe; Robert Whitworth; Shawn Cripe; B&B )
Probst Farms, Inc.; C&A Bouslog Farms, Inc.; )
D&B Bouslog Farms, Inc.; Maurice Gene )
Walker; Marlowe Caulkins; Dolores Ann Curry; )
Alan J. Twedt; Marc Briney; Shirley Harbin; )
Herschel Briney Farms, Inc.; J.R. Briney & Sons, )
Inc.; James S. Todd; Todd E. Twedt; Harbin )
Family Trust; Dixie L. Skiles Revocable Trust; )
Robert Charles Meehan; Leslie Dale Pruitt; Cripe )
Brothers, A Partnership; Provines Farms, Inc.; )
Schluckebier Farms, Inc.; David Gregg, Inc.; D )
Walk Inc.; PB Walk Co.; BYW Inc.; WD Walk )
Ltd.; William, Pat, Brad, Brad & Darin Walk )
Partnership; P&M Walk, Inc.; Huffman Farm & )
Electric, Inc.; Dobbins Grain Farm, Ltd.; Chet )
Aaron Dobbins; Tim Cohorst; Charles Kastning; )
Janice Louise Townsend Revocable Trust; Walter )
Lloyd Townsend Revocable Trust; Walter )
Townsend; Emily Thomann; Gail Thomann; Ruth )
Thomann; Opfer Farms, Inc.; Probst AG, Inc.; )
James A. Bell; Rolling Prairie Farm Inc.; Bernard )
Flood; Boar Branch LLC; Mitchell Cartrette; )
William "Cole" Cartrette; Perkins Performance )
LLC; Brian William Perkins; Jim Stevenson; )
Jason Craig Opfer; Dorlin S. Drake; David )
Voges; Shane W. Way; Timothy J. Whalen )
Living Trust; Joshua D. Charlton; Zachary A. )
Charlton; Eric Eeten; David M. Fornoff; Ryan )
Fornoff; Meeker Brothers; Rodney Richardson; )
Norman White; Clark Farms, Inc.; Amy Wancho; )
Kevin Wancho; Wancho, LLC; Jason )
Zumbahlen; Double H Farms, Inc.; Vonder Haar, )
Inc.; Clayton Gathe; Raymond Reed; Michael )
Reed; Schaufine Farms Inc.; Gabriel Pope; )
Holsapple Farms, Inc.; Holster, Inc.; Phipps Ag. )
Co; John Phipps; Doug Welsh; Welsh Farms; )

John V. Welsh; John Vincent Welsh; Ray )
Kenneth Flood; Scott Bicknell; Charles and )
Diane Anderson Trust; Wade Anderson; James )
Kevin Devore Rev. Trust; Spengler Farms, Ltd.; )
Witte Dairy Farm, Inc.; Bradley Pifer; Pifer )
Farms, an Illinois Partnership; Clodfelter Farms, )
Inc.; Bradley Yockey; Mark DeDecker; Dale )
Himstedt; Sackrider Farms, Inc.; RTS Farms, )
Inc.; Thomas T. Connors; Quail Ridge Farm, Inc.; )
Michael K. Wolff; Bernice Graumenz; Tony )
Marchello, Inc.; Bradley D. Wolff; Joshua David )
Jaeger; Tammi Ann Jaeger; Ryan Frieders; Fred )
Brian Blessing; LaTerra Partners Partnership; )
Janice K Anniss Revocable Trust; Robert E. )
Anniss Revocable Trust; Robert E. Anniss Jr.; )
William Dean Robinson; Waters Farms Inc.; )
Burnside Acres, Inc.; Roger Harris Jr.; RH Farms, )
Inc.; Kirk Feller; Dane Feller; Matthew Waters; )
Jan Ridgely; Jordon Ridgely; Gill Farms )
Partnership; Gill Farms, Inc.; Blaine Dehart; )
Matthew C. Taylor; Barbara J Curry; Randall W. )
Curry; Ronald W. Curry; Steven R. Curry; Phyllis )
Sue Potter; Robert G. Potter; Thomas L. Sawyer; )
Jerry Schultz; Shane M. Cornwell; Clark & Clark )
Farms, Inc.; Mark Clark; Justin Townsend; Erin )
Phillips; Elkhorn Crossing LLC; Becky Sander; )
Joel Sander; Carl D. Tingley; Angela Dickey; )
Michael J. Dickey; Alan Chowning; Codee D. )
Souder; Orin Washburn; Tina Maher; William J. )
Maher; Rose Brothers Farm, an Indiana General )
Partnership; Mary Clayton; Rodney A. Newell; )
Wehrle Bros. Equipment, Inc.; Jeremy J. Jaeger; )
M & M Rose Farms, LLC; William L. Keys; Amy )
Hildebrandt; Don Hildebrandt; Karla )
Hildebrandt; Ken Hildebrandt; Graham Farms, )
Inc.; Thomas E. Graham, Jr.; Rachel Fischer; Karl )
Fischer; Patricia Fischer; Steven D. Strole; )
Connie Thrasher; Then And Now Farm )
Corporation; Linda M. Barr; Brian L. Drake; )
Stephen L. Drake; W.E. Keith Drake; Anthony )
M. Wassel; Patty McClaskey; Daniel McKay; )
Gregory Mace; Phillip R. Hammond; William )
Patrick Burkhart; Michael Franklin Burkhart; )
Johnathan C. Reinhart; Lyle Smith; Michael )
Baucke; Fairchild Farms, Inc.; Mark Joel )
Fairchild; Lauterbach Farms LLC; Jim Fletcher; )

Poe Enterprises; Donald Raymond Poe; Lance )
Poe; Sarah Alice Poe; Jean Smith; The Estate of )
Alice Edith Henrickson; Glen David Brown; )
Harold Darby Brown; Carolyn Moffitt; Donald )
Lee Moffitt; Russell Moffitt Family Trust; Mark )
A. Peterson; Frederick R. Peterson; The Donald )
Froderman Farm; M. Marie Nattier; Sweeney )
Brothers, LLC; Jerry Sweeney; Evans Farms, )
Inc.; Kayla Cheatwood; Donald Sweeney; Victor )
Castle; Sweeney Farms, LP; Mary Jane Curry; )
Chinook Enterprises, LLC; Farmer Jack Land )
Company, LLC; Gibson Development, LLC; )
Gregory L. Gibson; GIG Leasing Corporation; )
Hoosier Jack Land Company, LLC; McDonald )
Farm Holdings, LLC; Sullivan Jack Land )
Company, LLC; Sundance Farms, LLC; )
Herrington Farms, Inc.; Darlene Lee; Irwin )
Farms, Inc.; Stephane Earley; Roberts Farms, )
Inc.; Charles E. Meier; C & M Farms, Inc.; )
Rennegarbe Farms, Inc.; Dustin Fairchild; Dennis )
Long; J. Tom Donnell; JM Campbell Farms, Inc.; )
Charleen Venable; Shelby Farm LLC; St. )
Michaels Farms 1 LLC; St. Michaels Farms LLC; )
Patsy Scott; Guy Teeter Farms; Brick Farms Inc.; )
Rickey Day Farms Partnership; Coffee Creek )
Farms Inc.; E & B Hindsley; Triple G )
Investments LLC; Beau & Shea Farms )
Partnership; Matt & Holly Farms; Scott Day )
Farms; Taylor Day; J&L Farms; Goose Farms, )
Inc.; Jerry McMahan Farms, Inc.; DS Edwards )
Farms; Tuff Acres Farms, Inc.; Jerr Farms, Inc.; )
Dustin Day Farm Partnership; Hayday Farm )
Partnership; Mark Day Farm Partnership; )
Stephen Day Farm Partnership; Ayecok Hill )
Farms; Dinah Ayecok Farms; Jacob Ayecok )
Farms; Optimum Agriculture LLC; Optimum )
Brinkley LLC; Optimum Louisiana LLC; )
Optimum Pine Bluff LLC; Saint Michaels )
Partnership LLC; Higbie Farms GP; L&M )
Holdings LLC; Marrs Farm, Inc.; Marrs Farm, )
LLC; William Marrs II; S & S Farms; Charles )
Leroy Scott; Travis Thomas; Eric K. White; )
James A. Hazelwood; Louise Shafer; Albert K. )
Krause Family Trust; Ann Marie Ament; Krause )
Ag LLC; Mark R. Roskamp; Richard Roskamp; )
James S. Coddington Trust; Barbara Stanley; )

5 of 254

Michael Stanley; Clifford Roberts; Don & Kaye )
Adams Farms Partnership; Stan Adams Farms )
LLC; Parrott Farms, Inc.; Jap Farms; Palsa )
Plantation; Parker Palsa Farm; McClain Farms, )
Inc.; Raymond Harvey Gosch; Bruce Williams; )
Bruce Smidt; Bernard George Schmitz; Ronald )
Eugene Simonton; Brent Reese Collins; Don Rex )
Collins; Michael Petro; Scott Louis Landrey; )
William H. Tomky; Robert Lowell Parker; Dustin )
Charles Parker; Ven-Oka Farms, Inc.; Greg )
Ronald Ebken; Diane Ebken Trust; Ronald Ebken )
Trust; Justin Rindel; Ashley Rindel; J.W. Sanders )
Farms LLC; John William Sanders III; John )
William Sanders; Darrel Dean Janssen; Robert L. )
De Jong; Charles Cummings; Gerald Bradford )
Burke; Marci Burke-Mayall; Robertine Hatton; )
Jesse Thomas Loveless; Lois Stafford Myers; )
Rodney Schlomer; Robert Shane Croslin; David )
Truman Gale; Murdock and Sons, Inc.; James )
Ray Murdock; Nathan Musser; Kyle Murdock; )
A.L. Story, Inc. a/k/a A.L. Story Farms, Inc.; )
Aaron Peterson; Aaron Vilhaur; ABC Farms, )
Inc.; Adam Hunt; Agecy I LLC; Agecy II LLC; )
Ahunt Farm, LLC; Alex Maupin; Alice Gibson; )
Amy Wanous; Andy Scarborough; Armadale )
Farms, Inc.; Arnold Hunt; Austin Hunt; B.T. )
Meredith; Barry R. Vculek; Bea Grissom; )
Belinda Markin; Benjamin Copass; Bill English; )
Brandon Fischer; Braun Joint Venture; Brent )
Neiger; Brett Holler; Brett Peterson; Brian )
Peterson; Bruton Farms LP; Bryce Maher; Bryce )
Miller; Bryce Neiger; C.W. Reed III; Campbell )
Farms Partnership; Carey Nilsson; Carla )
Hoffman; Cathy L. Dernoncourt; Chad )
Fischbach; Chad Haselhorst; Charles Mayberry; )
Chelle & Nate, Inc.; Cherie Medlin Kirby; CJ )
Wientjes Farm Partnership; Claire Haggard )
Zurek; Corby Brown; Curtis Penfield; Cyd T. )
Rahm; Daniel Peterson; Dave Robertson; David )
and Kristen Blasey Joint Venture Partnership; )
David Kasper; David Olen; David Pigors; DDAB )
Farms; Dean Niederbaumer; Dell Farm Inc.; )
Denver Howard Fike Estate; Deuce Farms, Inc.; )
Don Allyson Medlin; Don Branderhorst; Donald )
Olen; Douglas Arnold; Eagle Pass Lodge, Inc.; )
Eagle Pass Ranch, Inc.; EDCO Properties LLC; )

Elizabeth Peacock-Brandes; Emily Koenig; Eric )
Maupin; Ettis Ditto; Four Star Ag; Four-M )
Farms; Frank Zweber, Inc.; G & O Fischbach )
General Partnership; Garrett Rahm; Gary Bruton )
Farms Inc.; Gary D. Murphy II; Gary D. Murphy )
III; Gary Murphy Farms II Partnership; Gary )
Murphy Farms Partnership; Gary Murphy Sr.; )
Gary Pic; Geff Carstens; George Prange Trust; )
Gina Bernard; Glenda Young; Grant Rahm; Greg )
Fischbach; Greg Paschall; Greg Rahm; Gregg )
Mayberry; GT Ag, LLC; H&D Farms; Hamlin )
Farms; Haselhorst Farms Inc.; Heilman Farming )
Inc.; Inel Ryckman; J.B. Partnership; James B. )
Rutledge; James Lee Bishop; James Raulerson; )
James Ted Street; James Thurmond; James W. )
Bernard; James Young; Jane and Charles Primm )
Trust; Jane Neiderbaumer; Janis and Eloy Heier; )
Jared Bossly; Jason Sylte; Jeff Lewke; Jeff Wade; )
Jeffrey Duane Hamilton; Jennifer Moroni; )
Jeremy Koenig; Jesse Young; Jimmy )
Boerschmann; JMJ Farms, LLC; Joe M. Knosby; )
Joe V. Knosby; John L. Vanausdall Testamentary )
Trust; John Prange; John T. Moroni; John )
Wanous; Jon Hoffman; Joseph Bailey Rutledge )
Revocable Trust; Joseph McCarver; Josh Maclin; )
Josh Maclin Farms, LLC; Josie Land & Buffalo )
Company, LLC; Judith Greenley; Judith Schwab; )
Keith Braun; Keith Olson; Kienow Farms, Inc.; )
Kraus-Allbee Trucking, Inc.; Krause-Allbee )
Farming, Inc.; Kurt Hoeft; Kyle Peterson; L )
Braun and S Braun General Partnership; L&L )
Krause, GP; Lance Olen; Larry Hunt; Lee Ann )
Raulerson; Leisha Robertson; Lemond )
Thompson Trust; Lon Lagodinski; Lonnie Dale )
Gibson, Jr.; Lonnie Dale Gibson, Sr.; Louise )
Wright; Loveland Farms, LLC; Lynnette Gibson; )
Maclin Farms LLC; MAD Farms, GP; Maher )
Farms, Inc.; Malisssa Peacock; Marie Magdalene )
Lagodinski; Mark Bossly; Mark Haines; Marlin )
Nilsson; Mary B. Gilmore; Melvin Low; Mike )
Petersen; MMH Grains Inc.; Monte Petersen; )
Nancy Moroni; Nathan Hoeft; Neil Larson; Nelda )
Mungle; NJ Braun Farms General Partnership; )
Noel Byron Medlin; Olen Brothers Partnership; )
Orin Andrew Ambrose IV; Owen Fischbach; )
Paragon GP; Patrick C. Bowar; Paul Anderson; )

Paul Larson; Paul Maclin; Paul Niederbaumer;     )
Pauli Farms, Inc.; Peck Planting LLC; Pembrook     )
Hutterian Bretheren, Inc.; R. Shepherd Morris,     )
Sr.; R.A. Reed; Rahm Farm, Inc.; Randall     )
Greenley; Randy & Ronnie Hunt Partnership;     )
Randy C. Moroni; Randy Kienow; Reid Farms;     )
Reynold Farms Limited Partnership; Rhonda     )
Nilsson; Rich Strasburg Farms, Inc.; Richard     )
Keating; Richland Partnership; Rick Rozell;     )
Rickie Lee Reno; Ringo Farms, Inc.; RL Ward Jr.     )
Res. Trust; Robert Braasch; Robert C. Joplin     )
Trust; Robert Landeis; Robert Landrigan; Robert     )
Sparling; Robin Vculek; Roger Larsen; Roger     )
Pic; Roger Smith; Roger VanAusdall III; Roger     )
VanAusdall Jr.; Ronald and Debbie Dell; Ronald     )
Anderson; Rose K. Richardson; Roy Edward     )
Reno; Russell Howard; Ryan Weigel; Ryckman     )
Farms, Inc.; Samuel J. Braun; Sarah E. Rutledge;     )
Scott A. Bierman; Scott Rozell; Sethenia English;     )
Sharon A. Braun; Shawn Maclin Farms; Shawn     )
Maclin Farms LLC; Sheila Moroni; Shelby Farms     )
Partnership; Sheldon Schwab; Sherwin Schwab;     )
Shirley Moroni; SLS Farms; South Shore, Inc.;     )
Sparling River Farms; Stanley Craig Sutton;     )
Steve Munger; Steve Reid; Strasburg, Inc.; Stuck,     )
Inc.; Stucks Joint Venture; Sutton & Thurmond,     )
LLC; Sylte Brothers Partnership; Sylte Farms     )
Partnership; T & S Farms Partnership; T&G     )
Fischbach; The Joella Moore Revocable Living     )
Trust; The Margaret Moore Thurmond Family     )
Trust d/b/a Jimarty Trust; Thomas Meyer;     )
Thurmond Farms, Inc.; Tim Borge; Tim Heilman;     )
Timothy Kasper; Tom Fischbach; Tony     )
Scarborough; Tracy Lewke; Trent Haggard;     )
Trishia Haines; Troy A. Bierman; Tuszka     )
Partnership; Vanderwal Livestock, Inc.; Victor     )
Lagodinski; Virginia Kimsey; Virginia Sue Bader     )
Vanausdall; W&J Young Farms; Wesley R.     )
Moroni; Whiskey Creek Arkansas; Whiskey     )
Creek Partnership; Wiedebush & Roberts     )
Partnership; Wiedebush Ag, Inc.; Wiedebush     )
Real Estate Limited Partnership; William E.     )
Moroni; Wolf Island Farms, Inc.; Young Real     )
Estate; James Alan Hood; Seth Phillip Myers;     )
Nathan Vermeer; Ken and Debra Woitaszewski,     )
Inc.; Dromedary Farm Trust; Dean R. Shafer;     )

Donald Pieper; Doyle Stafford; Gerald Rex )
Stroud; Douglas A. Blankenship; Scott and )
Autumn Farms; Kory Mitchell; Best Farms, Inc.; )
Wayne Bothel; Lance Shafer; Christopher Patrick )
Collins; Randy Pruitt; Michael Harmon; Sport )
Wade Inc.; Gary Armknecht; Larry Ashworth; )
Estate of William Block; Christina Terrell Block; )
Carla Jean Block; Cheryl Jane Block; Camille )
Schardon; Camille B. Schardon Funnel Trust; )
Marilyn Barkett; Marilyn B. Barkett Funnel )
Trust; LeRoy Bowman; LeRoy C. Bowman )
Living Trust; Kimberly Bowman; Kimberly )
Bowman Living Trust; CB Heirs Partnership; )
Carpenter Farms Partnership; LC Hill Heirs; BF )
Hill Heirs; Lee Bowman, Jr.; Charles Scott Jr.; )
Charles R. Scott Jr. and Kimberly A. Scott, )
Trustees of the Scott Family Trust; Colleen )
Flaker; Colleen S. Flaker, Trustee of The Colleen )
S. Flaker Revocable Trust Agreement; Loleta )
Scott; Loleta C Scott Revocable Living Trust )
Agreement; Bruce Erdman; Randy Fanning; Joe )
Fischer Trust; Charles Keller; Leever Land and )
Cattle Co.; Mike Leever; Craig Maas; Maas )
Farming Corporation; M&M Real Estate, LLC; )
Gerald Milo (d/b/a S&M Farms); DSL Farms, )
Inc; Larry G. Porter; Mark Schrage; Dolores )
Teresa Schulte Sullivan Testamentary Trust; )
Sally   Sullivan   Revocable   Trust;   Harold )
Steinberg; BRS Farms Inc.; Brian Stoberl; Stoberl )
Farms Ltd.; Brad Sutton; Sutton Farms LLC; )
Randy Sutton; Ralph D Waddington; Vann )
Wooten; Tabatha Wooten; Ronald Campton; )
John Ellingson; Kenneth Ripley; PBP Farms; )
Thomas Tonner; Tom Sanders (d/b/a Tom )
Sanders Farm); Michael Bernard Farms LLC; Jeff )
Bell; Christopher Brown; Chris Mehrle; Mehrle )
Farms Inc.; David Robertson; Ed Robertson; )
Jeffrey Todd; Maco Construction, Inc.; William )
M. Todd and Ann M Todd JT Trust; Jeff Todd )
Estate; Todd Brothers; Treasure Todd; Melba )
Todd; Patricia Banks; Max Tyler Trevathan; )
Laura Trevathan; Bryan Keith Waldrop; Fred )
Timothy Donaldson, Jr.; Revels &  Sons Farm, )
LLC; Kenneth Watkins Farms; Kevin Milhouse; )
Looney Farms, LLC; Daffaine Shannon; Arthur )
L. Shannon; Blanche P. Jones; Willie D. Reese; )

LeRodd Shannon; William Brown; Tevin )
Shannon; Lue Ella Shannon; Dorothy J. Surles; )
Debra Shannon; Lynda Rudolph; Dizzie D. )
Maull; Bitto Farms; Claude Counts; Daritta D. )
Shannon; Elishia Woods; Samuel Prim, dba )
Gordon Planting Company; Letson Brother's )
Farm; Carl M. Letson, Jr.; Ben Raby Farms; D & )
G Farms, LLC; Juston Billingsley; Darrell )
McCrillis; M.H. Bitely Partnership; Bufford )
Farms; BTC Farms; Lex Goble & Sons; Louis )
Biagioni; Brian Dickey; Clark Dickey & Sons, )
Inc.; Danny Dickey; Creek Joint Ventures, LLC; )
Dickey Joint Ventures, LLC; Devin Dickey; Matt )
Newman; Box W Inc.; Lamac LTD; Penny Ranch )
Partnership; Penny Farms, Inc.; GWP Family, )
LLC; Kevin Penny; Greg Penny; Gary Penny; )
Dorothy Penny; Steve Cecil; Erker Farms; Jerry )
Brenner; Sean Brenner; Donald Graham; Gary )
Conklin; Conklin Farms; Conklin Farm Trust & )
Partners; Gerald Todd; Brandon Hartsfield; Brian )
K. Morris; DW Farms, LLC; Chambless Farms )
Inc.; Showtime Farms-GP; Larry Brantley; Clark )
Farms; M & J Farms Partnership; Michael )
Womack Farms; M & S Roberts Farms, LLC; )
Roberts Brothers Farms, Inc.; Robert Moore, Jr.; )
Williams Farms, LLC; Hooks Farming; )
Katherine Claar; Linda Midcap; Stephen Scott )
Farm, LLC; Waldo R. Scott; Ludwigs Farms; )
Faulkner Land & Livestock; David Steward; )
Edwin D. Summers; Harold Erlenbach; James )
Edward Wisslead; Ma RyKa of Ashton, Inc.; Am )
Shar of Ashton, Inc.; John Undesser; Josh )
Adkins; Roberts Farms, Inc.; Michael Kenady; )
Patricia Christensen; Patrick Morris; Phillip )
Vock; Fargher Farms; Michael Salm; Robert )
Carson; Duane Dahlman; John Inness Farm; )
William Seitz; Daryl Bollmeier; Don Campbell; )
Monte Clevenger; John Ebersole; Steven Ewing; )
Greg Fargher; Michael Gastel; Edward Gastel; )
Andrew Gastel; Jimmy Halcomb; Donald )
Rothzen; Ronald Rothzen; Stice Farms; Kenneth )
Wenzel; Dennis Kagel - Trustee Roy F. Kagel )
Trust; Mace Hankins; Dressler Brothers Farm; )
Thurston Brothers Farm; John Millman; Richard )
Mocker; LeNore Tebo; Stauffenberg Farms; )
Brian Evans; Pristine Acres; Chad E. Lauer; )

Poore Farms; David Gunning; Jack Buck Farms;  )
James Benham; Jason Coon; Decker Farms;  )
Kember Kuhn; Kevin Kuhn; Vernon Brook  )
Angus; Larry Burnett; Marc Laudeman; Mark  )
Martin; Stone Farms, Inc.; Michael D. Devore;  )
Robert D. Dawson; Robert Halt Farm; Ryan  )
Clark; Kimbrough Farms , Inc.; William David  )
Devore; Andrew & Annette Morris; Oak Ridge  )
Farm, Inc.; Scott Graf; Jason Owens; Bales  )
Farms; Mary Cox; Phyllis J. Emerson; Neil  )
Singleton; Jennifer Trusty; Kevin Sills Farms,  )
Inc.; Dale Steele; Danner Farms, Inc.; Mateer  )
Farms - Brian and Darrell; Walker Farming;  )
Doug Tinnes; Duane Hilyard; Gary Stearns  )
Farms; Jason Reed; K & J Brabec Farm Co.;  )
Kevin Barz; Keerbs Farms LLC; Pork Park;  )
Melvin Noe; Norman Andreas; Rebecca Bohde;  )
Ricky Burdine; Kassmeyer Farms; Dietz Bros.; S  )
C Farms; Steve Martens; Tim  Bowers; Tanner  )
Farms, Inc.; Troy Benjegerdes; Virgil Crouch;  )
William R. Keel; Leon Benjegerdes; John Foels;  )
Scott A. Amosson; David Kanne d/b/a Kanne  )
Bros; Pryor Farms, Inc.; F & M Roling Farms,  )
Inc.; Leslie Parker, IV; Lagracia & Sons, Inc.;  )
Larry Angstead; Derek Anthofer; Brian Kane;  )
Harvest Hills, Inc.; Manco Farms, Inc; Adam  )
Manternach;    Brico    Farms,    Inc.;    Craig  )
Manternach; Jay Manternach; Kenny Nachtman;  )
Kathleen Solie; Adam Swanger Farms; Justin  )
Vorwald; Craing Baarda; Steven Brumley; Barry  )
Cornish; Dan  Dawley; Philip Dehli; Clinton  )
Frana; Andrew Frascht; Jeffrey Fritz; Ronald  )
Gerlt; James B. Grimm; Kevin Hadley Agency;  )
Park Farms, Inc.; Helen Kruse; Middlebrook  )
Farms; BKO AG Inc. c/o Cartersville; Bradley  )
Oeltjenbrun c/o Cartersville Elevator; Randell P.  )
Pryor; Adam R. Pryor; Aaron J. Pryor; Gold Mine  )
Acres, LLC; Allen Steward; Theis Century Farm;  )
Dale  Voss; Gary and Sheryl Weiner; Vincent  )
Kanne d/b/a Kanne Bros; Darrell Robinson; Dan  )
Johnson; Brian Sansgaard; Tim Dieters; David  )
Rydstrom; Wade Wiese; Thompson Brothers;  )
Tim Bredensteiner; Chris Bruna; Curt Porter;  )
Gary  Briggs;  Jeff  Clark;  Mike  McDaniel;  )
Pleasant Spring Farm, Inc.; Josh Hucke; Paul F.  )
Burk  Living  Trust;  Terry  Rottinghaus;  Todd  )

11 of 254

Rottinghaus; Brandon Kemper; Darwin Heard; )
Delbert Rutter; Jack Gant; Larry Manning; Philip )
Newton; Jared Litchfield; Wright Farms; )
Greyling Crowley; Wayne Dobson; James )
Robertson; Mackey Ward; 55-B, LLC; Kevin )
Banks; Jerry Botley; Charles R. Yerby; Country )
Heritage Partnership; Dobbins Cattle Co.; Dale )
Dunlap; Paula Putman; Duncan Butler, Jr.; )
Sprague Farms; Joseph Vohwinkle; Gruber )
Farms, LLC; Phillip C. Curtis, Jr.; Robert Reese; )
Richard L. Burtch; Meyer Dairy; Rising View )
Farms; Fenner Farm, LLC; Michael S. )
Moeggenberg; Philip A. DuFour; Elbert & Chrise )
Esckelson; Dolphie Eisenhohr; Gro-Green )
Acres/Farms; Timothy Ebenhoeh; Lance Albie )
Wendinger Farm; Alvin Boomgaarden; David )
Holst; David Dingmann Farm; Dean Nuszloch; )
Douglas Pohlman; Gene Tapp; Harold )
Laudenbach; Jack Boomgaarden; James )
McNally; Jeffrey L. Jessen; Jeffrey and Eunice )
Boerboom; Jerome E. Bruns; John Schieck; )
Lanny Kiecker; Hoffbeck Holsteins, Inc.; Mark )
Motl; Michael Theisen; Perry Loewe; Tyler )
Graff; Virgil Moeller; Richard Linscheid; )
Brendan Akerman; Andrew Alme; Ken Chlan; )
Sunset Acres; Roman Huiras, Jr.; Richard )
Kreidermacher; Ricke Farms; Shirley Botker; )
Ross Carlson; Mark Clark; Sam Fenstra; Patricia )
Hahn; Franklin Hahn; Michael Hansen; Janice )
Hansen; Sterling Larson; Steve Mandelko; Larry )
Miller; Myron Reiman; SS Farms of Freeborn )
County; Jerry Thompson; Waldo Farm; Virgil )
Wilde; Enstad Brothers; Mark O. Sletta; Michael )
Grannes; Theron Gjersvik; Cliff Thompson; )
Loren Norgaard; Pittman Farms, Inc.; Teoc & )
Co., Inc., Longshot Planting Company; Potluck )
Farms; J&J Farms Partnership; Edward's Farms )
Corp.; Balegrade PLT. Co.; Levee View Planting )
Co.; Humber Brothers; Adam Blaue; Prussman )
Farms; E. Lemings Farms; Ray & Gary Machens )
Farms, Inc.; Judy Hays; Keith Emmons Sr., )
Farms; Kirby Clark; Frazier Farms; Robert )
Gruender; William Placke; Farley Point Farms; )
Patricia A. Goodbrake Trust; John Hall; Kuenzel )
Farms, LLC; Mid River Valley Farms, LLC; Jeff )
Goodbrake; Gabe Hayes; Prestidge Farms II; )

Richard Lanier; Richard Lanier, Jr.; William )
Lanier; Wilson Farms, Inc; Eric Geiger; Alan )
Hilt; Douglas Kloepping; Harold Moragec; )
Kendall Kratochvil; LeRoy Wilson; Michael )
Langan; Orville Himmelberg; Paul Rice; Robert )
F. Biel; Hector Farms; Ryan Johnson; Brenneis )
Brothers; William Keep; Ronald K. Nelson; )
James Childers; Randall Fendrich; Verdell Koch; )
Rodney Ebke; Daniel Gubbels; Chris Beaver; )
Brown Brothers Farms, Inc.; Allen S.Deen; Carl )
Stewart, Jr.; Brian Maynor; Wakulla Farms, LLC; )
Rawls Farm; Scrappy Hall Farming; Riggs Pork )
Farm, Inc.; Grady Jr. Lowery; Whaleys Farms; )
James Carey Brixey; Gillette Farms; Buie Family )
Farms Partnership; Cummings Farm; Lucas )
Richard; Simmons Farm; Wilkins & Son Farm; )
Randall W. Greene; Shoeheel Farms, GP; Shady )
Lane Farms, Inc.; Kallam Farms; Maynor Farms, )
LLC; Fennell Farms, Inc.; Mayer Agri- )
Equipment; Oxendine Farm; Adrian Locklear; EJ )
Price Farms; Harris Farms, LLC; Jackie Mims; )
Gerald Strickland; Terry Breyberry; Harris )
Farms; Ronald Strickland Farm; Christopher )
Gelnn Riverbank; K&J Farms, LLC; Alston )
Spruill Farms, LLC; Dan Wilson Farms; )
Buckhorn Farms; Jack Leggette Farms; Darren )
Ptacek Farms; Randy A. Wilson Farm; Joe )
Miller; Mark Kloster Farms Incorp.; Micky Doll; )
Sandy Just; Lyle J. Olson, LLC; David K. )
Osowski & Sons, Inc.; Kristen Schepp; John and )
Karen Brayton; Michael Guenthner; Anderson )
Grain Farm; Aaron Lemaster; Alan Spracklen; )
Clyde Stump; Dan Warnecke Farms; Lamar )
Spracklen Partners, Ltd.; James Berger; Josh )
Barclay; Kent Campbell; Baudendistel Farms; )
Lindsay Sprang; Lonnie Barclay; Mark Thordsen )
Farm; Feichter Farms; Thaddeus Haines; Brian )
Rennecker; Larry Walker Family Farms, LLC; )
Piper Farms; William Bowe; Seimer Land & )
Cattle Co. Ltd.; Guided-Path Farms; James )
Neuburger; River View Farms; William J. Bair )
Farms; Carlyle Price; Justin Price Farms; Armon )
Zens; Golden West Farm/Hawks Herefords; )
James Hauser; Madsen Farms, LLC; Larry )
Bowar; Krause Farms; Douglas J. Ellison Farms; )
James Prasek and family; Robert Steffen; Devan )

Voller; Phillip Burmeister; Douglas Feten; Tim )
Tiede; Walker's Dairy Farm; Drew McClanahan; )
Fullen Ag Company and Central Planting )
Company; Al Cerny; HDRN Farms, Inc.; Ricky )
Rector; Recoop Farms; C & W Farms, LLC; )
Brent and Heather Scoggins Partnership; Morris )
Wilkins; Karla Silhan; Griffith  Custon Meats; )
Leeds Town Farms, LLC; Diggs Bros.; Wesley )
Dellinger; Donald Butcher; Federal Hill Farm, )
Inc.; Bahl Farms; Vosberg Farms, Inc.; Larry and )
Diane White; Gitzlaff Farms, Inc.; Bruchs Farm, )
Inc; Ron Weisenbeck Farms; Royce Wallenhorst; )
Gail Everson; James Radtke; Spring Creeks )
Cattle Company; Pat Uchytil Farms; Mrs. Terry )
Weis; Jeffrey Burns; Harry Erickson; William )
Fechter; Jeff Frie; Gorder Farms; Daniel )
Guenther; Dean & Glenda Farm; Joseph Matz; )
Thomas and Susan Milliren; Harvest Acres; Lynn )
Rabe; John Rinker; W. S. Roberts & Sons, Inc.; )
Bill Seeger; Jim Udelhoven; Dale Young; )
William Olson; Steve Redfearn; Tony Posta; )
Keith Liddicoat; Goolsby Farms; Duke Farms; )
Evans Planting Company; Andrew T. Parker; BC )
Farms; Braden Schaal; BW Farms; Heebner )
Farms  Partnership; Heebner Farms; Riverview )
Plantation, Inc.; Carlon Poore Farms; Charles )
Melza Rooks; Christopher Keith Mathis; Foxtrap )
Planting Company, LLC; Delta's Edge Planting )
Company;  White  Brothers;  Clinton  Dodson; )
Clyde Schaal; Connell Farms; Dan and Kylee )
Miltenberger; Darin Dickey; Myers Farms; DDS )
Farms; Donald Beeck; Davis Brothers Farms, )
Inc.; Donald Davis; D&E Partnership; Fulgham )
Farms; Douglas Smith; Moore Brothers Ag, Inc.; )
Franklin Edwards; Gary Tiegs; Andrews Farms; )
Gilliland Farms; Warren Farming Co., Inc.; WF )
Partnership;  Griffith  Agricultrual  Corporation; )
Greg Whitaker; Gregory James; H. Allen Wooten )
d/b/a Wooton Farming & Sod; Jack's Trucking, )
Inc.; Two Jacks Farms; Swan Lake Farm; J.G. )
Flautt Farms; James Milton GIllette; M&J Farms; )
Murphree Seed Farms; Chandler Farming, LLC; )
Chandler Farm, Inc.; Chandler Family Properties, )
LLC;  Chandler  Farming  Partnership;  Jeffrey )
Charles Rooks; Jeffrey Buttram; Dobbins Farm, )
LLC; Thompson Farms; John B. Smith; Bariole )

Farms, Inc.; Johnny Arnold Farms, Inc.; Kent )
Clark Farms, Inc.; Kevin Richardson Farms; )
Leon French; Marlin Stump; Love Farms; )
Michael Bullard; Mike Whitaker; Totelow )
Planting Company; Phil Leisure Farm; Fey )
Farms, Inc.; L&R Moore Farms, Inc.; Robert )
Hansen; RBJ Finnell Farms; Rolfe Ludtke; Rooks )
Farm Service, Inc.; Samuel Faust; Hall Farms, )
Inc.; Thaggard Farms; Williams Farms; )
Longneck Farms, LLC; T & T Farms; K & T )
Planting; Wayne Haines; William Zubrod; Van )
Buren Farms, II, Partnership; Robert Arseneau; )
Christy Aylward; Carlos Bailey; Thomas Becker; )
Carolyn Bellamy; Beryl Biekert; Bruce )
Biermann; Michael Damrau; Garvick's Farms, )
Inc.; Benjamin Fountain; Timothy Dragg; )
CLarice Rubin; Evell Rubin; Carrie Soles; )
Anderson Price; Lindsey Price; Shaudnica Reese; )
Nash Gipson; Tyneshia Hartley; Lateshia Gipson; )
Roger Lewis; Lizzie Crum; Timothy Rubin; )
Deorolenta Farms, Partnership; Penny Grain, )
Inc.; Jonas Cure; Bruce Thompson; LRD Corp.; )
Dan L. Stoner Farms, Inc.; Ray G. Stoner Farms, )
Inc.; Anchor A Farms; Scott May Farms; Ben )
Osborn; Imelda Beringer Trust; Buhler Family )
Farms; Daniel Przysiecki; Glenn R. Rentmeester; )
Robinson Dairy; R & A Farms, Partnership; )
Midland Farms, Inc.; John Freeland; Gary )
Charles Pautler; Pautler Farms Inc.; Pautler )
Brothers; Mary Johnson; Roger Lewis, Jr.; K & )
M Farms; Dean Bernloehr; Kenneth Sendelbach; )
Curtis Baldwin; RIcahrd Carlson; John Bahnsen; )
Ray Bartley c/o Janice C. Oxensine; Arlyn )
Bentson; Brian Abbott; Alan Burdette, Jr.; Rory )
Cahoon; Paul Abens; Michael Ahrendsen; Alan )
H. Jernigan; Christopher Lee Skinner; Jernigan )
Farms; Patrick Danforth; Faith Danforth; )
Neymann Farm Inc.; Kyle Lawrence Kassel; )
Ovetta Melton; Ida Smiley; Robert Smiley; Bell )
Produces; TCD Fruit; Juanita Washington; Willie )
Reese; Neumann Farms, Inc.; Lee Thomas Farm, )
LLC; Marty McLendon; Adam McLendon; R & )
B Farms; VR Adams; Julie R. Lee; Debi )
McLendon; Peyton A. Cook, III; Haley )
McLendon; Terry Danforth; Clayton Danforth; )
Charles Lee Welsh; Michael Alan Wheeler; BTR )

Farms; Michael Bonner; Melmich Farms; Joy P.    )
Bonner; Inez W. Bonner; MEC Farms, Inc.;    )
Wilvern Kenneth Craft, Jr.; T.E.C. Farms, Inc.;    )
C&T, Inc.; Rowena Farms Partnership; Leary    )
Farm Group, LLC; Kenneth and Francis Deese;    )
Bryan Scott Grebel; Melissa M. Jester; Rodney    )
Eugene Joiner; KFG Farms, Inc.; Anthony Lee    )
Smith; Sudderth Farms, Inc.; Faith Farms, Inc.;    )
Greggs Farm; Hattaway Farms PTR; Conner    )
Collins Farms, LLC ; Daniel Morrell Farms, Inc.;    )
James S. Gay; John McLendon  Estate; Larry    )
DeBary; Robert Brazel; Gerald Chapman; Lee    )
Vernon Thomas; Wilbur Harris; Walter Price;    )
Homer F. Snider, Jr.; Jeff A. Snider; Travis    )
Vonderheed; Dale Livingston    )
    )
    )
       Plaintiffs,    )
    )
vs.    )
    )
SYNGENTA AG, SYNGENTA CROP    )
PROTECTION AG, SYNGENTA    )
CORPORATION, SYNGENTA CROP    )
PROTECTION, LLC,    )
SYNGENTA BIOTECHNOLOGY, INC.AND    )
SYNGENTA SEEDS, INC.,    )

      Defendants.

## COMPLAINT

COME NOW the Plaintiffs, by the undersigned attorneys, who bring this action against Defendants Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc. and Syngenta Seeds, Inc., (collectively "Defendants" or "Syngenta") and allege as follows:

## SHORT AND PLAIN STATEMENT OF RELIEF

The Plaintiffs are entitled to the relief they seek from the Defendants because (a) the Defendants prematurely commercialized the genetically modified corn trait at issue, and in so

doing, acted negligently, recklessly, and deceptively, causing harm to the Plaintiffs, and (b) the

Defendants, at the time they acted as alleged, knew of and foresaw the risk to the Plaintiffs from

the acts taken, and that by acting as alleged, the Defendants breached duties that they owed the

Plaintiffs to prevent precisely the harm that occurred.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case under 28 U.S.C. § 1331 and 15 U.S.C. §

1121(a) in that claims are asserted under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2.      Jurisdiction also arises under the Class Action Fairness Act ("CAFA"), 28 U.S.C.

§ 1332(d) because each of the original actions constituted a Mass Action under CAFA.

3.      Plaintiffs do not assert, and expressly disclaim, any claim based on a

misrepresentation, omission, or failure to warn regarding the labeling or packaging of Defendants'

products.  Plaintiffs do not seek to impose or continue in effect any requirements for labeling or

packaging of the Defendants' products as described in the complaint.

4.      There is no complete diversity of citizenship in this case.  Multiple Plaintiffs reside

in the State of Minnesota and are citizens of that state.  Defendant Syngenta Seeds has its principal

place of business in the State of Minnesota and is a citizen of that state, accordingly.  Further,

multiple Plaintiffs reside in the State of North Carolina and are citizens of that state.  Defendants

Syngenta Biotech and Syngenta Crop Protection, LLC have their principal places of business in

the State of North Carolina and are citizens of that state, accordingly.

5.      Multiple other Plaintiffs reside in and are citizens of the State of Illinois.  Multiple

Plaintiffs reside in and are citizens of states which are not contiguous to Illinois.  These non-

contiguous states of citizenship of multiple Plaintiffs include North Carolina, Minnesota, Alabama,

Arkansas, California, Colorado, Florida, Georgia, Idaho, Kansas, Louisiana, Maryland, Michigan,

Mississippi, Nebraska, New Jersey, New York, North Dakota, Ohio, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, and Virginia.

6.    Jurisdiction in this court is appropriate because each Defendant, separately and by acts concerted with the other Defendants, conducts and conducted business within this State and committed tortious acts within this State.  The business and acts the Defendants engage or engaged in in Illinois include, but are not limited to, (a) the promotion and sale of seeds in the state, including by their sales agents, (b) the use of "Syngenta Seed Advisors" to promote their products in the state, (c) the registration of agents for service of process in Illinois, (d) the maintenance of physical facilities in Illinois to make, promote, and sell products inside the state and outside it, and (e) field testing the genetically-modified corn trait at issue.  Each instance of such business and acts in Illinois constitutes purposeful availment by the Defendants of the general commerce of the state and of the farming market specifically, and each such instance was directed by the Defendants to farmers in Illinois.  Each such instance was undertaken by each Defendant for itself and as an agent for the other Defendants.

7.    Upon information and belief, Syngenta Biotech, acting in concert with the other Defendants, and as commanded by Defendant Syngenta AG, was significantly involved in the development and commercialization of the genetically modified corn trait MIR162.  In 2005 and 2006, while it was registered as a foreign corporation with the Illinois Secretary of State, it performed multiple specific acts in Illinois which the Defendants, acting in concert, decided were necessary to commercialize the corn trait.  The commercialization occurred across the U.S. and was undertaken by the Defendants acting in concert as commanded by Defendant Syngenta AG.

8.    Specifically, in 2005 and 2006, Syngenta Biotech field tested in Illinois genetically modified corn trait MIR162 which is used in both Agrisure VIPTERA® ("VIPTERA") corn and

Agrisure DURACADE™ ("DURACADE") corn.  Syngenta Biotech performed far more of these field tests in Illinois than in any other state -- three times as many than in other state.  It did so under permits issued by or notifications to, and made application for deregulation by, the United States Department of Agriculture ("USDA").  The field tests, as decided by the Defendants in concert, and as commanded by Defendant Syngenta AG, were necessary to commercialize the corn trait across the U.S., including in the states where the Plaintiffs were harmed.  Accordingly, the field tests performed by the Defendants in Illinois specifically relate to all the claims made in this case.

9.     Multiple Plaintiffs, including Michael's Grain Farm, Inc., are residents of and/or farm in the counties over which this Court presides.

10.     The tortious acts alleged in this Complaint occurred in pertinent part in Illinois, in counties of the state including Madison County, and also in the states of citizenship of the multiple Plaintiffs who reside in and are citizens of Alabama, Arkansas, California, Colorado, Florida, Georgia, Idaho, Iowa, Indiana, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia and Wisconsin, which are the states of citizenship of multiple Plaintiffs.

11.     Venue is proper in the Southern District of Illinois under 28 U.S.C. § 1391(b)(1) and (2). All Defendants are residents of that district under 28 U.S.C. § 1391(c)(2) in that they each are entities subject to that court's personal jurisdiction. Additionally, Defendants Syngenta AG and Crop Protection AG may be sued in any judicial district, including the Southern District of Illinois, under 28 U.S.C. § 1391(c)(3).

## PLAINTIFFS

12.     Michael's Grain Farm, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Madison and Marion Counties, Illinois

13.     Fred Timothy Donaldson, Jr. is a resident of Coffee County, Alabama.  Plaintiff maintains a farm and farms corn in Covington and Coffee Counties, Alabama.

14.     Kevin Milhouse is a resident of Wilcox County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

15.     Daffaine Shannon is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

16.     Arthur L. Shannon is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

17.     Blanche P. Jones is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

18.     Willie D. Reese is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

19.     LeRodd Shannon is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

20.     William Brown is a resident of Lowndes County, Alabama.  Plaintiff maintains a farm and farms corn in Lowndes County, Alabama.

21.     Tevin Shannon is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

22.     Lue Ella Shannon is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

23.     Dorothy J. Surles is a resident of Lowndes County, Alabama.  Plaintiff maintains a

farm and farms corn in Lowndes County, Alabama.

24.    Debra Shannon is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

25.    Lynda Rudolph is a resident of Lowndes County, Alabama.  Plaintiff maintains a farm and farms corn in Lowndes County, Alabama.

26.    Dizzie D. Maull is a resident of Lowndes County, Alabama.  Plaintiff maintains a farm and farms corn in Lowndes County, Alabama.

27.    Bitto Farms is a resident of Baldwin County, Alabama.  Plaintiff maintains a farm and farms corn in Baldwin County, Alabama.

28.    Claude Counts is a resident of Colbert County, Alabama.  Plaintiff maintains a farm and farms corn in Colbert County, Alabama.

29.    Daritta D. Shannon is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

30.    Elishia Woods is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

31.    Samuel Prim, dba Gordon Planting Company is a resident of Houston County, Alabama.  Plaintiff maintains a farm and farms corn in Houston County, Alabama.

32.    Carl M. Letson, Jr. is a resident of Lawrence County, Alabama.  Plaintiff maintains a farm and farms corn in Lawrence County, Alabama.

33.    Ben Raby Farms is a resident of Madison County, Alabama.  Plaintiff maintains a farm and farms corn in Limestone and Madison Counties, Alabama.

34.    D & G Farms, LLC is a resident of Barbour County, Alabama.  Plaintiff maintains a farm and farms corn in Barbour County, Alabama.

35.     Juston Billingsley is a resident of Lee County, Arkansas.  Plaintiff maintains a farm and farms corn in Lee County, Arkansas.

36.     Darrell McCrillis is a resident of Clay County, Arkansas.  Plaintiff maintains a farm and farms corn in Clay County, Arkansas.

37.     Louis Biagioni is a resident of Sacramento County, California.  Plaintiff maintains a farm and farms corn in Sacramento and Yuma Counties, California.

38.     Brian Dickey is a resident of Cheyenne County, Colorado.  Plaintiff maintains a farm and farms corn in Kiowa, Kit Carson, and Cheyenne Counties, Colorado.

39.     Danny Dickey is a resident of Cheyenne County, Colorado.  Plaintiff maintains a farm and farms corn in Kiowa, Kit Carson, and Cheyenne Counties, Colorado.

40.     Devin Dickey is a resident of Cheyenne County, Colorado.  Plaintiff maintains a farm and farms corn in Kiowa, Kit Carson, and Cheyenne Counties, Colorado.

41.     Matt Newman is a resident of Phillips County, Colorado.  Plaintiff maintains a farm and farms corn in Phillips County, Colorado.

42.     Kevin Penny is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

43.     Greg Penny is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

44.     Gary Penny is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

45.     Dorothy Penny is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

46.     Steve Cecil is a resident of Morgan County, Colorado.  Plaintiff maintains a farm

and farms corn in Morgan County, Colorado.

47.    Erker Farms is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

48.    Jerry Brenner is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson, Yuma and Adams Counties, Colorado.

49.    Sean Brenner is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson, Yuma and Adams Counties, Colorado.

50.    Donald Graham is a resident of Union County, Florida.  Plaintiff maintains a farm and farms corn in Columbia and Union Counties, Florida.

51.    Gary Conklin is a resident of Sarasota County, Florida.  Plaintiff maintains a farm and farms corn in Sarasota County, Florida.

52.    Conklin Farms is a resident of Sarasota County, Florida.  Plaintiff maintains a farm and farms corn in Sarasota County, Florida.

53.    Gerald Todd is a resident of Lee County, Florida.  Plaintiff maintains a farm and farms corn in Lee County, Florida.

54.    Brandon Hartsfield is a resident of Worth County, Georgia.  Plaintiff maintains a farm and farms corn in Worth County, Georgia.

55.    Brian K. Morris is a resident of Terrell County, Georgia.  Plaintiff maintains a farm and farms corn in Terrell and Calhoun Counties, Georgia.

56.    Larry Brantley is a resident of Jeff Davis County, Georgia.  Plaintiff maintains a farm and farms corn in Jeff Davis County, Georgia.

57.    Clark Farms is a resident of Thomas County, Georgia.  Plaintiff maintains a farm and farms corn in Thomas County, Georgia.

58.    Robert Moore, Jr. is a resident of Randolph County, Georgia.  Plaintiff maintains a farm and farms corn in Randolph County, Georgia.

59.    Hooks Farming is a resident of Emanuel County, Georgia.  Plaintiff maintains a farm and farms corn in Emanuel County, Georgia.

60.    Katherine Claar is a resident of Chatham County, Georgia.  Plaintiff maintains a farm and farms corn in Chatham County, Georgia.

61.    Linda Midcap is a resident of Oconee County, Georgia.  Plaintiff maintains a farm and farms corn in Watkinsville County, Georgia.

62.    Waldo R. Scott is a resident of Early County, Georgia.  Plaintiff maintains a farm and farms corn in Early and Seminole Counties, Georgia.

63.    Marty McLendon is a resident of Calhoun County, Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

64.    Adam McLendon is a resident of Calhoun County, Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

65.    R & B Farms is incorporated in the State of Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

66.    VR Adams is a resident of Calhoun County, Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

67.    Julie R. Lee is a resident of Calhoun County, Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

68.    Debi McLendon is a resident of Calhoun County, Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

69.    Peyton A. Cook, III, is a resident of Calhoun County, Georgia.  Plaintiff maintains

a farm and farms corn in Calhoun County, Georgia.

70.    Haley McLendon is a resident of Calhoun County, Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

71.    David Steward is a resident of DeWitt County, Illinois.  Plaintiff maintains a farm and farms corn in DeWitt and Logan Counties, Illinois.

72.    Edwin D. Summers is a resident of Henry County, Illinois.  Plaintiff maintains a farm and farms corn in Henry County, Illinois.

73.    Harold Erlenbach is a resident of DeKalb County, Illinois.  Plaintiff maintains a farm and farms corn in Dekalb County, Illinois.

74.    James Edward Wisslead is a resident of McDonough County, Illinois.  Plaintiff maintains a farm and farms corn in McDonough County, Illinois.

75.    John Undesser is a resident of Kendall County, Illinois.  Plaintiff maintains a farm and farms corn in Kendal and Kain Counties, Illinois.

76.    Josh Adkins is a resident of Morgan County, Illinois.  Plaintiff maintains a farm and farms corn in Morgan County, Illinois.

77.    Michael Kenady is a resident of Pike County, Illinois.  Plaintiff maintains a farm and farms corn in Pike County, Illinois.

78.    Patricia Christensen is a resident of Grundy County, Illinois.  Plaintiff maintains a farm and farms corn in Grundy County, Illinois.

79.    Patrick Morris is a resident of Boone County, Illinois.  Plaintiff maintains a farm and farms corn in Boone County, Illinois.

80.    Phillip Vock is a resident of Whiteside County, Illinois.  Plaintiff maintains a farm and farms corn in Whiteside County, Illinois.

81.    Fargher Farms is a resident of Henry County, Illinois.  Plaintiff maintains a farm and farms corn in Henry County, Illinois.

82.    Michael Salm is a resident of Kankakee County, Illinois.  Plaintiff maintains a farm and farms corn in Kankakee County, Illinois.

83.    Robert Carson is a resident of Warren County, Illinois.  Plaintiff maintains a farm and farms corn in Warren County, Illinois.

84.    Duane Dahlman is a resident of McHenry County, Illinois.  Plaintiff maintains a farm and farms corn in McHenry County, Illinois.

85.    William Seitz is a resident of Henderson County, Illinois.  Plaintiff maintains a farm and farms corn in Henderson County, Illinois.

86.    Daryl Bollmeier is a resident of Saint  Clair County, Illinois.  Plaintiff maintains a farm and farms corn in Washington County, Illinois.

87.    Don Campbell is a resident of Hancock County, Illinois.  Plaintiff maintains a farm and farms corn in Hancock County, Illinois.

88.    Monte Clevenger is a resident of Macoupin County, Illinois.  Plaintiff maintains a farm and farms corn in Macoupinn County, Illinois.

89.    John Ebersole is a resident of Whiteside County, Illinois.  Plaintiff maintains a farm and farms corn in Whiteside County, Illinois.

90.    Steven Ewing is a resident of Stark County, Illinois.  Plaintiff maintains a farm and farms corn in Stark County, Illinois.

91.    Greg Fargher is a resident of Henry County, Illinois.  Plaintiff maintains a farm and farms corn in Henry County, Illinois.

92.    Michael Gastel is a resident of Stephenson County, Illinois.  Plaintiff maintains a

farm and farms corn in Stephenson County, Illinois.

93.    Edward Gastel is a resident of Stephenson County, Illinois.  Plaintiff maintains a farm and farms corn in Stephenson County, Illinois.

94.    Andrew Gastel is a resident of Stephenson County, Illinois.  Plaintiff maintains a farm and farms corn in Stephenson County, Illinois.

95.    Jimmy Halcomb is a resident of Warren County, Illinois.  Plaintiff maintains a farm and farms corn in Warren County, Illinois.

96.    Donald  Rothzen is a resident of Henderson County, Illinois.  Plaintiff maintains a farm and farms corn in Henderson County, Illinois.

97.    Ronald Rothzen is a resident of Henderson County, Illinois.  Plaintiff maintains a farm and farms corn in Henderson County, Illinois.

98.    Stice Farms is a resident of Scott County, Illinois.  Plaintiff maintains a farm and farms corn in Scott County, Illinois.

99.    Kenneth Wenzel is a resident of LaSalle County, Illinois.  Plaintiff maintains a farm and farms corn in LaSalle County, Illinois.

100.    Mace Hankins is a resident of Saline County, Illinois.  Plaintiff maintains a farm and farms corn in Saline County, Illinois.

101.    John Millman is a resident of Jasper County, Illinois.  Plaintiff maintains a farm and farms corn in Jasper County, Illinois.

102.    Richard Mocker is a resident of Ogle County, Illinois.  Plaintiff maintains a farm and farms corn in Ogle County, Illinois.

103.    LeNore Tebo is a resident of Iroquois County, Illinois.  Plaintiff maintains a farm and farms corn in Iroquois County, Illinois.

104.    Brian Evans is a resident of Ripley County, Indiana.  Plaintiff maintains a farm and farms corn in Ripley County, Indiana.

105.    Chad E. Lauer is a resident of Wabash County, Indiana.  Plaintiff maintains a farm and farms corn in North Manchester County, Indiana.

106.    David Gunning is a resident of Grant County, Indiana.  Plaintiff maintains a farm and farms corn in Grant, Madison and Tipton Counties, Indiana.

107.    James Benham is a resident of Ripley County, Indiana.  Plaintiff maintains a farm and farms corn in Ripley County, Indiana.

108.    Jason Coon is a resident of Montgomery County, Indiana.  Plaintiff maintains a farm and farms corn in Montgomery County, Indiana.

109.    Decker Farms is a resident of Daviess County, Indiana.  Plaintiff maintains a farm and farms corn in Daviess and Knox Counties, Indiana.

110.    Kember Kuhn is a resident of Rush County, Indiana.  Plaintiff maintains a farm and farms corn in Rush County, Indiana.

111.    Kevin Kuhn is a resident of Rush County, Indiana.  Plaintiff maintains a farm and farms corn in Rush County, Indiana.

112.    Vernon Brook Angus is a resident of Wayne County, Indiana.  Plaintiff maintains a farm and farms corn in Wayne County, Indiana.

113.    Larry Burnett is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo County, Indiana.

114.    Marc Laudeman is a resident of Marshall County, Indiana.  Plaintiff maintains a farm and farms corn in Marshall County, Indiana.

115.    Mark Martin is a resident of Posey County, Indiana.  Plaintiff maintains a farm and

farms corn in Posey County, Indiana.

116.    Michael D. Devore is a resident of Grant County, Indiana.  Plaintiff maintains a farm and farms corn in Grant and Howard Counties, Indiana.

117.    Robert D. Dawson is a resident of Newton County, Indiana.  Plaintiff maintains a farm and farms corn in Newton County, Indiana.

118.    Ryan Clark is a resident of Shelby County, Indiana.  Plaintiff maintains a farm and farms corn in Shelby County, Indiana.

119.    William David Devore is a resident of Grant County, Indiana.  Plaintiff maintains a farm and farms corn in Grant and Howard Counties, Indiana.

120.    Andrew & Annette Morris is a resident of Johnson County, Indiana.  Plaintiff maintains a farm and farms corn in Johnson County, Indiana.

121.    Scott Graf is a resident of Jasper County, Indiana.  Plaintiff maintains a farm and farms corn in Jasper County, Indiana.

122.    Jason Owens is a resident of Fulton County, Indiana.  Plaintiff maintains a farm and farms corn in Fulton County, Indiana.

123.    Mary Cox is a resident of Boone County, Indiana.  Plaintiff maintains a farm and farms corn in Boone County, Indiana.

124.    Phyllis J. Emerson is a resident of Allen County, Indiana.  Plaintiff maintains a farm and farms corn in Allen County, Indiana.

125.    Neil Singleton is a resident of Starke County, Indiana.  Plaintiff maintains a farm and farms corn in Starke County, Indiana.

126.    Jennifer Trusty is a resident of Starke County, Indiana.  Plaintiff maintains a farm and farms corn in Starke County, Indiana.

127.    Dale Steele is a resident of Fayette County, Indiana.  Plaintiff maintains a farm and farms corn in Fayette County, Indiana.

128.    Doug Tinnes is a resident of Keokuk County, Iowa.  Plaintiff maintains a farm and farms corn in Washington and Keokuk Counties, Iowa.

129.    Duane Hilyard is a resident of Cass County, Iowa.  Plaintiff maintains a farm and farms corn in Cass County, Iowa.

130.    Jason Reed is a resident of Marion County, Iowa.  Plaintiff maintains a farm and farms corn in Marion County, Iowa.

131.    Kevin Barz is a resident of Franklin County, Iowa.  Plaintiff maintains a farm and farms corn in Franklin County, Iowa.

132.    Melvin Noe is a resident of Benton County, Iowa.  Plaintiff maintains a farm and farms corn in Benton County, Iowa.

133.    Norman Andreas is a resident of Muscatine County, Iowa.  Plaintiff maintains a farm and farms corn in Muscatine County, Iowa.

134.    Rebecca Bohde is a resident of Cedar County, Iowa.  Plaintiff maintains a farm and farms corn in Cedar County, Iowa.

135.    Ricky Burdine is a resident of Carroll County, Iowa.  Plaintiff maintains a farm and farms corn in Carroll County, Iowa.

136.    Steve Martens is a resident of Dallas County, Iowa.  Plaintiff maintains a farm and farms corn in Madison and Dallas Counties, Iowa.

137.    Tim  Bowers is a resident of Page County, Iowa.  Plaintiff maintains a farm and farms corn in Page County, Iowa.

138.    Troy Benjegerdes is a resident of Worth County, Iowa.  Plaintiff maintains a farm

and farms corn in Worth County, Iowa.

139.    Virgil Crouch is a resident of O'Brien County, Iowa.  Plaintiff maintains a farm and farms corn in O'Brien County, Iowa.

140.    William R. Keel is a resident of Winnebago County, Iowa.  Plaintiff maintains a farm and farms corn in Hancock and Winnebago Counties, Iowa.

141.    Leon Benjegerdes is a resident of Cerro Gordo County, Iowa.  Plaintiff maintains a farm and farms corn in Worth County, Iowa.

142.    John Foels is a resident of Allamakee County, Iowa.  Plaintiff maintains a farm and farms corn in Allamakee County, Iowa.

143.    Scott A. Amosson is a resident of Cerro Gordo County, Iowa.  Plaintiff maintains a farm and farms corn in Cerro Gordo County, Iowa.

144.    Leslie Parker, IV is a resident of Chickasaw County, Iowa.  Plaintiff maintains a farm and farms corn in Chickasaw and Bremer Counties, Iowa.

145.    Larry Angstead is a resident of Jefferson County, Iowa.  Plaintiff maintains a farm and farms corn in Jefferson County, Iowa.

146.    Derek Anthofer is a resident of Carroll County, Iowa.  Plaintiff maintains a farm and farms corn in Carroll County, Iowa.

147.    Brian Kane is a resident of Dickinson County, Iowa.  Plaintiff maintains a farm and farms corn in Clay County, Iowa.

148.    Adam Manternach is a resident of Jones County, Iowa.  Plaintiff maintains a farm and farms corn in Jones County, Iowa.

149.    Craig Manternach is a resident of Jones County, Iowa.  Plaintiff maintains a farm and farms corn in Jones County, Iowa.

150.    Jay Manternach is a resident of Jones County, Iowa.  Plaintiff maintains a farm and farms corn in Jones County, Iowa.

151.    Kenny Nachtman is a resident of Delaware County, Iowa.  Plaintiff maintains a farm and farms corn in Delaware County, Iowa.

152.    Kathleen Solie is a resident of Scott County, Iowa.  Plaintiff maintains a farm and farms corn in Scott County, Iowa.

153.    Justin Vorwald is a resident of Dubuque County, Iowa.  Plaintiff maintains a farm and farms corn in Dubuque County, Iowa.

154.    Craing Baarda is a resident of Poweshiek County, Iowa.  Plaintiff maintains a farm and farms corn in Poweshiek and Jasper Counties, Iowa.

155.    Steven Brumley is a resident of Pottawattamie County, Iowa.  Plaintiff maintains a farm and farms corn in Pottawattamie County, Iowa.

156.    Barry Cornish is a resident of Sioux County, Iowa.  Plaintiff maintains a farm and farms corn in Sioux County, Iowa.

157.    Dan Dawley is a resident of Poweshiek County, Iowa.  Plaintiff maintains a farm and farms corn in Poweshiek County, Iowa.

158.    Philip Dehli is a resident of Allamakee County, Iowa.  Plaintiff maintains a farm and farms corn in Allamakee County, Iowa.

159.    Clinton Frana is a resident of Winneshiek County, Iowa.  Plaintiff maintains a farm and farms corn in Winneshiek County, Iowa.

160.    Andrew Frascht is a resident of Cerro Gordo, Iowa.  Plaintiff maintains a farm and farms corn in Cerro Gordo County, Iowa.

161.    Jeffrey Fritz is a resident of Des Moines County, Iowa.  Plaintiff maintains a farm

and farms corn in Des Moines County, Iowa.

162.    Ronald Gerlt is a resident of Mills County, Iowa.  Plaintiff maintains a farm and farms corn in Mills County, Iowa.

163.    James B. Grimm is a resident of Fayette County, Iowa.  Plaintiff maintains a farm and farms corn in Fayette County, Iowa.

164.    Helen Kruse is a resident of Scott County, Iowa.  Plaintiff maintains a farm and farms corn in Scott County, Iowa.

165.    Bradley Oeltjenbrun c/o Cartersville Elevator is a resident of Cerro Gordo County, Iowa.  Plaintiff maintains a farm and farms corn in Cerro Gordo County, Iowa.

166.    Randell P. Pryor is a resident of Harrison County, Iowa.  Plaintiff maintains a farm and farms corn in Harrison County, Iowa.

167.    Adam R. Pryor is a resident of Harrison County, Iowa.  Plaintiff maintains a farm and farms corn in Harrison County, Iowa.

168.    Aaron J. Pryor is a resident of Harrison County, Iowa.  Plaintiff maintains a farm and farms corn in Harrison County, Iowa.

169.    Allen Steward is a resident of Adair County, Iowa.  Plaintiff maintains a farm and farms corn in Adair County, Iowa.

170.    Dale Voss is a resident of Sioux County, Iowa.  Plaintiff maintains a farm and farms corn in Sioux County, Iowa.

171.    Gary and Sheryl Weiner is a resident of Cerro Gordo, Iowa.  Plaintiff maintains a farm and farms corn in Cerro Gordo County, Iowa.

172.    Darrell Robinson is a resident of Bremer County, Iowa.  Plaintiff maintains a farm and farms corn in Bremer County, Iowa.

173.    Dan Johnson is a resident of Butler County, Iowa.  Plaintiff maintains a farm and farms corn in Butler County, Iowa.

174.    Brian Sansgaard is a resident of Story County, Iowa.  Plaintiff maintains a farm and farms corn in Story County, Iowa.

175.    Tim Dieters is a resident of Wapello County, Iowa.  Plaintiff maintains a farm and farms corn in Wapello County, Iowa.

176.    David Rydstrom is a resident of Buena Vista County, Iowa.  Plaintiff maintains a farm and farms corn in Buena Vista County, Iowa.

177.    Wade Wiese is a resident of Butler County, Iowa.  Plaintiff maintains a farm and farms corn in Butler County, Iowa.

178.    Tim Bredensteiner is a resident of Freemont County, Iowa.  Plaintiff maintains a farm and farms corn in Page County, Iowa.

179.    Chris Bruna is a resident of Washington County, Kansas.  Plaintiff maintains a farm and farms corn in Washington County, Kansas.

180.    Curt Porter is a resident of Anderson County, Kansas.  Plaintiff maintains a farm and farms corn in Anderson County, Kansas.

181.    Gary Briggs is a resident of Anderson County, Kansas.  Plaintiff maintains a farm and farms corn in Allen and Anderson Counties, Kansas.

182.    Jeff Clark is a resident of Cherokee County, Kansas.  Plaintiff maintains a farm and farms corn in Cherokee County, Kansas.

183.    Mike McDaniel is a resident of Thomas County, Kansas.  Plaintiff maintains a farm and farms corn in Thomas County, Kansas.

184.    Josh Hucke is a resident of Labette County, Kansas.  Plaintiff maintains a farm and

farms corn in Labette County, Kansas.

185.    Terry Rottinghaus is a resident of Marshall County, Kansas.  Plaintiff maintains a farm and farms corn in Marshall County, Kansas.

186.    Todd Rottinghaus is a resident of Marshall County, Kansas.  Plaintiff maintains a farm and farms corn in Marshall County, Kansas.

187.    Brandon Kemper is a resident of Owen County, Kentucky.  Plaintiff maintains a farm and farms corn in Owen County, Kentucky.

188.    Darwin Heard is a resident of Butler County, Kentucky.  Plaintiff maintains a farm and farms corn in Butler County, Kentucky.

189.    Delbert Rutter is a resident of Grayson County, Kentucky.  Plaintiff maintains a farm and farms corn in Leitchfield County, Kentucky.

190.    Jack Gant is a resident of Todd County, Kentucky.  Plaintiff maintains a farm and farms corn in Todd, Christian and Muhlenberg Counties, Kentucky.

191.    Larry Manning is a resident of Mason County, Kentucky.  Plaintiff maintains a farm and farms corn in Mason County, Kentucky.

192.    Philip Newton is a resident of Estill County, Kentucky.  Plaintiff maintains a farm and farms corn in Estill County, Kentucky.

193.    Jared Litchfield is a resident of Trigg County, Kentucky.  Plaintiff maintains a farm and farms corn in Trigg County, Kentucky.

194.    Greyling Crowley is a resident of Hopkins County, Kentucky.  Plaintiff maintains a farm and farms corn in Hopkins County, Kentucky.

195.    Wayne Dobson is a resident of Larue County, Kentucky.  Plaintiff maintains a farm and farms corn in Larue County, Kentucky.

196.   James  Robertson is a resident of Logan County, Kentucky.  Plaintiff maintains a farm and farms corn in Logan County, Kentucky.

197.   Mackey Ward is a resident of Graves County, Kentucky.  Plaintiff maintains a farm and farms corn in Graves County, Kentucky.

198.   Kevin Banks is a resident of Franklin County, Louisiana.  Plaintiff maintains a farm and farms corn in Franklin County, Louisiana.

199.   Jerry Botley is a resident of Tensas County, Louisiana.  Plaintiff maintains a farm and farms corn in Tensas County, Louisiana.

200.   Charles R. Yerby is a resident of Grant County, Louisiana.  Plaintiff maintains a farm and farms corn in Grant County, Louisiana.

201.   Dale Dunlap is a resident of Ralls County, Missouri.  Plaintiff maintains a farm and farms corn in Ralls County, Maryland.

202.   Paula Putman is a resident of Carroll County, Maryland.  Plaintiff maintains a farm and farms corn in Carroll County, Maryland.

203.   Duncan Butler, Jr. is a resident of Queen Anne's County, Maryland.  Plaintiff maintains a farm and farms corn in Queen Anne County, Maryland.

204.   Joseph Vohwinkle is a resident of Iosco, Michigan County.  Plaintiff maintains a farm and farms corn in Iosco County, Michigan.

205.   Phillip C. Curtis, Jr. is a resident of Van Buren County, Michigan.  Plaintiff maintains a farm and farms corn in Cass and Van Buren Counties, Michigan.

206.   Robert Reese is a resident of Ingham County, Michigan.  Plaintiff maintains a farm and farms corn in Clinton and Shiawassee Counties, Michigan.

207.   Richard L. Burtch is a resident of Saginaw County, Michigan.  Plaintiff maintains

a farm and farms corn in Saginaw County, Michigan.

208.    Michael S. Moeggenberg is a resident of Isabella County, Michigan.  Plaintiff maintains a farm and farms corn in Isabella County, Michigan.

209.    Philip A. DuFour is a resident of Saint Joseph County, Michigan.  Plaintiff maintains a farm and farms corn in Saint Joseph County, Michigan.

210.    Elbert & Chrise Esckelson is a resident of Tuscola County, Michigan.  Plaintiff maintains a farm and farms corn in Tuscola County, Michigan.

211.    Dolphie Eisenhohr is a resident of Oceana County, Michigan.  Plaintiff maintains a farm and farms corn in Oceana County, Michigan.

212.    Timothy Ebenhoeh is a resident of Saginaw County, Michigan.  Plaintiff maintains a farm and farms corn in Saginaw County, Michigan.

213.    Alvin Boomgaarden is a resident of Rock County, Minnesota.  Plaintiff maintains a farm and farms corn in Rock County, Minnesota.

214.    David Holst is a resident of Mower County, Minnesota.  Plaintiff maintains a farm and farms corn in Mower County, Minnesota.

215.    Dean Nuszloch is a resident of Winona County, Minnesota.  Plaintiff maintains a farm and farms corn in Winona County, Minnesota.

216.    Douglas Pohlman is a resident of Jackson County, Minnesota.  Plaintiff maintains a farm and farms corn in Jackson County, Minnesota.

217.    Gene Tapp is a resident of Mower County, Minnesota.  Plaintiff maintains a farm and farms corn in Mower County, Minnesota.

218.    Harold Laudenbach is a resident of Wright County, Minnesota.  Plaintiff maintains a farm and farms corn in Stearns County, Minnesota.

219.    Jack Boomgaarden is a resident of Rock County, Minnesota.  Plaintiff maintains a farm and farms corn in Rock County, Minnesota.

220.    James McNally is a resident of Winona County, Minnesota.  Plaintiff maintains a farm and farms corn in Winona County, Minnesota.

221.    Jeffrey L. Jessen is a resident of Lac Qui Parle County, Minnesota.  Plaintiff maintains a farm and farms corn in Lac Qui Parle County, Minnesota.

222.    Jeffrey and Eunice Boerboom is a resident of Murray County, Minnesota.  Plaintiff maintains a farm and farms corn in Murray County, Minnesota.

223.    Jerome E. Bruns is a resident of Yellow Medicine County, Minnesota.  Plaintiff maintains a farm and farms corn in Yellow Medicine County, Minnesota.

224.    John Schieck is a resident of Mower County, Minnesota.  Plaintiff maintains a farm and farms corn in Mower County, Minnesota.

225.    Lanny Kiecker is a resident of Renville County, Minnesota.  Plaintiff maintains a farm and farms corn in Renville County, Minnesota.

226.    Mark Motl is a resident of Steele County, Minnesota.  Plaintiff maintains a farm and farms corn in Steele County, Minnesota.

227.    Michael Theisen is a resident of Stearns County, Minnesota.  Plaintiff maintains a farm and farms corn in Stearns County, Minnesota.

228.    Perry Loewe is a resident of Sibley County, Minnesota.  Plaintiff maintains a farm and farms corn in Sibley County, Minnesota.

229.    Tyler Graff is a resident of Brown County, Minnesota.  Plaintiff maintains a farm and farms corn in Brown County, Minnesota.

230.    Virgil Moeller is a resident of Fillmore County, Minnesota.  Plaintiff maintains a

farm and farms corn in Fillmore County, Minnesota.

231.    Richard Linscheid is a resident of Watonwan County, Minnesota. Plaintiff maintains a farm and farms corn in Watonwan and Cottonwood Counties, Minnesota.

232.    Brendan Akerman is a resident of Otter Tail County, Minnesota. Plaintiff maintains a farm and farms corn in Otter Tail County, Minnesota.

233.    Andrew Alme is a resident of Kittson County, Minnesota. Plaintiff maintains a farm and farms corn in Kittson County, Minnesota.

234.    Ken Chlan is a resident of Rice County, Minnesota. Plaintiff maintains a farm and farms corn in Rice County, Minnesota.

235.    Sunset Acres is a resident of Pipestone County, Minnesota. Plaintiff maintains a farm and farms corn in Pipestone County, Minnesota.

236.    Roman Huiras, Jr. is a resident of Renville County, Minnesota. Plaintiff maintains a farm and farms corn in Renville County, Minnesota.

237.    Richard Kreidermacher is a resident of Winona County, Minnesota. Plaintiff maintains a farm and farms corn in Winona County, Minnesota.

238.    Shirley Botker is a resident of Big Stone County, Minnesota. Plaintiff maintains a farm and farms corn in Big Stone County, Minnesota.

239.    Ross Carlson is a resident of Swift County, Minnesota. Plaintiff maintains a farm and farms corn in Swift County, Minnesota.

240.    Mark Clark is a resident of Winona County, Minnesota. Plaintiff maintains a farm and farms corn in Winona County, Minnesota.

241.    Sam Fenstra is a resident of Swif Countyt, Minnesota. Plaintiff maintains a farm and farms corn in Swift County, Minnesota.

242.    Patricia Hahn is a resident of Chippewas County, Minnesota.  Plaintiff maintains a farm and farms corn in Chippewa County, Minnesota.

243.    Franklin Hahn is a resident of Houston County, Minnesota.  Plaintiff maintains a farm and farms corn in Houston County, Minnesota.

244.    Michael Hansen is a resident of Lincoln County, Minnesota.  Plaintiff maintains a farm and farms corn in Lincoln County, Minnesota.

245.    Janice Hansen is a resident of Stearns County, Minnesota.  Plaintiff maintains a farm and farms corn in Stearns County, Minnesota.

246.    Sterling Larson is a resident of Dodge County, Minnesota.  Plaintiff maintains a farm and farms corn in Dodge County, Minnesota.

247.    Steve Mandelko is a resident of Fillmore County, Minnesota.  Plaintiff maintains a farm and farms corn in Fillmore County, Minnesota.

248.    Larry Miller is a resident of Jackson County, Minnesota.  Plaintiff maintains a farm and farms corn in Jackson County, Minnesota.

249.    Myron Reiman is a resident of Stearns County, Minnesota.  Plaintiff maintains a farm and farms corn in Stearns County, Minnesota.

250.    Jerry Thompson is a resident of Freeborn County, Minnesota.  Plaintiff maintains a farm and farms corn in Freeborn County, MInnesota.

251.    Virgil Wilde is a resident of Polk County, Minnesota.  Plaintiff maintains a farm and farms corn in Polk County, Minnesota.

252.    Mark O. Sletta is a resident of Brown County, Minnesota.  Plaintiff maintains a farm and farms corn in Brown County, Minnesota.

253.    Michael Grannes is a resident of Redwood County, Minnesota.  Plaintiff maintains

a farm and farms corn in Redwood County, Minnesota.

254.    Theron Gjersvik is a resident of Freeborn County, Minnesota.  Plaintiff maintains a farm and farms corn in Freeborn County, Minnesota.

255.    Cliff Thompson is a resident of Winona County, Minnesota.  Plaintiff maintains a farm and farms corn in Winona County, Minnesota.

256.    Loren Norgaard is a resident of Scott County, Minnesota.  Plaintiff maintains a farm and farms corn in Scott County, Minnesota.

257.    Adam Blaue is a resident of Montgomery County, Missouri.  Plaintiff maintains a farm and farms corn in Montgomery County, Missouri.

258.    Judy Hays is a resident of Adair County, Missouri.  Plaintiff maintains a farm and farms corn in Adair County, Missouri.

259.    Kirby Clark is a resident of Lewis County, Missouri.  Plaintiff maintains a farm and farms corn in Lewis County, Missouri.

260.    Robert Gruender is a resident of Moniteau County, Missouri.  Plaintiff maintains a farm and farms corn in Moniteau, Cooper and Morgan Counties, Missouri.

261.    William Placke is a resident of Carroll County, Missouri.  Plaintiff maintains a farm and farms corn in Carroll County, Missouri.

262.    John Hall is a resident of Montgomery County, Missouri.  Plaintiff maintains a farm and farms corn in Montgomery County, Missouri.

263.    Jeff Goodbrake is a resident of Henry County, Missouri.  Plaintiff maintains a farm and farms corn in Henry County, MIssouri.

264.    Gabe Hayes is a resident of Holt County, Missouri.  Plaintiff maintains a farm and farms corn in Holt County, Missouri.

265.    Richard Lanier is a resident of Duplin County, North Carolina.  Plaintiff maintains a farm and farms corn in Duplin and Lenoir Counties, Mississippi.

266.    Richard Lanier, Jr. is a resident of Duplin County, North Carolina.  Plaintiff maintains a farm and farms corn in Duplin County, Mississippi.

267.    William Lanier is a resident of Duplin County, North Carolina.  Plaintiff maintains a farm and farms corn in Duplin County, Mississippi.

268.    Eric Geiger is a resident of Dawson County, Nebraska.  Plaintiff maintains a farm and farms corn in Dawson County, Nebraska.

269.    Alan Hilt is a resident of Lancaster County, Nebraska.  Plaintiff maintains a farm and farms corn in Saunders and Lancaster Counties, Nebraska.

270.    Douglas Kloepping is a resident of Dawson County, Nebraska.  Plaintiff maintains a farm and farms corn in Dawson County, Nebraska.

271.    Harold Moragec is a resident of Fillmore County, Nebraska.  Plaintiff maintains a farm and farms corn in Fillmore County, Nebraska.

272.    Kendall Kratochvil is a resident of Stanton County, Nebraska.  Plaintiff maintains a farm and farms corn in Stanton County, Nebraska.

273.    LeRoy Wilson is a resident of Nuckols County, Ohio.  Plaintiff maintains a farm and farms corn in Nuckols County, Nebraska.

274.    Michael Langan is a resident of Red Willow County, Nebraska.  Plaintiff maintains a farm and farms corn in Red Willow County, Nebraska.

275.    Orville Himmelberg is a resident of Saline County, Nebraska.  Plaintiff maintains a farm and farms corn in Nuckolls County, Nebraska.

276.    Paul Rice is a resident of Cass County, Nebraska.  Plaintiff maintains a farm and

farms corn in Cass County, Nebraska.

277.    Robert F. Biel is a resident of Sarpy County, Nebraska.  Plaintiff maintains a farm and farms corn in Sarpy County, Nebraska.

278.    Ryan Johnson is a resident of Holt County, Nebraska.  Plaintiff maintains a farm and farms corn in Holt County, Nebraska.

279.    William Keep is a resident of Buffalo County, Nebraska.  Plaintiff maintains a farm and farms corn in Buffalo County, Nebraska.

280.    Ronald K. Nelson is a resident of Kearney County, Nebraska.  Plaintiff maintains a farm and farms corn in Karney County, Nebraska.

281.    James Childers is a resident of Antelope County, Nebraska.  Plaintiff maintains a farm and farms corn in Antelope County, Nebraska.

282.    Randall Fendrich is a resident of Butler County, Nebraska.  Plaintiff maintains a farm and farms corn in Butler County, Nebraska.

283.    Verdell Koch is a resident of Saline County, Nebraska.  Plaintiff maintains a farm and farms corn in Jefferson and Saline Counties, Nebraska.

284.    Rodney Ebke is a resident of Jefferson County, Nebraska.  Plaintiff maintains a farm and farms corn in Jefferson County, Nebraska.

285.    Daniel Gubbels is a resident of Cedar County, Nebraska.  Plaintiff maintains a farm and farms corn in Cedar County, Nebraska.

286.    Chris Beaver is a resident of Johnson County, Nebraska.  Plaintiff maintains a farm and farms corn in Johnson County, Nebraska.

287.    Allen S.Deen is a resident of Roosevelt County, New Mexico.  Plaintiff maintains a farm and farms corn in Roosevelt County, New Mexico.

288.    Carl Stewart, Jr. is a resident of Ontario County, New York.  Plaintiff maintains a farm and farms corn in Ontario County, New York.

289.    Brian Maynor is a resident of Robeson County, North Carolina.  Plaintiff maintains a farm and farms corn in Robeson, Scotland and Hoke Counties, North Carolina.

290.    Grady Jr. Lowery is a resident of Robeson County, North Carolina.  Plaintiff maintains a farm and farms corn in Robeson County, North Carolina.

291.    James Carey Brixey is a resident of Robeson County, North Carolina.  Plaintiff maintains a farm and farms corn in Robeson County, North Carolina.

292.    Lucas Richard is a resident of Lincoln, North Carolina.  Plaintiff maintains a farm and farms corn in Catawba, Lincoln and Burke Counties, North Carolina.

293.    Randall W. Greene is a resident of Cleveland County, North Carolina.  Plaintiff maintains a farm and farms corn in Cleveland County, North Carolina.

294.    Adrian Locklear is a resident of Robeson County, North Carolina.  Plaintiff maintains a farm and farms corn in Robeson County, North Carolina.

295.    Jackie Mims is a resident of Lincoln, North Carolina.  Plaintiff maintains a farm and farms corn in Lincoln County, North Carolina.

296.    Gerald Strickland is a resident of Robeson County, North Carolina.  Plaintiff maintains a farm and farms corn in Robeson County, North Carolina.

297.    Terry Breyberry is a resident of Robeson County, North Carolina.  Plaintiff maintains a farm and farms corn in Robeson County, North Carolina.

298.    Harris Farms is a resident of Robeson County, North Carolina.  Plaintiff maintains a farm and farms corn in Robeson County, North Carolina.

299.    Christopher Gelnn Riverbank is a resident of Duplin County, North Carolina.

Plaintiff maintains a farm and farms corn in Duplin County, North Carolina.

300.    Joe Miller is a resident of Walsh County, North Dakota.  Plaintiff maintains a farm and farms corn in Walsh County, North Dakota.

301.    Micky Doll is a resident of Morton County, North Dakota.  Plaintiff maintains a farm and farms corn in Morton County, North Dakota.

302.    Sandy Just is a resident of McIntosh County, North Dakota.  Plaintiff maintains a farm and farms corn in McIntosh County, North Dakota.

303.    Kristen Schepp is a resident of Ward County, North Dakota.  Plaintiff maintains a farm and farms corn in Ward County, North Dakota.

304.    John and Karen Brayton is a resident of Cass County, North Dakota.  Plaintiff maintains a farm and farms corn in Cass County, North Dakota.

305.    Michael Guenthner is a resident of McLean County, North Dakota.  Plaintiff maintains a farm and farms corn in McLean County, North Dakota.

306.    Aaron Lemaster is a resident of Jackson County, Ohio.  Plaintiff maintains a farm and farms corn in Jackson County, Ohio.

307.    Alan Spracklen is a resident of Clark County, Ohio.  Plaintiff maintains a farm and farms corn in Clark and Greene Counties, Ohio.

308.    Clyde Stump is a resident of Darke County, Ohio.  Plaintiff maintains a farm and farms corn in Darke County, Ohio.

309.    James Berger is a resident of Brown County, Ohio.  Plaintiff maintains a farm and farms corn in Brown County, Ohio.

310.    Josh Barclay is a resident of Clark County, Ohio.  Plaintiff maintains a farm and farms corn in Clark and Madison Counties, Ohio.

311.    Kent Campbell is a resident of Greene County, Ohio.  Plaintiff maintains a farm and farms corn in Greene County, Ohio.

312.    Lindsay Sprang is a resident of Holmes County, Ohio.  Plaintiff maintains a farm and farms corn in Holmes County, Ohio.

313.    Lonnie Barclay is a resident of Clark County, Ohio.  Plaintiff maintains a farm and farms corn in Clark and Madison Counties, Ohio.

314.    Thaddeus Haines is a resident of Greene County, Ohio.  Plaintiff maintains a farm and farms corn in Greene County, Ohio.

315.    Brian Rennecker is a resident of Wayne County, Ohio.  Plaintiff maintains a farm and farms corn in Wayne County, Ohio.

316.    William Bowe is a resident of Sandusky County, Ohio.  Plaintiff maintains a farm and farms corn in Sandusky County, Ohio.

317.    James Neuburger is a resident of Erie County, Pennsylvania.  Plaintiff maintains a farm and farms corn in Erie County, Pennsylvania.

318.    Carlyle Price is a resident of Dillon County, South Carolina.  Plaintiff maintains a farm and farms corn in Dillon County, South Carolina.

319.    Armon Zens is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Spink and Faulk Counties, South Dakota.

320.    James Hauser is a resident of Hutchinson County, South Dakota.  Plaintiff maintains a farm and farms corn in Hutchinson County, South Dakota.

321.    Larry Bowar is a resident of Faulk County, South Dakota.  Plaintiff maintains a farm and farms corn in Faulk County, South Dakota.

322.    Robert Steffen is a resident of Clark County, South Dakota.  Plaintiff maintains a

farm and farms corn in Clark County, South Dakota.

323.    Devan Voller is a resident of Campbell County, South Dakota.  Plaintiff maintains a farm and farms corn in Campbell County, South Dakota.

324.    Phillip Burmeister is a resident of Hutchinson County, South Dakota.  Plaintiff maintains a farm and farms corn in Hutchinson County, South Dakota.

325.    Douglas Feten is a resident of Deuel County, South Dakota.  Plaintiff maintains a farm and farms corn in Deuel County, South Dakota.

326.    Tim Tiede is a resident of Hutchinson County, South Dakota.  Plaintiff maintains a farm and farms corn in Hutchinson County, South Dakota.

327.    Drew McClanahan is a resident of Humphreys County, Tennessee.  Plaintiff maintains a farm and farms corn in Humphreys County, Tennessee.

328.    Al Cerny is a resident of Wharton County, Texas.  Plaintiff maintains a farm and farms corn in Wharton County, Texas.

329.    Ricky Rector is a resident of Parmer County, Texas.  Plaintiff maintains a farm and farms corn in Parmer County, Texas.

330.    Morris Wilkins is a resident of Hill County, Texas.  Plaintiff maintains a farm and farms corn in Hill County, Texas.

331.    Karla Silhan is a resident of Cochran County, Texas.  Plaintiff maintains a farm and farms corn in Cochran County, Texas.

332.    Wesley Dellinger is a resident of Shenandoah County, Virginia.  Plaintiff maintains a farm and farms corn in Shenandoah County, Virginia.

333.    Donald Butcher is a resident of Adams County, Washington.  Plaintiff maintains a farm and farms corn in Adams County, Washington.

334.    Larry and Diane White is a resident of Marinette County, Wisconsin.  Plaintiff maintains a farm and farms corn in Marinette County, Wisconsin.

335.    Royce Wallenhorst is a resident of Clark County, Wisconsin.  Plaintiff maintains a farm and farms corn in Clark County, Wisconsin.

336.    Gail Everson is a resident of La Crosse County, Wisconsin.  Plaintiff maintains a farm and farms corn in Lacrosse County, Wisconsin.

337.    James Radtke is a resident of Waupaca County, Wisconsin.  Plaintiff maintains a farm and farms corn in Waupaca County, Wisconsin.

338.    Mrs. Terry Weis is a resident of Racine County, Wisconsin.  Plaintiff maintains a farm and farms corn in Racine County, Wisconsin.

339.    Jeffrey Burns is a resident of Dane County, Wisconsin.  Plaintiff maintains a farm and farms corn in Dane County, Wisconsin.

340.    Harry Erickson is a resident of Waushara County, Wisconsin.  Plaintiff maintains a farm and farms corn in Waushara County, Wisconsin.

341.    William Fechter is a resident of Sheboygan County, Wisconsin.  Plaintiff maintains a farm and farms corn in Sheboygan County, Wisconsin.

342.    Jeff Frie is a resident of Walworth County, Wisconsin.  Plaintiff maintains a farm and farms corn in Walworth County, Wisconsin.

343.    Daniel Guenther is a resident of Columbia County, Wisconsin.  Plaintiff maintains a farm and farms corn in Columbia County, Wisconsin.

344.    Joseph Matz is a resident of Trempealeau County, Wisconsin.  Plaintiff maintains a farm and farms corn in Trempealeau County, Wisconsin.

345.    Thomas and Susan Milliren is a resident of Pepin County, Wisconsin.  Plaintiff

maintains a farm and farms corn in Pepin County, Wisconsin.

346.    Lynn Rabe is a resident of Calumet County, Wisconsin.  Plaintiff maintains a farm and farms corn in Calumet County, Wisconsin.

347.    John Rinker is a resident of Madison County, Indiana.  Plaintiff maintains a farm and farms corn in Brown County, Wisconsin.

348.    Bill Seeger is a resident of Barron County, Wisconsin.  Plaintiff maintains a farm and farms corn in Barron County, Wisconsin.

349.    Jim Udelhoven is a resident of Grant County, Wisconsin.  Plaintiff maintains a farm and farms corn in Grant County, Wisconsin.

350.    Dale Young is a resident of La Crosse County, Wisconsin.  Plaintiff maintains a farm and farms corn in La Crosse County, Wisconsin.

351.    William Olson is a resident of Barron County, Wisconsin.  Plaintiff maintains a farm and farms corn in Barron County, Wisconsin.

352.    Steve Redfearn is a resident of Grant County, Wisconsin.  Plaintiff maintains a farm and farms corn in Grant County, Wisconsin.

353.    Tony Posta is a resident of Barron County, Wisconsin.  Plaintiff maintains a farm and farms corn in Barron County, Wisconsin.

354.    Keith Liddicoat is a resident of Iowa County, Wisconsin.  Plaintiff maintains a farm and farms corn in Iowa County, Wisconsin.

355.    Andrew T. Parker is a resident of Colquitt County, Georgia.  Plaintiff maintains a farm and farms corn in Colquitt County, Georgia.

356.    Braden Schaal is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

357.    Charles Melza Rooks is a resident of Pender County, North Carolina.  Plaintiff maintains a farm and farms corn in Pender County, North Carolina.

358.    Christopher Keith Mathis is a resident of Sampson County, North Carolina. Plaintiff maintains a farm and farms corn in Sampson County, North Carolina.

359.    Clinton Dodson is a resident of DeKalb County, Alabama.  Plaintiff maintains a farm and farms corn in DeKalb County, Alabama.

360.    Clyde Schaal is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

361.    Dan and Kylee Miltenberger is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

362.    Darin Dickey is a resident of Cheyenne County, Colorado.  Plaintiff maintains a farm and farms corn in Cheyenne County, Colorado.

363.    Donald Beeck is a resident of Jackson County, Iowa.  Plaintiff maintains a farm and farms corn in Jackson County, Iowa.

364.    Donald Davis is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

365.    Douglas Smith is a resident of Livingston County, Illinois.  Plaintiff maintains a farm and farms corn in Livingston County, Illinois.

366.    Franklin Edwards is a resident of Champaign County, Illinois.  Plaintiff maintains a farm and farms corn in Champaign County, Illinois.

367.    Gary Tiegs is a resident of Brown County, North Dakota.  Plaintiff maintains a farm and farms corn in Brown County, North Dakota.

368.    Greg  Whitaker is a resident of DeKalb County, Alabama.  Plaintiff maintains a

farm and farms corn in DeKalb County, Alabama.

369.    Gregory James is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

370.    James Milton GIllette is a resident of Carteret County, North Carolina.  Plaintiff maintains a farm and farms corn in Carteret County, North Carolina.

371.    Jeffrey Charles Rooks is a resident of Pende Countyr, North Carolina.  Plaintiff maintains a farm and farms corn in Pender County, North Carolina.

372.    Jeffrey Buttram is a resident of DeKalb County, Alabama.  Plaintiff maintains a farm and farms corn in DeKalb County, Alabama.

373.    John B. Smith is a resident of Cumberland County, North Carolina.  Plaintiff maintains a farm and farms corn in Cumberland County, North Carolina.

374.    Leon French is a resident of Franklin County, Iowa.  Plaintiff maintains a farm and farms corn in Franklin County, Iowa.

375.    Marlin Stump is a resident of Darke County, Ohio.  Plaintiff maintains a farm and farms corn in Darke County, Ohio.

376.    Michael Bullard is a resident of Cumberland County, North Carolina.  Plaintiff maintains a farm and farms corn in Cumberland County, North Carolina.

377.    Mike Whitaker is a resident of Dekalb County, Alabama.  Plaintiff maintains a farm and farms corn in DeKalb County, Alabama.

378.    Robert Hansen is a resident of Pottawattamie County, Iowa.  Plaintiff maintains a farm and farms corn in Pottawattamie County, Iowa.

379.    Rolfe Ludtke is a resident of Day County, South Dakota.  Plaintiff maintains a farm and farms corn in Day County, South Dakota.

380. Samuel Faust is a resident of Bamberg County, South Carolina. Plaintiff maintains a farm and farms corn in Bamberg County, South Carolina.

381. Wayne Haines is a resident of Aurora County, South Dakota. Plaintiff maintains a farm and farms corn in Aurora and Brule Counties, South Dakota.

382. William Zubrod is a resident of Chickasaw County, Iowa. Plaintiff maintains a farm and farms corn in Chickasaw County, Iowa.

383. Robert Arseneau is a resident of Iroquois County, Illinois. Plaintiff maintains a farm and farms corn in Iroquois County, Illinois.

384. Christy Aylward is a resident of Scotland County, Missouri. Plaintiff maintains a farm and farms corn in Scotland County, Missouri.

385. Carlos Bailey is a resident of Morehouse County, Louisiana. Plaintiff maintains a farm and farms corn in Morehouse County, Louisiana.

386. Thomas Becker is a resident of Scotts Bluff County, Nebraska. Plaintiff maintains a farm and farms corn in Scotts Bluff County, Nebraska.

387. Carolyn Bellamy is a resident of Shelby County, Alabama. Plaintiff maintains a farm and farms corn in Shelby County, Alabama.

388. Beryl Biekert is a resident of Bremer County, Iowa. Plaintiff maintains a farm and farms corn in Bremer County, Iowa.

389. Bruce Biermann is a resident of Holt County, Missouri. Plaintiff maintains a farm and farms corn in Holt County, Missouri.

390. Michael Damrau is a resident of Shawano County, Wisconsin. Plaintiff maintains a farm and farms corn in Shawano County, Wisconsin.

391. Benjamin Fountain is a resident of Duplin County, North Carolina. Plaintiff

maintains a farm and farms corn in Duplin County, North Carolina.

392.    Timothy Dragg is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

393.    CLarice Rubin is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

394.    Evell Rubin is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

395.    Carrie Soles is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

396.    Anderson Price is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

397.    Lindsey Price is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

398.    Shaudnica Reese is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

399.    Nash Gipson is a resident of Perry County, Alabama.  Plaintiff maintains a farm and farms corn in Perry County, Alabama.

400.    Tyneshia Hartley is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

401.    Lateshia Gipson is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

402.    Roger Lewis is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

403.    Lizzie Crum is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

404.    Timothy Rubin is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

405.    Jonas  Cure is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

406.    Bruce  Thompson is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

407.    Ben Osborn is a resident of Parmer County, Texas.  Plaintiff maintains a farm and farms corn in Parmer County, Texas.

408.    Daniel Przysiecki is a resident of Schoharie County, New York.  Plaintiff maintains a farm and farms corn in Schoharie County, New York.

409.    Glenn R. Rentmeester is a resident of Brown County, Wisconsin.  Plaintiff maintains a farm and farms corn in Brown County, Wisconsin.

410.    John Freeland is a resident of Moultrie County, Illinois.  Plaintiff maintains a farm and farms corn in Moultrie County, Illinois.

411.    Gary Charles Pautler is a resident of Kit Carson County, Colorado.  Plaintiff maintains a farm and farms corn in Kit Carson County, Colorado.

412.    Mary Johnson is a resident of Covington County, Alabama.  Plaintiff maintains a farm and farms corn in Covington County, Alabama.

413.    Roger Lewis, Jr. is a resident of Montgomery County, Alabama.  Plaintiff maintains a farm and farms corn in Montgomery County, Alabama.

414.    Dean Bernloehr is a resident of Brown County, Minnesota.  Plaintiff maintains a

farm and farms corn in Brown County, Minnesota.

415.    Kenneth Sendelbach is a resident of Stark County, Illinois.  Plaintiff maintains a farm and farms corn in Stark County, Illinois.

416.    Curtis Baldwin is a resident of Lac Qui Parle County, Minnesota.  Plaintiff maintains a farm and farms corn in Lac Qui County, Minnesota.

417.    RIcahrd Carlson is a resident of Swift County, Minnesota.  Plaintiff maintains a farm and farms corn in Swift County, Minnesota.

418.    John Bahnsen is a resident of Floyd County, Iowa.  Plaintiff maintains a farm and farms corn in Floyd County, Iowa.

419.    Arlyn Bentson is a resident of Murray County, Minnesota.  Plaintiff maintains a farm and farms corn in Murray County, Minnesota.

420.    Brian Abbott is a resident of Muskegon County, Michigan.  Plaintiff maintains a farm and farms corn in Muskegon County, Michigan.

421.    Alan Burdette, Jr. is a resident of Harford County, Maryland.  Plaintiff maintains a farm and farms corn in Harford County, Maryland.

422.    Rory Cahoon is a resident of Hyde County, North Carolina.  Plaintiff maintains a farm and farms corn in Hyde County, North Carolina.

423.    Paul Abens is a resident of Pocahontas County, Iowa.  Plaintiff maintains a farm and farms corn in Pocahontas County, Iowa.

424.    Michael Ahrendsen is a resident of Cedar County, Iowa.  Plaintiff maintains a farm and farms corn in Cedar County, Iowa.

425.    Alan H. Jernigan is a resident of Wayne County, North Carolina.  Plaintiff maintains a farm and farms corn in Wayne County, North Carolina.

426.    Christopher Lee Skinner is a resident of Noxubee County, Mississippi.  Plaintiff maintains a farm and farms corn in Noxubee County, Mississippi.

427.    Jernigan Farms is a resident of Wayne County, North Carolina.  Plaintiff maintains a farm and farms corn in Wayne County, North Carolina.

428.    Patrick Danforth is a resident of Berrien County, Georgia.  Plaintiff maintains a farm and farms corn in Berrien County, Georgia.

429.    Faith Danforth is a resident of Berrien County, Georgia.  Plaintiff maintains a farm and farms corn in Berrien County, Georgia.

430.    Clayton Danforth is a resident of Berrien County, Georgia.  Plaintiff maintains a farm and farms corn in Berrien County, Georgia.

431.    Terry Danforth is a resident of Berrien County, Georgia.  Plaintiff maintains a farm and farms corn in Berrien County, Georgia.

432.    Kyle Lawrence Kassel is a resident of Palo Alto County, Iowa.  Plaintiff maintains a farm and farms corn in Palo Alto County, Iowa.

433.    Ovetta Melton is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

434.    Ida Smiley is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

435.    Robert Smiley is a resident of Dallas County, Alabama.  Plaintiff maintains a farm and farms corn in Dallas County, Alabama.

436.    Juanita Washington is a resident of Montgomery County, Alabama.  Plaintiff maintains a farm and farms corn in Montgomery County, Alabama.

437.    Willie Reese is a resident of Dallas County, Alabama.  Plaintiff maintains a farm

and farms corn in Dallas County, Alabama.

438.    Blankenship Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Bond County, Illinois.

439.    Connie Cole is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Sullivan County, Indiana.

440.    Kimberly A. Cline is a resident of Montgomery County, Indiana.  Plaintiff maintains a farm and farms corn in Boone, Fountain, Parke, and Putnam Counties, Indiana.

441.    Kyle D. Cline is a resident of Montgomery County, Indiana.  Plaintiff maintains a farm and farms corn in Boone, Fountain, Parke, and Putnam Counties, Indiana.

442.    Michael B. Cline is a resident of Montgomery County, Indiana.  Plaintiff maintains a farm and farms corn in Boone, Fountain, Parke, and Putnam Counties, Indiana.

443.    Michael L. Cline is a resident of Montgomery County, Indiana.  Plaintiff maintains a farm and farms corn in Boone, Fountain, Parke, and Putnam Counties, Indiana.

444.    Terry Cline is a resident of Montgomery County, Indiana.  Plaintiff maintains a farm and farms corn in Montgomery County, Indiana.

445.    Tyler J. Cline is a resident of Montgomery County, Indiana.  Plaintiff maintains a farm and farms corn in Boone, Fountain, Parke, and Putnam Counties, Indiana.

446.    Allen J. Cline is a resident of Montgomery County, Indiana.  Plaintiff maintains a farm and farms corn in Boone, Fountain, Parke, and Putnam Counties, Indiana.

447.    Charles Holst is a resident of Woodbury County, Iowa.  Plaintiff maintains a farm and farms corn in Woodbury County, Iowa.

448.    Yellow Springs Farms, Inc. is an Iowa corporation with its principal place of business in Iowa.  It farms corn in Des Moines County, Iowa.

449.    Allan Wolf is a resident of Henry County, Illinois.  Plaintiff maintains a farm and farms corn in Henry County, Illinois.

450.    Schneider Farms, Inc. is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Chariton County, Missouri.

451.    Mike Winslow is a resident of Macon County, Illinois.  Plaintiff maintains a farm and farms corn in Henry and Stark Counties, Illinois.

452.    Plaintiff Chris Cornelius is a resident of Swift County, Indiana. Plaintiff maintains a farm, S&C Cornelius Farms, and farms corn in Swift County, Indiana.

453.    Martin T. Duncan is a resident of Shelby County, Illinois.  Plaintiff maintains a farm and farms corn in Shelby, Macon, and Moultrie Counties, Illinois.

454.    Teresa Duncan is a resident of Shelby County, Illinois.  Plaintiff maintains a farm and farms corn in Shelby, Macon, and Moultrie Counties, Illinois.

455.    Martin and Teresa Duncan Farm Partnership is an Illinois partnership which farms corn in Shelby, Macon, and Moultrie Counties, Illinois.

456.    Plaintiff Steven Weakly is a resident of Shelby County, Illinois. Plaintiff maintains a farm, Weakly Farms, Inc., and farms corn in Shelby County, Illinois.

457.    Newman Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Vermilion County, Illinois.

458.    Richard E. Cole, Jr. is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Sullivan County, Indiana.

459.    Jeffrey Clark Artz is a resident of Harlan County, Nebraska.  Plaintiff maintains a farm and farms corn in Harlan County, Nebraska.

460.    Lauretta Darlene Bauer is a resident of Effingham County, Illinois.   Plaintiff

maintains a farm and farms corn in Effingham and Fayette Counties, Illinois.

461. David Clifford Bunda is a resident of Olmsted County, Minnesota. Plaintiff maintains a farm and farms corn in Olmsted, Mower and Fillmore Counties, Minnesota.

462. Plaintiff Michael Buntin is a resident of Franklin County, Illinois. Plaintiff maintains a farm, Buntin Brothers Farms, LLC, and farms corn in Franklin County, Illinois.

463. Phillip A. Bohlen is a resident of Shelby County, Illinois. Plaintiff maintains a farm and farms corn in Shelby, Macon, and Christian Counties, Illinois and Olham County, Texas.

464. Daniel Chambers is a resident of Piatt County, Illinois. Plaintiff maintains a farm and farms corn in Piatt County, Illinois.

465. Dennis John Chicoine is a resident of Union County, South Dakota. Plaintiff maintains a farm and farms corn in Union County, South Dakota.

466. Ramona Clark is a resident of Vigo County, Indiana. Plaintiff maintains a farm and farms corn in Vigo County, Indiana.

467. Kimberly J. Clifford is a resident of Champaign County, Illinois. Plaintiff maintains a farm and farms corn in Champaign and Ford Counties, Illinois.

468. Owen Dale Clifford is a resident of Knox County, Indiana. Plaintiff maintains a farm and farms corn in Greene and Sullivan Counties, Indiana.

469. Plaintiff Gary Dean Cox is a resident of Douglas County, Illinois. Plaintiff maintains a farm and farms corn in Douglas County, Illinois.

470. Kenneth Pierce Crossland is a resident of Hancock County, Illinois. Plaintiff maintains a farm and farms corn in Hancock County, Illinois.

471. Plaintiff Paul Daily is a resident of Coles County, Illinois. Plaintiff maintains a farm and farms corn in Coles County, Illinois.

472.    Paul Daily Farms farms corn in Coles and Cumberland Counties, Illinois.

473.    Plaintiff Todd Degen is a resident of Sioux County, Iowa. Plaintiff maintains a farm, and farms corn in Sioux County, Iowa.

474.    Mark Allen Diemer is a resident of Fayette County, Iowa.  Plaintiff maintains a farm and farms corn in Fayette County, Iowa.

475.    Sandy Creek Farm, Inc. is an Iowa corporation with its principal place of business in Iowa.  It farms corn in Hancock and Kossuth Counties, Iowa.

476.    Ebert Farms is a Kansas corporation with its principal place of business in Kansas. It farms corn in Edwards County, Kansas.

477.    Gregory Ebert is a resident of Edwards County, Kansas.  Plaintiff maintains a farm and farms corn in Edwards County, Kansas and Grant County, Oklahoma.

478.    Rodney E. Habiger is a resident of Edwards County, Kansas.  Plaintiff maintains a farm and farms corn in Edwards and Pawnee Counties, Kansas.

479.    Jayne Elliott is a resident of Box Butte County, Nebraska.  Plaintiff maintains a farm and farms corn in Box Butte County, Nebraska.

480.    Thomas Reid Elliott is a resident of Box Butte County, Nebraska.  Plaintiff maintains a farm and farms corn in Box Butte County, Nebraska.

481.    Forbes Farms, Ltd. is an Iowa corporation with its principal place of business in Iowa.  It farms corn in Ida County, Iowa.

482.    Plaintiff Tracy Funk is a resident of Mitchell County, Iowa. Plaintiff maintains a farm, and farms corn in Mitchell County, Iowa.

483.    Kenneth Pittsford Trust farms corn in Delaware and Madison Counties, Indiana.

484.    Roger Green is a resident of Johnson County, Illinois.  Plaintiff maintains a farm

and farms corn in Johnson, Massac, and Union Counties, Illinois.

485.    Gross Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Clark, Crawford, Cumberland and Jasper Counties, Illinois.

486.    Ronald L. Gross Living Trust farms corn in Clark County, Illinois.

487.    Plaintiff Kirby Lee Williams is a resident of Clark County, Illinois. Plaintiff maintains a farm and farms corn in Clark County, Illinois.

488.    James L. Gunn, Jr. is a resident of Franklin County, Illinois.  Plaintiff maintains a farm and farms corn in Williamson and Franklin Counties, Illinois.

489.    Victoria L. Hart is a resident of Custer County, Nebraska.  Plaintiff maintains a farm and farms corn in Custer County, Nebraska.

490.    Willard R. Hart is a resident of Custer County, Nebraska.  Plaintiff maintains a farm and farms corn in Custer County, Nebraska.

491.    Terry Lee Hochhalter is a resident of Douglas County, South Dakota.  Plaintiff maintains a farm and farms corn in Charles Mix County, South Dakota.

492.    Carole Lynn Hood is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo County, Indiana.

493.    Marc Phillip Hoyle is a resident of Greene County, Iowa.  Plaintiff maintains a farm and farms corn in Greene and Calhoun Counties, Iowa.

494.    Donald Paul Immke is a resident of Livingston County, Illinois.  Plaintiff maintains a farm and farms corn in Livingston County, Illinois.

495.    Eric Lucas Jacobson is a resident of Lake County, South Dakota.  Plaintiff maintains a farm and farms corn in Miner County, South Dakota.

496.    David Herbert Jaeger is a resident of Wayne County, Nebraska.  Plaintiff maintains

a farm and farms corn in Stanton, Wayne and Madison Counties, Nebraska.

497.   Jerry Kent Farms is a Corporation with its principal place of business in Mississippi. It farms corn in Leflore County, Mississippi.

498.   Craig Nelson King is a resident of Cass County, North Dakota.  Plaintiff maintains a farm and farms corn in Cass and Steele Counties, North Dakota.

499.   Connie L. Kinnaman, individually and as trustee of The Ray and Connie Kinnaman Family Trust farms corn in Clark County, Illinois.  Connie L. Kinnaman is a resident of Clark County, Illinois.

500.   James Chadwick Koch is a resident of Parke County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo, Parke, and Clay Counties, Indiana.

501.   James William Koch is a resident of Parke County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo and Parke Counties, Indiana.

502.   Joseph Michael Koch is a resident of Parke County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo and Parke Counties, Indiana.

503.   Julia Koch is a resident of Parke County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo and Parke Counties, Indiana.

504.   Kokes Farms, LLC is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Bon Homme and Yankton Counties, South Dakota.

505.   James C. Kokes is a resident of Bon Homme County, South Dakota.  Plaintiff maintains a farm and farms corn in Bon Homme and Yankton Counties, South Dakota.

506.   Christopher Marinus Lee is a resident of Lake County, South Carolina.  Plaintiff maintains a farm and farms corn in Kingsbury and Brookings Counties, South Dakota.

507.   John T. Lee is a resident of Franklin County, Illinois.  Plaintiff maintains a farm

and farms corn in Franklin County, Illinois.

508.    Richard Michael Leisure is a resident of Hendricks County, Indiana.  Plaintiff maintains a farm and farms corn in Putnam County, Indiana.

509.    Darrell William McCumber is a resident of Douglas County, Illinois.  Plaintiff maintains a farm and farms corn in Douglas County, Illinois and Parke County, Indiana.

510.    Justin M. Meneely is a resident of Clay County, Indiana.  Plaintiff maintains a farm and farms corn in Clay County, Indiana.

511.    Greg Alan Miller is a resident of Stephenson County, Illinois.  Plaintiff maintains a farm and farms corn in Stephenson County, Illinois.

512.    Windy Groves, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Stephenson County, Illinois.

513.    Gerald Lee Miller is a resident of Adams County, Illinois.  Plaintiff maintains a farm and farms corn in Adams County, Illinois.

514.    Jeffrey Lee Miller is a resident of Adams County, Illinois.  Plaintiff maintains a farm and farms corn in Adams County, Illinois.

515.    Plaintiff Jay Mugge is a resident of Dickinson County, Iowa. Plaintiff maintains a farm, Mugge and Mugge Farms, Inc., and farms corn in Dickinson County, Iowa.

516.    Karen Myers is a resident of Cheyenne County, Colorado.  Plaintiff maintains a farm and farms corn in Cheyenne, Baca, and Kiowa Counties, Colorado and Wallace County, Kansas.

517.    J & A Farms LLC is a Kansas corporation with its principal place of business in Kansas.  It farms corn in Wallace County, Kansas and Cheyenne County, Colorado.

518.    Abby L. Myers is a resident of Wallace County, Kansas.  Plaintiff maintains a farm

and farms corn in Wallace County, Kansas and Cheyenne County, Colorado.

519.    Jared Cole Myers is a resident of Wallace County, Kansas.  Plaintiff maintains a farm and farms corn in Wallace County, Kansas and Cheyenne County, Colorado.

520.    Plaintiff Chris Nash is a resident of Coles County, Illinois. Plaintiff maintains a farm, Crooked Creek Farms, Inc., and farms corn in Coles County, Illinois.

521.    Plaintiff Terry Nash is a resident of Coles County, Illinois. Plaintiff maintains a farm, Nash Grain Farm, Inc., and farms corn in Coles County, Illinois.

522.    Daniel Russell Niichel is a resident of Sioux County, Iowa.  Plaintiff maintains a farm and farms corn in O'Brien County, Iowa.

523.    Michael William O'Connor is a resident of Union County, South Dakota.  Plaintiff maintains a farm and farms corn in Union and Clay Counties, South Dakota.

524.    Jeremy & Meghann Blach LLC is a Colorado corporation with its principal place of business in Colorado.  It farms corn in Yuma County, Colorado.

525.    Patrick Ortmeier is a resident of Dodge County, Nebraska.  Plaintiff maintains a farm and farms corn in Colfax and Dodge Counties, Nebraska.

526.    Plaintiff Mark Pedersen is a resident of Kossuth County, Iowa. Plaintiff maintains a farm, and farms corn in Kossuth County, Iowa.

527.    Jerry Henry Penning is a resident of Winnebago County, Iowa.  Plaintiff maintains a farm and farms corn in Winnebago County, Iowa.

528.    Ray Wesley Poynter is a resident of Putnam County, Indiana.  Plaintiff maintains a farm and farms corn in Putnam County, Indiana.

529.    Ray Wesley Poynter, Jr. is a resident of Putnam County, Indiana.  Plaintiff maintains a farm and farms corn in Putnam County, Indiana.

530.    Duane Arnold Pratt, Sr. is a resident of Warren County, Illinois.  Plaintiff maintains a farm and farms corn in Warren County, Illinois.

531.    Plaintiff Michael Rabe is a resident of O'Brien County, Iowa. Plaintiff maintains a farm, Rabe Farms, and farms corn in O'Brien County, Iowa.

532.    Gary William Reece is a resident of Clay County, Indiana.  Plaintiff maintains a farm and farms corn in Clay County, Indiana.

533.    Gerald F. Renze is a resident of Carroll County, Iowa.  Plaintiff maintains a farm and farms corn in Carroll County, Iowa.

534.    Vernon John Renze is a resident of Carroll County, Iowa.  Plaintiff maintains a farm and farms corn in Carroll County, Iowa.

535.    Plaintiff David Richter is a resident of O'Brien County, Iowa. Plaintiff maintains a farm, Richter Farms, Inc., and farms corn in O'Brien County, Iowa.

536.    Riesterer Farms LLP is a Wisconsin partnership which farms corn in Rock and Walworth Counties, Wisconsin.

537.    Three R Farms, LLC is a Wisconsin corporation with its principal place of business in Wisconsin.  It farms corn in Rock and Walworth Counties, Wisconsin.

538.    Marilyn Rode is a resident of Parke County, Indiana.  Plaintiff maintains a farm and farms corn in Parke, Fountain, and Montgomery Counties, Indiana.

539.    Marvin Rode is a resident of Parke County, Indiana.  Plaintiff maintains a farm and farms corn in Parke, Fountain, and Montgomery Counties, Indiana.

540.    Redstone Farms, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Kingsbury, Miner and Beadle Counties, South Dakota.

541.    Sayre Farm Operations LLC is a Wisconsin corporation with its principal place of

business in Wisconsin.  It farms corn in Rock and Dane Counties, Wisconsin.

542.    Sara Schartz is a resident of Gray County, Kansas.  Plaintiff maintains a farm and farms corn in Gray and Finney Counties, Kansas.

543.    Stephen Schartz is a resident of Gray County, Kansas.  Plaintiff maintains a farm and farms corn in Gray and Finney Counties, Kansas.

544.    Schloot Farms farms corn in Sullivan County, Indiana.

545.    Donald Freeman Schloot is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Sullivan County, Indiana.

546.    S & S Farm Partnership is an Iowa partnership which farms corn in Hancock County, Iowa.

547.    Rick Allan Schutjer is a resident of Hancock County, Iowa.  Plaintiff maintains a farm and farms corn in Hancock County, Iowa.

548.    Justin David Shoot is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles and Cumberland Counties, Illinois.

549.    Plaintiff Dave Shoot is a resident of Coles County, Illinois. Plaintiff maintains a farm and farms corn in Coles County, Illinois.

550.    Ridgedale Farms Ltd. is an Illinois partnership which farms corn in Shelby County, Illinois.

551.    Belmont Ag Partners is a Missouri partnership which farms corn in Mississippi County, Missouri.

552.    M & M Ag Investments, LLC is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Mississippi, Scott, and New Madrid Counties, Missouri.

553.    Ronald J. Solich is a resident of Monroe County, Illinois.  Plaintiff maintains a farm

and farms corn in Monroe County, Illinois.

554.    Paul Eugene Sporrer is a resident of Carroll County, Iowa.  Plaintiff maintains a farm and farms corn in Audubon and Carroll Counties, Iowa.

555.    Michael P. Sporrer is a resident of Carroll County, Iowa.  Plaintiff maintains a farm and farms corn in Audubon and Carroll Counties, Iowa.

556.    David Glenn Statema is a resident of Sioux County, Iowa.  Plaintiff maintains a farm and farms corn in Lincoln and Union Counties, South Dakota and Plymouth, O'Brien and Sioux Counties, Iowa.

557.    Plaintiff Jeff Statema is a resident of Sioux County, Iowa. Plaintiff maintains a farm, J&D Farms, and farms corn in Sioux County, Iowa.

558.    Hubertha Joan Statema is a resident of Sioux County, Iowa.  Plaintiff maintains a farm and farms corn in Sioux County, Iowa.

559.    Strain Farms, Inc. is an Indiana corporation with its principal place of business in Iowa.  It farms corn in Vigo County, Indiana.

560.    Jackie Lee Strain is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo County, Indiana.

561.    Michael D. Cornwell is a resident of Crawford County, Illinois.  Plaintiff maintains a farm and farms corn in Clark County, Illinois.

562.    Valerie Kay Cornwell is a resident of Douglas County, Illinois.  Plaintiff maintains a farm and farms corn in Clark County, Illinois.

563.    Steven Allen Thompson is a resident of Clark County, Illinois.  Plaintiff maintains a farm and farms corn in Clark County, Illinois.

564.    Steven Wayne Landers is a resident of New Madrid County, Missouri.  Plaintiff

maintains a farm and farms corn in New Madrid County, Missouri.

565.    Alan K. Newcomb is a resident of Washington County, Illinois. Plaintiff maintains a farm and farms corn in Jefferson, Washington, and Marion Counties, Illinois.

566.    Kenny Richard Vogel is a resident of Walworth County, South Dakota. Plaintiff maintains a farm and farms corn in Edmunds and Faulk Counties, South Dakota.

567.    Vogel Brothers and Sons, Inc. is a South Dakota corporation with its principal place of business in South Dakota. It farms corn in Edmunds and Faulk Counties, South Dakota.

568.    Wark Farms, Inc. is a Kansas corporation with its principal place of business in Kansas. It farms corn in Thomas County, Kansas.

569.    Wark Farms Partnership is a Kansas partnership which farms corn in Thomas and Sheridan Counties, Kansas.

570.    Jane M. Wenstrom Revocable Trust farms corn in Edwards and Kiowa Counties, Kansas.

571.    Plaintiff Gary Whallon is a resident of Vigo County, Indiana. Plaintiff maintains a farm, and farms corn in Vigo County, Indiana.

572.    Howard & Wanda Winters Irrevocable Family Trust farms corn in Clark and Crawford Counties, Illinois.

573.    Jason John Wirth is a resident of Winnebago County, Iowa. Plaintiff maintains a farm and farms corn in Winnebago County, Iowa.

574.    Zenk Farm, Inc. is an Iowa corporation with its principal place of business in Iowa. It farms corn in Plymouth County, Iowa.

575.    Plaintiff Bruce Penning is a resident of Faribault County, Minnesota. Plaintiff maintains a farm and farms corn in Faribault County, Minnesota.

576.    Wernz, Ltd. is an Illinois partnership which farms corn in Clark County, Illinois and Vigo County, Indiana.

577.    Albert D. Wernz is a resident of Clark County, Illinois.  Plaintiff maintains a farm and farms corn in Clark County, Illinois.

578.    Jay Russell Cross is a resident of Logan County, Illinois.  Plaintiff maintains a farm and farms corn in Logan County, Illinois.

579.    Gregory John Cross is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Logan County, Illinois.

580.    Plaintiff Duane Jackson is a resident of Delaware County, Indiana. Plaintiff maintains a farm, and farms corn in Delaware County, Indiana.

581.    Barbara A. Jackson is a resident of Delaware County, Indiana.  Plaintiff maintains a farm and farms corn in Henry, Madison and Delaware Counties, Indiana.

582.    Cozy Creek Farms, Inc. is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Madison County, Indiana.

583.    Richard Harmon Irvin is a resident of Jefferson County, Illinois.  Plaintiff maintains a farm and farms corn in Jefferson County, Illinois.

584.    Christopher A. Simpson is a resident of Madison County, Indiana.  Plaintiff maintains a farm and farms corn in Delaware and Madison Counties, Indiana.

585.    Plaintiff Dan Bronnenberg is a resident of Delaware County, Indiana. Plaintiff maintains a farm, and farms corn in Delaware County, Indiana.

586.    John Bronnenberg is a resident of Delaware County, Indiana.  Plaintiff maintains a farm and farms corn in Delaware County, Indiana.

587.    Plaintiff Douglas Downs is a resident of Shelby County, Illinois. Plaintiff maintains

a farm and farms corn in Shelby County, Illinois.

588.    John R. Pugsley is a resident of Delaware County, Indiana.  Plaintiff maintains a farm and farms corn in Delaware County, Indiana.

589.    Boyce Turner is a resident of Delaware County, Indiana.  Plaintiff maintains a farm and farms corn in Delaware County, Indiana.

590.    Larry Appeldorn is a resident of O'Brien County, Iowa.  Plaintiff maintains a farm and farms corn in O'Brien, Winnebago, and Cherokee Counties, Iowa.

591.    Ronald Wayne Cloyd is a resident of Sangamon County, Illinois.  Plaintiff maintains a farm and farms corn in Christian County, Illinois.

592.    Martin Daniel Connor is a resident of Lake County, South Dakota.  Plaintiff maintains a farm and farms corn in Miner County, South Dakota.

593.    Stephanie Connor is a resident of Lake County, South Dakota.  Plaintiff maintains a farm and farms corn in Miner County, South Dakota.

594.    Martin Joseph Connor is a resident of Lake County, South Dakota.  Plaintiff maintains a farm and farms corn in Miner County, South Dakota.

595.    Susan Connor is a resident of Lake County, South Dakota.  Plaintiff maintains a farm and farms corn in Miner County, South Dakota.

596.    Kim Diemer is a resident of Fayette County, Iowa.  Plaintiff maintains a farm and farms corn in Fayette County, Iowa.

597.    Gary Dreckman is a resident of Plymouth County, Iowa.  Plaintiff maintains a farm and farms corn in Plymouth County, Iowa.

598.    Susan Elbe is a resident of Hancock County, Illinois.  Plaintiff maintains a farm and farms corn in Hancock County, Illinois.

599.    Gruber Farms, Inc. is an Iowa corporation with its principal place of business in Iowa.  It farms corn in Freemont County, Iowa.

600.    Plaintiff Eric Vohs is a resident of Ida County, Iowa. Plaintiff maintains a farm, E Vohs Farm, and farms corn in Ida County, Iowa.

601.    Michael Alan Short is a resident of Ford County, Illinois.  Plaintiff maintains a farm and farms corn in Ford County, Illinois.

602.    Jeremy Carl King is a resident of Cass County, North Dakota.  Plaintiff maintains a farm and farms corn in Lass and Steele Counties, North Dakota.

603.    Shannon Boyd Schmidt is a resident of Nodaway County, Missouri.  Plaintiff maintains a farm and farms corn in Holt County, Missouri.

604.    Bleak House Farm, Inc. is a Virginia corporation with its principal place of business in Virginia.  It farms corn in Northumberland and Westmoreland Counties, Virginia.

605.    Heins Brother Farms is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Jackson County, Illinois.

606.    Heins Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Jackson County, Illinois.

607.    Louis Aldag, Jr. is a resident of Jefferson County, Illinois.  Plaintiff maintains a farm and farms corn in Washington County, Illinois.

608.    E & G Weis Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Perry and Jackson Counties, Illinois.

609.    T.A.M. Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Macoupin County, Illinois.

610.    Brian Willenborg is a resident of Fayette County, Illinois.  Plaintiff maintains a

farm and farms corn in Fayette County, Illinois.

611.     Plaintiff Daniel Rubin is a resident of Fayette County, Illinois. Plaintiff maintains a farm, Rubin's Dairy and Grain Farms, Inc., and farms corn in Fayette County, Illinois.

612.     Danny Johnston is a resident of Effingham County, Illinois.  Plaintiff maintains a farm and farms corn in Bond County, Illinois.

613.     Greg S. Hall is a resident of Pickens County, South Carolina.   Plaintiff maintains a farm and farms corn in Sangamon County, Illinois

614.     Halldale Dairy Farm, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Sangamon County, Illinois.

615.     Kimberly Pizzuto is a resident of Somerset County, New Jersey. Plaintiff maintains a farm and farms corn in Sangamon County, Illinois.

616.     Plaintiff DelLee Zurliene is a resident of Bond County, Illinois. Plaintiff maintains a farm, Zurliene Farms, Inc., and farms corn in Bond County, Illinois.

617.     Plaintiff Gary Walker is a resident of Bond County, Illinois. Plaintiff maintains a farm, William Walker Farms, Inc., and farms corn in Bond County, Illinois.

618.     Michael L. Cripe is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Bond and Fayette Counties, Illinois.

619.     Flanders Farms Inc. is an Iowa corporation with its principal place of business in Iowa.  It farms corn in Marion, Monroe and Lucas Counties, Iowa.

620.     Cindy Bailey resides in Clay County, Illinois.  Plaintiff maintains a farm and farms corn in Marion, Richland, Wayne and Clay Counties, Illinois.

621.     Cole Bailey resides in Clay County, Illinois.  Plaintiff maintains a farm and farms corn in Marion, Clay and Wayne Counties, Illinois.

622.     Darren Bailey is a resident of Clay County, Illinois.  Plaintiff maintains a farm and farms corn in Marion, Richland, Wayne and Clay Counties, Illinois.

623.     Bill L. Bailey resides in Clay County, Illinois.  Plaintiff maintains a farm and farms corn in Marion, Clay and Wayne Counties, Illinois.

624.     Zachary Bailey is a resident of Clay County, Illinois.  Plaintiff maintains a farm and farms corn in Marion, Clay and Wayne County, Illinois.

625.     Roger W. Wessels is a resident of Livingston County, Illinois.  Plaintiff maintains a farm and farms corn in Livingston County, Illinois.

626.     Jessica Brophy is a resident of Yuma County, Colorado.  Plaintiff maintains a farm and farms corn in Yuma County, Colorado.

627.     Martin Brophy is a resident of Yuma County, Colorado.  Plaintiff maintains a farm and farms corn in Yuma County, Colorado.

628.     R-3LLLP is a Colorado partnership which farms corn in Yuma and Bent Counties, Colorado.

629.     Ruben Richardson is a resident of Yuma County, Colorado.  Plaintiff maintains a farm and farms corn in Yuma and Bent Counties, Colorado.

630.     Terry & Jule Booker Farm is an Alabama partnership which farms corn in Dallas County, Alabama.

631.     David Norman Sieler is a resident of Monroe County, Michigan.  Plaintiff maintains a farm and farms corn in Monroe County, Michigan.

632.     Leslie Steven Flanders is a resident of Marion County, Indiana.  Plaintiff maintains a farm and farms corn in Marion, Monroe, Lucas and Mahaska Counties, Iowa.      County, Iowa.

633.     Michael Strain is a resident of Vigo County, Indiana.  Plaintiff maintains a farm

and farms corn in Vigo County, Indiana.

634.    Dole Farms Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Coles County, Illinois.

635.    Janice Dole is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

636.    Jeff A. Dole is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

637.    Marty Dole is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

638.    Dorothy Dole Trust farms corn in Coles County, Illinois.

639.    Lula Dole Trust farms corn in Coles County, Illinois.

640.    E. Joan Record is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

641.    Andrew Dole is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

642.    Brian James Bradley is a resident of Montgomery County, Indiana.  Plaintiff maintains a farm and farms corn in Montgomery County, Indiana.

643.    Popson Farms General Partnership is a Colorado partnership which farms corn in Yuma and Washington Counties, Colorado.

644.    Nuest Partnership is a Minnesota partnership which farms corn in Swift and Stevens Counties, Minnesota.

645.    Marcia A. Benda is a resident of Montgomery County, Iowa.  Plaintiff maintains a farm and farms corn in Montgomery County, Iowa.

646.    Mark J. Benda is a resident of Montgomery County, Iowa. Plaintiff maintains a farm and farms corn in Montgomery County, Iowa.

647.    Donald Morris Corp. is an Iowa corporation with its principal place of business in Iowa. It farms corn in Montgomery County, Iowa.

648.    Johnson & Bloom LLC is an Iowa corporation with its principal place of business in Iowa. It farms corn in Montgomery County, Iowa.

649.    Johnson Brothers LLP is an Iowa partnership which farms corn in Montgomery County, Iowa.

650.    Jordan Johnson is a resident of Montgomery County, Iowa. Plaintiff maintains a farm and farms corn in Montgomery County, Iowa.

651.    Susan Johnson is a resident of Montgomery County, Iowa. Plaintiff maintains a farm and farms corn in Montgomery County, Iowa.

652.    Verla Jeanette Blakeman Sullivan is a resident of Miami-Dade County, Florida. Plaintiff maintains a farm and farms corn in Custer County, Nebraska.

653.    Ralph Ebert is a resident of Grant County, Oklahoma. Plaintiff maintains a farm and farms corn in Kay and Grant Counties, Oklahoma and Edwards County, Kansas.

654.    OKC Farms LLC is an Oklahoma corporation with its principal place of business in Oklahoma. It farms corn in Kay and Grant Counties, Oklahoma.

655.    Dean J. Dryden is a resident of Cumberland County, Illinois. Plaintiff maintains a farm and farms corn in Cumberland County, Illinois.

656.    Donald F. Clark is a resident of Jasper County, Illinois. Plaintiff maintains a farm and farms corn in Jasper County, Illinois.

657.    Plaintiff Robert Snider is a resident of Douglas County, Illinois. Plaintiff maintains

a farm and farms corn in Douglas County, Illinois.

658.    Wayne Eugene Parker is a resident of Franklin County, Vermont.  Plaintiff maintains a farm and farms corn in Douglas County, Illinois.

659.    John David Luepke is a resident of Nicollet County, Minnesota.  Plaintiff maintains a farm and farms corn in Nicollet and Blue Earth Counties, Minnesota.

660.    The Sharon L. Schlueter Living Trust farms corn in Montgomery County, Missouri.

661.    Alan James Rock is a resident of Montgomery County, Missouri.  Plaintiff maintains a farm and farms corn in Montgomery County, Missouri.

662.    Cripe Farms Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Fayette County, Illinios.

663.    Rick Alan Cripe is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Fayette, Marion and Desha Counties, Illinois.

664.    Robert Whitworth is a resident of Greene County, Illinois.  Plaintiff maintains a farm and farms corn in Greene and Montgomery Counties, Illinois.

665.    Shawn Cripe is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Fayette County, Illinois.

666.    B&B Probst Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Jasper and Effingham Counties, Illinois.

667.    C&A Bouslog Farms, Inc. is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Madison and Delaware Counties, Indiana.

668.    D&B Bouslog Farms, Inc. is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Madison and Delaware Counties, Indiana.

669.    Maurice Gene Walker is a resident of Mason County, Illinois.  Plaintiff maintains

a farm and farms corn in Mason County, Illinois.

670.    Marlowe Caulkins is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Tazewell County, Illinois.

671.    Dolores Ann Curry is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason, Cass, Fulton and Tazewell Counties, Illinois.

672.    Alan J. Twedt is a resident of Los Angeles County, California.  Plaintiff maintains a farm and farms corn in Schuyler County, Illinois.

673.    Marc Briney is a resident of Schuyler County, Illinois.  Plaintiff maintains a farm and farms corn in Schuyler County, Illinois.

674.    Shirley Harbin is a resident of Orange County, California.  Plaintiff maintains a farm and farms corn in Brown, Schuyler and Fulton Counties, Illinois.

675.    Herschel Briney Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Schuyler and Fulton Counties, Illinois.

676.    J.R. Briney & Sons, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Schuyler, Fulton and McDonough Counties, Illinois.

677.    James S. Todd is a resident of Montgomery County, Virginia.  Plaintiff maintains a farm and farms corn in Schuyler County, Illinois.

678.    Todd E. Twedt is a resident of San Diego County, California.  Plaintiff maintains a farm and farms corn in Schuyler County, Illinois.

679.    Harbin Family Trust farms corn in Schuyler and Fulton Counties, Illinois.

680.    Dixie L. Skiles Revocable Trust farms corn in Schuyler County, Illinois.

681.    Robert Charles Meehan is a resident of Fulton County, Illinois.  Plaintiff maintains a farm and farms corn in Fulton and Schuyler Counties, Illinois.

682.    Leslie Dale Pruitt is a resident of Morgan County, Indiana.  Plaintiff maintains a farm and farms corn in Morgan and Putnam Counties, Indiana.

683.    Cripe Brothers, A Partnership is an Illinois partnership which farms corn in Fayette County, Illinois.

684.    Provines Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Fayette County, Illinois.

685.    Schluckebier Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Montgomery County, Illinois.

686.    David Gregg, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Shelby County, Illinois.

687.    D Walk Inc. is an Illinois corporation with its principal place of business in Illinois. It farms corn in Shelby and Cumberland Counties, Illinois.

688.    PB Walk Co. is an Illinois corporation with its principal place of business in Illinois. It farms corn in Shelby and Cumberland Counties, Illinois.

689.    BYW Inc. is an Illinois corporation with its principal place of business in Illinois. It farms corn in Shelby and Cumberland Counties, Illinois.

690.    WD Walk Ltd. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Shelby and Cumberland Counties, Illinois.

691.    William, Pat, Brad, Brad & Darin Walk Partnership is an Illinois partnership which farms corn in Shelby and Cumberland Counties, Illinois.

692.    P&M Walk, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Shelby and Cumberland Counties, Illinois.

693.    Huffman Farm & Electric, Inc. is an Illinois corporation with its principal place of

business in Illinois.  It farms corn in Cumberland County, Illinois.

694.    Dobbins Grain Farm, Ltd. is an Illinois partnership which farms corn in Jasper County, Illinois.

695.    Chet Aaron Dobbins is a resident of Jasper County, Illinois.  Plaintiff maintains a farm and farms corn in Jasper County, Illinois.

696.    Tim Cohorst is a resident of Jasper County, Illinois.  Plaintiff maintains a farm and farms corn in Jasper County, Illinois.

697.    Charles Kastning is a resident of Boone County, Illinois.  Plaintiff maintains a farm and farms corn in Boone County, Illinois.

698.    Janice Louise Townsend Revocable Trust farms corn in Wayne County, Illinois.

699.    Walter Lloyd Townsend Revocable Trust farms corn in Wayne County, Illinois.

700.    Walter Townsend is a resident of Wayne County, Illinois.  Plaintiff maintains a farm and farms corn in Wayne County, Illinois.

701.    Emily Thomann is a resident of Richland County, Illinois.  Plaintiff maintains a farm and farms corn in Richland and Clay Counties, Illinois.

702.    Gail Thomann is a resident of Richland County, Illinois.  Plaintiff maintains a farm and farms corn in Richland and Clay Counties, Illinois.

703.    Ruth Thomann is a resident of Richland County, Illinois.  Plaintiff maintains a farm and farms corn in Richland and Clay Counties, Illinois.

704.    Opfer Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Fayette and Marion Counties, Illinois.

705.    Probst AG, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Jasper County, Illinois.

706.    James A. Bell is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles, Shelby, Moultrie and Cumberland Counties, Illinois.

707.    Rolling Prairie Farm Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Coles, Moultrie, Shelby and Cumberland Counties, Illinois.

708.    Bernard Flood is a resident of Moultrie County, Illinois.  Plaintiff maintains a farm and farms corn in Moultrie County, Illinois.

709.    Boar Branch LLC is a North Carolina corporation with its principal place of business in North Carolina.  It farms corn in Columbus County, North Carolina.

710.    Mitchell Cartrette is a resident of Columbus County, North Carolina.  Plaintiff maintains a farm and farms corn in Columbus County, North Carolina.

711.    William "Cole" Cartrette is a resident of Columbus County, North Carolina.  Plaintiff maintains a farm and farms corn in Columbus County, North Carolina.

712.    Perkins Performance LLC is a Wisconsin corporation with its principal place of business in Wisconsin.  It farms corn in Richland and Grant Counties, Wisconsin.

713.    Brian William Perkins is a resident of Richland County, Wisconsin.  Plaintiff maintains a farm and farms corn in Richland and Grant Counties, Wisconsin.

714.    Jim Stevenson is a resident of Charles Mix County, Iowa.  Plaintiff maintains a farm and farms corn in Iowa County, Iowa.

715.    Jason Craig Opfer is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Fayette County, Illinois.

716.    Dorlin S. Drake is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo and Benton Counties, Indiana.

717.    David Voges is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and

farms corn in Vigo County, Indiana.

718.     Shane M. Way is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

719.     Timothy J. Whalen Living Trust farms corn in Coles County, Illinois.

720.     Joshua D. Charlton is a resident of Marshall County, Illinois.  Plaintiff maintains a farm and farms corn in Tazewell and Mason Counties, Illinois.

721.     Zachary A. Charlton is a resident of Marshall County, Illinois.  Plaintiff maintains a farm and farms corn in Mason County, Illinois.

722.     Eric Eeten is a resident of Tazewell County, Illinois.  Plaintiff maintains a farm and farms corn in Tazewell County, Illinois.

723.     David M. Fornoff is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason County, Illinois.

724.     Ryan Fornoff is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason County, Illinois.

725.     Meeker Brothers is an Illinois partnership which farms corn in Mason County, Illinois.

726.     Rodney Richardson is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Fulton County, Illinois.

727.     Norman White is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason and Fulton Counties, Illinois.

728.     Clark Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Livingston and Kanakee Counties, Illinois.

729.     Amy Wancho is a resident of Kankakee County, Illinois.  Plaintiff maintains a farm

and farms corn in Livingston and Kankakee Counties, Illinois.

730.     Kevin Wancho is a resident of Kankakee County, Illinois.  Plaintiff maintains a farm and farms corn in Livingston and Kankakee Counties, Illinois.

731.     Wancho, LLC is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Livingston and Kankakee Counties, Illinois.

732.     Jason Zumbahlen is a resident of Jasper County, Illinois.  Plaintiff maintains a farm and farms corn in Jasper County, Illinois.

733.     Double H Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Clinton and Bond Counties, Illinois.

734.     Vonder Haar, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Clinton County, Illinois.

735.     Clayton Gathe is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Fayette County, Illinois.

736.     Raymond Reed is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Fayette County, Illinois.

737.     Raymond Reed is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Fayette County, Illinois.

738.     Michael Reed is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Fayette County, Illinois.

739.     Schaufine Farms Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Bond and Montgomery Counties, Illinois.

740.     Gabriel Pope is a resident of Montgomery County, Illinois.  Plaintiff maintains a farm and farms corn in Montgomery and Christian Counties, Illinois.

741.    Holsapple Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Cumberland County, Illinois.

742.    Holster, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Cumberland County, Illinois.

743.    Phipps Ag. Co is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Lawrence County, Illinois.

744.    John Phipps is a resident of Lawrence County, Illinois.  Plaintiff maintains a farm and farms corn in Lawrence County, Illinois.

745.    Doug Welsh is a resident of Moultrie County, Illinois.  Plaintiff maintains a farm and farms corn in Shelby and Coles Counties, Illinois.

746.    Welsh Farms is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Shelby and Coles Counties, Illinois.

747.    John V. Welsh is a resident of Moultrie County, Illinois.  Plaintiff maintains a farm and farms corn in Shelby and Coles Counties, Illinois.

748.    John Vincent Welsh is a resident of Moultrie County, Illinois.  Plaintiff maintains a farm and farms corn in Shelby and Coles Counties, Illinois.

749.    Ray Kenneth Flood is a resident of Cumberland County, Illinois.  Plaintiff maintains a farm and farms corn in Cumberland County, Illinois.

750.    Scott Bicknell is a resident of Moultrie County, Illinois.  Plaintiff maintains a farm and farms corn in Moultrie County, Illinois.

751.    Charles and Diane Anderson Trust farms corn in Douglas County, Illinois.

752.    Wade Anderson is a resident of Douglas County, state.  Plaintiff maintains a farm and farms corn in Douglas County, Illinois.

753.    James Kevin Devore Rev. Trust farms corn in Bond County, Illinois.

754.    Spengler Farms, Ltd is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Christian County, Illinois.

755.    Witte Dairy Farm, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Washington County, Illinois.

756.    Bradley Pifer is a resident of Crawford County, Illinois.  Plaintiff maintains a farm and farms corn in Crawford County, Illinois.

757.    Pifer Farms, an Illinois Partnership is an Illinois partnership which farms corn in Crawford County, Illinois.

758.    Clodfelter Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Richland, Wabash, Lawrence, Edwards, and Wayne Counties, Illinois.

759.    Bradley Yockey is a resident of Jasper County, Illinois.  Plaintiff maintains a farm and farms corn in Jasper, Crawford, Richland, and Lawrence Counties, Illinois.

760.    Mark DeDecker is a resident of Henry County, Illinois.  Plaintiff maintains a farm and farms corn in Henry County, Illinois.

761.    Dale Himstedt is a resident of Christian County, Illinois.  Plaintiff maintains a farm and farms corn in Christian County, Illinois.

762.    Sackrider Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Vigo County, Illinois.

763.    RTS Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Clinton and Bond Counties, Illinois.

764.    Thomas T. Connors is a resident of Macoupin County, Illinois.  Plaintiff maintains a farm and farms corn in Macoupin County, Illinois.

765.    Quail Ridge Farm, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Edwards and White Counties, Illinois.

766.    Michael K. Wolff is a resident of Effingham County, Illinois.  Plaintiff maintains a farm and farms corn in Effingham and Fayette Counties, Illinois.

767.    Bernice Graumenz is a resident of Effingham County, Illinois.  Plaintiff maintains a farm and farms corn in Effingham County, Illinois.

768.    Tony Marchello, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Bond, Champaign, Montgomery, and Fayette Counties, Illinois.

769.    Bradley D. Wolff is a resident of Effingham County, Illinois.  Plaintiff maintains a farm and farms corn in Effingham County, Illinois.

770.    Joshua David Jaeger is a resident of Platte County, Nebraska.  Plaintiff maintains a farm and farms corn in Wayne County, Nebraska.

771.    Tammi Ann Jaeger is a resident of Platte County, Nebraska.  Plaintiff maintains a farm and farms corn in Wayne County, Nebraska.

772.    Ryan Frieders is a resident of DeKalb County, Illinois.  Plaintiff maintains a farm and farms corn in Dekalb and Dupage Counties, Illinois.

773.    Fred Brian Blessing is a resident of Wayne County, Illinois.  Plaintiff maintains a farm and farms corn in Wayne County, Illinois.

774.    LaTerra Partners Partnership is an Illinois partnership which farms corn in Dekalb, Depage, and Kendall Counties, Illinois.

775.    Janice K Anniss Revocable Trust farms corn in Wayne and Edwards Counties, Illinois.

776.    Robert E. Anniss Revocable Trust farms corn in Wayne and Edwards Counties,

Illinois.

777.    Robert E. Anniss Jr. is a resident of Richland County, Illinois.  Plaintiff maintains a farm and farms corn in Wayne and Edwards Counties, Illinois.

778.    William Dean Robinson is a resident of Cumberland County, Illinois.  Plaintiff maintains a farm and farms corn in Cumberland County, Illinois.

779.    Waters Farms Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Edwards County, Illinois.

780.    Burnside Acres, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Fayette County, Illinois.

781.    Roger Harris Jr. is a resident of Shelby County, (Illinois).  Plaintiff maintains a farm and farms corn in Shelby County, Illinois.

782.    RH Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Shelby County, Illinois.

783.    Kirk Feller is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Fayette County, Illinois.

784.    Dane Feller is a resident of Fayette County, Illinois.  Plaintiff maintains a farm and farms corn in Fayette County, Illinois.

785.    Matthew Waters is a resident of Edwards County, Illinois.  Plaintiff maintains a farm and farms corn in Edwards County, Illinois.

786.    Jan Ridgely is a resident of Richland County, Illinois.  Plaintiff maintains a farm and farms corn in Richland and Edwards Counties, Illinois.

787.    Jordon Ridgely is a resident of Richland County, Illinois.  Plaintiff maintains a farm and farms corn in Richland and Wayne Counties, Illinois.

788.    Gill Farms Partnership is a Mississippi partnership which farms corn in Washington and Bolivar Counties, Mississippi.

789.    Gill Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Clay and Wayne Counties, Illinois.

790.    Blaine Dehart is a resident of Clay County, Illinois. Plaintiff maintains a farm and farms corn in Clay and Wayne Counties, Illinois.

791.    Matthew C. Taylor is a resident of Fountain County, Indiana.  Plaintiff maintains a farm and farms corn in Vermilion County, Illinois and Fountain Counties, Indiana.

792.    Barbara J Curry is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

793.    Randall W. Curry is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles, Shelby, and Davis Counties, Illinois.

794.    Ronald W. Curry is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles, Shelby, and Davis Counties, Illinois.

795.    Steven R. Curry is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles, Shelby, and Davis Counties, Illinois.

796.    Phyllis Sue Potter is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

797.    Robert G. Potter is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

798.    Thomas L. Sawyer is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

799.    Jerry Schultz is a resident of Coles County, Illinois.  Plaintiff maintains a farm and

farms corn in Coles County, Illinois.

800.    Shane M. Cornwell is a resident of Clark County, Illinois.  Plaintiff maintains a farm and farms corn in Clark County, Illinois.

801.    Clark & Clark Farms, Inc. is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Knox County, Indiana.

802.    Mark Clark is a resident of Knox County, Indiana.  Plaintiff maintains a farm and farms corn in Knox County, Indiana.

803.    Justin Townsend is a resident of Wayne County, Illinois.  Plaintiff maintains a farm and farms corn in Wayne County, Illinois.

804.    Erin Phillips is a resident of Wayne County, Illinois.  Plaintiff maintains a farm and farms corn in Wayne County, Illinois.

805.    Elkhorn Crossing LLC is a Nebraska corporation with its principal place of business in Nebraska. It farms corn in Dodge County, Nebraska.

806.    Becky Sander is a resident of Morgan County, Illinois.  Plaintiff maintains a farm and farms corn in Morgan County, Illinois.

807.    Joel Sander is a resident of Morgan County, Illinois.  Plaintiff maintains a farm and farms corn in Morgan County, Illinois.

808.    Carl D. Tingley is a resident of Crawford County, Illinois.  Plaintiff maintains a farm and farms corn in Clark, Crawford, and Sullivan Counties, Illinois.

809.    Angela Dickey is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Parke and Vermillion Counties, Indiana.

810.    Michael J. Dickey is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Parke and Vermillion Counties, Indiana.

811.    Alan Chowning is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Sullivan County, Indiana.

812.    Codee D. Souder is a resident of Clay County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo and Clay Counties, Indiana.

813.    Orin Washburn is a resident of Clark County, Illinois.  Plaintiff maintains a farm and farms corn in Clark County, Illinois.

814.    Tina Maher is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Clark and Vigo Counties, Indiana.

815.    William J. Maher is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Edgar County, Illinois and Vigo, Fountain, and Vermilion Counties, Indiana.

816.    Rose Brothers Farm, an Indiana General Partnership which farms corn in Edgar County, Illinois and Parke, Putnam, and Vermilion Counties, Indiana.

817.    Mary Clayton is a resident of Knox County, Indiana.  Plaintiff maintains a farm and farms corn in Lawrence County, Illinois.

818.    Rodney A. Newell is a resident of Lawrence County, Illinois.  Plaintiff maintains a farm and farms corn in Lawrence County, Illinois.

819.    Wehrle Bros. Equipment, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Fayette County, Illinois.

820.    Jeremy J. Jaeger is a resident of Platte County, Nebraska.  Plaintiff maintains a farm and farms corn in Wayne County, Nebraska.

821.    M & M Rose Farms, LLC is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Parke and Fountain Counties, Indiana.

822.    William L. Keys is a resident of Edgar County, Illinois.  Plaintiff maintains a farm

and farms corn in Edgar County, Illinois.

823.    Amy Hildebrandt is a resident of Winnebago County, Illinois.  Plaintiff maintains a farm and farms corn in Boone and Winnebago Counties, Illinois and Rock County, Wisconsin.

824.    Don Hildebrandt is a resident of Winnebago County, Illinois.  Plaintiff maintains a farm and farms corn in Boone and Winnebago Counties, Illinois and Rock County, Wisconsin.

825.    Karla Hildebrandt is a resident of Winnebago County, Illinois.  Plaintiff maintains a farm and farms corn in Boone and Winnebago Counties, Illinois and Rock County, Wisconsin.

826.    Ken Hildebrandt is a resident of Winnebago County, Illinois.  Plaintiff maintains a farm and farms corn in Boone and Winnebago Counties, Illinois and Rock County, Wisconsin.

827.    Graham Farms, Inc. is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Daviess and Martin Counties, Indiana.

828.    Thomas E. Graham, Jr. is a resident of Daviess County, Indiana.  Plaintiff maintains a farm and farms corn in Daviess and Martin Counties, Indiana.

829.    Rachel Fischer is a resident of Clay County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo and Clay Counties, Indiana.

830.    Karl Fischer is a resident of Clay County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo and Clay Counties, Indiana.

831.    Patricia Fischer is a resident of Clay County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo and Clay Counties, Indiana.

832.    Steven D. Strole is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Edgar County, Illinois and Vigo County, Indiana.

833.    Connie Thrasher is a resident of Maury County, Tennessee.  Plaintiff maintains a farm and farms corn in Sullivan County, Indiana.

834.     Then And Now Farm Corporation is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Parke County, Indiana.

835.     Linda M. Barr is a resident of Florida.  Plaintiff maintains a farm and farms corn in Sullivan County, Indiana.

836.     Brian L. Drake is a resident of Tennessee.  Plaintiff maintains a farm and farms corn in Sullivan County, Indiana.

837.     Stephen L. Drake is a resident of California.  Plaintiff maintains a farm and farms corn in Sullivan County, Indiana.

838.     W.E. Keith Drake is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Sullivan County, Indiana.

839.     Anthony M. Wassel is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo County, Indiana.

840.     Patty McClaskey is a resident of Marion County, Illinois.  Plaintiff maintains a farm and farms corn in Lawrence County, Illinois.

841.     Daniel McKay is a resident of Effingham County, Illinois.  Plaintiff maintains a farm and farms corn in Effingham and Shelby Counties, Illinois.

842.     Gregory Mace is a resident of Parke County, Indiana.  Plaintiff maintains a farm and farms corn in Parke County, Indiana.

843.     Phillip R. Hammond is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo County, Indiana.

844.     William Patrick Burkhart is a resident of Daviess County, Indiana.  Plaintiff maintains a farm and farms corn in Daviess County, Indiana.

845.     Michael Franklin Burkhart is a resident of Daviess County, Indiana.  Plaintiff

maintains a farm and farms corn in Daviess County, Indiana.

846.   Johnathan C. Reinhart is a resident of Brown County, Minnesota.  Plaintiff maintains a farm and farms corn in Blue Earth and Brown Counties, Minnesota.

847.   Lyle Smith is a resident of Yuma County, Colorado.  Plaintiff maintains a farm and farms corn in Yuma and Washington Counties, Colorado.

848.   Michael Baucke is a resident of Yuma County, Colorado.  Plaintiff maintains a farm and farms corn in Yuma County, Colorado.

849.   Fairchild Farms, Inc. is an Iowa corporation with its principal place of business in Iowa.  It farms corn in Clay and Pocahontas Counties, Iowa.

850.   Mark Joel Fairchild is a resident of Clay County, Iowa.  Plaintiff maintains a farm and farms corn in Clay and Pocahontas Counties, Iowa.

851.   Lauterbach Farms LLC is an Iowa corporation with its principal place of business in Iowa.  It farms corn in Tama, Grundy, and Black Hawk Counties, Iowa.

852.   Jim Fletcher is a resident of Sangamon County, Illinois.  Plaintiff maintains a farm and farms corn in Sangamon County, Illinois.

853.   Poe Enterprises is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Sangamon County, Illinois.

854.   Donald Raymond Poe is a resident of Sangamon County, Illinois.  Plaintiff maintains a farm and farms corn in Sangamon County, Illinois.

855.   Lance Poe is a resident of Sangamon County, Illinois.  Plaintiff maintains a farm and farms corn in Sangamon County, Illinois.

856.   Sarah Alice Poe is a resident of Sangamon County, Illinois.  Plaintiff maintains a farm and farms corn in Sangamon County, Illinois.

857.    Jean Smith is a resident of Sangamon County, Illinois.  Plaintiff maintains a farm and farms corn in Sangamon County, Illinois.

858.    The Estate of Alice Edith Henrickson farms corn in Sangamon County, Illinois.

859.    Glen David Brown is a resident of Sangamon County, Illinois.  Plaintiff maintains a farm and farms corn in Sangamon County, Illinois.

860.    Harold Darby Brown is a resident of Sangamon County, Illinois.  Plaintiff maintains a farm and farms corn in Sangamon County, Illinois.

861.    Carolyn Moffitt is a resident of Knox County, Illinois.  Plaintiff maintains a farm and farms corn in Knox County, Illinois.

862.    Donald Lee Moffitt is a resident of Knox County, Illinois.  Plaintiff maintains a farm and farms corn in Knox County, Illinois.

863.    Russell Moffitt Family Trust farms corn in Knox County, Illinois.

864.    Mark A. Peterson is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Sullivan, Clay, Vigo, and Pulaski Counties, Indiana.

865.    Frederick R. Peterson is a resident of Sullivan County, Indiana.  Plaintiff maintains a farm and farms corn in Sullivan, Clay, and Vigo Counties, Indiana.

866.    The Donald Froderman Farm is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Clay County, Indiana.

867.    M. Marie Nattier is a resident of Wayne County, Illinois.  Plaintiff maintains a farm and farms corn in Marion and Fayette Counties, Illinois.

868.    Sweeney Brothers, LLC is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Coles County, Illinois.

869.    Jerry Sweeney is a resident of Coles County, Illinois.  Plaintiff maintains a farm

and farms corn in Coles County, Illinois.

870.    Evans Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Coles County, Illinois.

871.    Kayla Cheatwood is a resident of Jefferson County, Arkansas.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

872.    Donald Sweeney is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

873.    Victor Castle is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

874.    Sweeney Farms, LP is an Illinois partnership which farms corn in Coles County, Illinois.

875.    Mary Jane Curry is a resident of DeSoto County, Mississippi.  Plaintiff maintains a farm and farms corn in Sullivan County, Illinois.

876.    Chinook Enterprises, LLC is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Vigo County, Indiana.

877.    Farmer Jack Land Company, LLC is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Vigo and Sullivan Counties, Indiana.

878.    Gibson Development, LLC is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Vigo County, Indiana.

879.    Gregory L. Gibson is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo County, Indiana.

880.    GIG Leasing Corporation is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Vigo and Clay Counties, Indiana.

881.    Hoosier Jack Land Company, LLC is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Vigo County, Indiana.

882.    McDonald Farm Holdings, LLC is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Vigo County, Indiana.

883.    Sullivan Jack Land Company, LLC is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Vigo and Sullivan Counties, Indiana.

884.    Sundance Farms, LLC is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Vigo County, Indiana.

885.    Herrington Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Edgar County, Illinois.

886.    Darlene Lee is a resident of Dunn County, Wisconsin.  Plaintiff maintains a farm and farms corn in Dunn County, Wisconsin.

887.    Irwin Farms, Inc. is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Clark County, Illinois and Vigo County, Indiana.

888.    Stephane Earley is a resident of Parke County, Indiana.  Plaintiff maintains a farm and farms corn in Parke County, Indiana.

889.    Roberts Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Clark County, Illinois and Vigo County, Indiana.

890.    Charles E. Meier is a resident of Washington County, Illinois.  Plaintiff maintains a farm and farms corn in Washington County, Illinois.

891.    C & M Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Washington and Clinton Counties, Illinois.

892.    Rennegarbe Farms, Inc. is an Illinois corporation with its principal place of business

in Illinois.  It farms corn in Washington and Clinton Counties, Illinois.

893.    Dustin Fairchild is a resident of Clay County, Iowa.  Plaintiff maintains a farm and farms corn in Clay County, Iowa.

894.    Dennis Long is a resident of Douglas County, Illinois.  Plaintiff maintains a farm and farms corn in Douglas County, Illinois.

895.    J. Tom Donnell is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

896.    JM Campbell Farms, Inc. is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Vigo County, Indiana.

897.    Charleen Venable is a resident of Lincoln County, Arkansas.  Plaintiff maintains a farm and farms corn in Lincoln County, Arkansas.

898.    Shelby Farm LLC is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Lincoln County, Arkansas.

899.    St. Michaels Farms 1 LLC is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Lincoln County, Arkansas.

900.    St. Michaels Farms LLC is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Lincoln County, Arkansas.

901.    Patsy Scott is a resident of Cumberland County, Illinois.  Plaintiff maintains a farm and farms corn in Cumberland County, Illinois.

902.    Guy Teeter Farms is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Desha County, Arkansas.

903.    Brick Farms Inc. is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Lincoln County, Arkansas.

904.    Rickey Day Farms Partnership is an Arkansas partnership which farms corn in Lincoln County, Arkansas.

905.    Coffee Creek Farms Inc is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Hindsley and Pace Counties, Arkansas.

906.    E & B Hindsley is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Phillips and Lee Counties, Arkansas.

907.    Triple G Investments LLC is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Chicot County, Arkansas.

908.    Beau & Shea Farms Partnership is an Arkansas partnership which farms corn in Desha County, Arkansas.

909.    Matt & Holly Farms is an Arkansas partnership which farms corn in Desha County, Arkansas.

910.    Scott Day Farms is an Arkansas partnership which farms corn in Desha County, Arkansas.

911.    Taylor Day is a resident of Desha County, Arkansas.  Plaintiff maintains a farm and farms corn in Desha County, Arkansas.

912.    J&L Farms is an Arkansas partnership which farms corn in Desha County, Arkansas.

913.    Goose Farms, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Desha County, Arkansas.

914.    Jerry McMahan Farms, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Desha County, Arkansas.

915.    DS Edwards Farms is an Arkansas partnership which farms corn in Lincoln County,

Arkansas.

916.    Tuff Acres Farms, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Lincoln County, Arkansas.

917.    Jerr Farms, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Lincoln, Arkansas and Desha Counties, Arkansas.

918.    Dustin Day Farm Partnership is an Arkansas partnership which farms corn in Desha County, Arkansas.

919.    Hayday Farm Partnership is an Arkansas partnership which farms corn in Desha County, Arkansas.

920.    Mark Day Farm Partnership is an Arkansas partnership which farms corn in Desha and Drew Counties, Arkansas.

921.    Stephen Day Farm Partnership is an Arkansas partnership which farms corn in Desha County, Arkansas.

922.    Ayecok Hill Farms is an Arkansas partnership which farms corn in Desha, Drew and Chicot Counties, Arkansas.

923.    Dinah Ayecok Farms is an Arkansas partnership which farms corn in Desha, Drew and Chicot Counties, Arkansas.

924.    Jacob Ayecok Farms is an Arkansas partnership which farms corn in Desha, Drew and Chicot Counties, Arkansas.

925.    Optimum Agriculture LLC is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Lincoln, Jefferson, White, Phillips, Monroe, Chicot, Ashley, and Cross Counties, Arkansas; Quitman and Tunica, Counties, Mississippi; and Morehouse County, Louisiana.

926.    Optimum Brinkley LLC is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Phillips and Monroe Counties, Arkansas.

927.    Optimum Louisiana LLC is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Morehouse, Franklin, and Catahoula Counties, Louisiana; White, Chicot, and Ashley Counties, Arkansas; and Quitman and Tunica Counties, Mississippi.

928.    Optimum Pine Bluff LLC is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Lincoln and Jefferson Counties, Arkansas.

929.    Saint Michaels Partnership LLC is a Louisiana corporation with its principal place of business in Louisiana. It farms corn in Catahoula, Franklin and Morehouse Counties, Louisiana.

930.    Higbie Farms GP is a Kansas partnership which farms corn in Edwards and Kiawa Counties, Kansas.

931.    L&M Holdings LLC is a Kansas corporation with its principal place of business in Kansas.  It farms corn in Edwards County, Kansas.

932.    Marrs Farm, Inc. is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Edgar County, Illinois and Vigo County, Indiana.

933.    Marrs Farm, LLC is an Indiana corporation with its principal place of business in Indiana.  It farms corn in Edgar County, Illinois and Vigo County, Indiana.

934.    William Marrs II is a resident of Vigo County, Indiana.  Plaintiff maintains a farm and farms corn in Vigo County, Indiana.

935.    S & S Farms is an Illinois corporation with its principal place of business in Illinois. It farms corn in Cumberland County, Illinois.

936.    Charles Leroy Scott is a resident of Cumberland County, Illinois.  Plaintiff maintains a farm and farms corn in Cumberland County, Illinois.

937.   Travis Thomas is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason County, Illinois.

938.   Eric K. White is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in  Mason and Fulton Counties, Illinois.

939.   James A. Hazelwood is a resident of Fulton County, Illinois.  Plaintiff maintains a farm and farms corn in Fulton County, Illinois.

940.   Louise Shafer is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason and Menard Counties, Illinois.

941.   Albert K. Krause Family Trust farms corn in Mason County, Illinois.

942.   Ann Marie Ament is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason County, Illinois.

943.   Krause Ag LLC is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Mason County, Illinois.

944.   Mark R. Roskamp is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason County, Illinois.

945.   Richard Roskamp is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason County, Illinois.

946.   James S. Coddington Trust farms corn in Mason County, Illinois.

947.   Barbara Stanley is a resident of Chase County, Nebraska.  Plaintiff maintains a farm and farms corn in Chase County, Nebraska.

948.   Michael Stanley is a resident of Chase County, Nebraska.  Plaintiff maintains a farm and farms corn in Chase County, Nebraska.

949.   Clifford Roberts is a resident of Cheyenne County, Colorado.  Plaintiff maintains a

farm and farms corn in Cheyenne County, Colorado.

950.    Don & Kaye Adams Farms Partnership is an Arkansas partnership which farms corn in Drew and Chicot Counties, Arkansas.

951.    Stan Adams Farms LLC is an Arkansas corporation with its principal place of business in Arkansas.  It farms corn in Drew and Chicot Counties, Arkansas.

952.    Parrott Farms, Inc. is an Iowa corporation with its principal place of business in Iowa.  It farms corn in Des Moines County, Iowa.

953.    Jap Farms is an Arkansas partnership which farms corn in Desha, Drew, and Chicot Counties, Iowa.

954.    Palsa Plantation is an Arkansas partnership which farms corn in Desha, Drew and Chicot Counties, Iowa.

955.    Parker Palsa Farm is an Arkansas partnership which farms corn in Desha, Drew, and Chicot Counties, Iowa.

956.    McClain Farms, Inc. is an Indiana corporation with its principal place of business in Indiana.   It farms corn in Vigo and Edgar Counties, Indiana.

957.    Raymond Harvey Gosch is a resident of Crawford County, Iowa.  Plaintiff maintains a farm and farms corn in Crawford, Harrison and Monona Counties, Iowa.

958.    Bruce Williams is a resident of Marion County, Indiana.  Plaintiff maintains a farm and farms corn in Hendricks, Putnam, Boone, Marion and Johnson Counties, Indiana and Vermillion County, Illinois.

959.    Bruce Smidt is a resident of Hancock County, Iowa.  Plaintiff maintains a farm and farms corn in Hancock County, Iowa.

960.    Bernard George Schmitz is a resident of Buchanan County, Iowa.   Plaintiff

maintains a farm and farms corn in Blackhawk County, Iowa.

961.    Ronald Eugene Simonton is a resident of Clark County, Illinois.  Plaintiff maintains a farm and farms corn in Clark County, Illinois.

962.    Brent Reese Collins is a resident of Delaware County, Indiana.  Plaintiff maintains a farm and farms corn in Delaware County, Indiana.

963.    Don Rex Collins is a resident of Delaware County, Indiana.  Plaintiff maintains a farm and farms corn in Delaware County, Indiana.

964.    Michael Petro is a resident of Delaware County, Indiana.  Plaintiff maintains a farm and farms corn in Delaware County, Indiana.

965.    Scott Louis Landrey is a resident of Sangamon County, Illinois.  Plaintiff maintains a farm and farms corn in Sangamon, Christian, Montgomery and Macoupin Counties, Illinois.

966.    William H. Tomky is a resident of Chase County, Nebraska.  Plaintiff maintains a farm and farms corn in Chase County, Nebraska.

967.    Robert Lowell Parker is a resident of Delaware County, Indiana.  Plaintiff maintains a farm and farms corn in Delaware County, Indiana.

968.    Dustin Charles Parker is a resident of Delaware County, Indiana.  Plaintiff maintains a farm and farms corn in Delaware County, Indiana.

969.    Ven-Oka Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Washington County, Illinois.

970.    Greg Ronald Ebken is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason County, Illinois.

971.    Diane Ebken Trust farms corn in Mason County, Illinois.

972.    Ronald Ebken Trust farms corn in Mason County, Illinois.

973.    Justin Rindel is a resident of Divide County, North Dakota.  Plaintiff maintains a farm and farms corn in Divide County, North Dakota.

974.    Ashley Rindel is a resident of Divide County, North Dakota.  Plaintiff maintains a farm and farms corn in Divide County, North Dakota.

975.    J.W. Sanders Farms LLC is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Pemiscot County, Missouri.

976.    John William Sanders III is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

977.    John William Sanders is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

978.    Darrel Dean Janssen is a resident of Livingston County, Illinois.  Plaintiff maintains a farm and farms corn in Livingston County, Illinois.

979.    Robert L. De Jong is a resident of Obrien County, Iowa.  Plaintiff maintains a farm and farms corn in Iowa.

980.    Charles Cummings is a resident of Pike County, Indiana.  Plaintiff maintains a farm and farms corn in Pike County, Indiana.

981.    Gerald Bradford Burke is a resident of Knox County, Indiana.  Plaintiff maintains a farm and farms corn in Knox County, Indiana.

982.    Marci Burke-Mayall is a resident of Knox County, Indiana.  Plaintiff maintains a farm and farms corn in Pike County, Indiana.

983.    Robertine Hatton is a resident of Knox County, Indiana.  Plaintiff maintains a farm and farms corn in Knox County, Indiana.

984.    Jesse Thomas Loveless is a resident of Pike County, Indiana.  Plaintiff maintains a

farm and farms corn in Pike County, Indiana.

985.    Lois Stafford Myers is a resident of Vermillion County, Indiana.  Plaintiff maintains a farm and farms corn in Knox County, Indiana.

986.    Rodney Schlomer is a resident of Pike County, Indiana.  Plaintiff maintains a farm and farms corn in Pike County, Indiana.

987.    Robert Shane Croslin is a resident of Franklin County, Illinois.  Plaintiff maintains a farm and farms corn in Franklin and Williamson Counties, Illinois.

988.    David Truman Gale is a resident of Fulton County, Illinois.  Plaintiff maintains a farm and farms corn in Fulton, McDonough and Schuyler Counties, Illinois.

989.    Murdock and Sons, Inc. is a Kentucky corporation with its principal place of business in Kentucky.  It farms corn in Weakley County, Tennessee and Graves and Calloway Counties, Kentucky.

990.    James Ray Murdock is a resident of Calloway County, Kentucky.  Plaintiff maintains a farm and farms corn in Weakley County, Tennessee and Graves and Calloway Counties, Kentucky.

991.    Nathan Musser is a resident of Calloway County, Kentucky.  Plaintiff maintains a farm and farms corn in Henry County, Tennessee and Graves and Calloway Counties, Kentucky.

992.    Kyle Murdock is a resident of Calloway County, Kentucky.  Plaintiff maintains a farm and farms corn in Henry County, Tennessee and Graves County, Kentucky.

993.    A.L. Story, Inc. a/k/a A.L. Story Farms, Inc. is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Mississippi County, Missouri.

994.    Aaron Peterson is a resident of Faulk County, South Dakota and Edmunds, Iowa.  Plaintiff maintains a farm and farms corn in Miller County, Arkansas and Woodbury County, Iowa.

995.    Aaron Vilhaur is a resident of Edmunds County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

996.    ABC Farms, Inc. is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Mississippi County, Missouri.

997.    Adam Hunt is a resident of Grant County, South Dakota..  Plaintiff maintains a farm and farms corn in Grant County, South Dakota.

998.    Agecy I LLC is a South Dakota limited liability company which farms corn in McCurtain County, Oklahoma and Red River County, Texas.

999.    Agecy II LLC is a South Dakota limited liability company which farms corn in Little River County, Arkansas, McCurtain County, Oklahoma and Red River County, Texas.

1000.    Ahunt Farm, LLC is a South Dakota limited liability company with its principal place of business in South Dakota.  It farms corn in Grant County, South Dakota.

1001.    Alex Maupin is a resident of Nodaway County, Missouri.  Plaintiff maintains a farm and farms corn in Nodaway County, Missouri.

1002.    Alice Gibson is a resident of Dunklin County, Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Arkansas and Dunklin County, Missouri.

1003.    Amy Wanous is a resident of South Dakota.  Plaintiff maintains a farm and farms corn in Edmunds and Brown Counties, South Dakota.

1004.    Andy Scarborough is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in McPherson, Brown, and Campbell Counties, South Dakota.

1005.    Armadale Farms, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Spink County, South Dakota.

1006.    Arnold Hunt is a resident of Roberts County, South Dakota.  Plaintiff maintains a

farm and farms corn in Grant County, South Dakota.

1007.   Austin Hunt is a resident of Grant County, South Dakota.  Plaintiff maintains a farm and farms corn in Grant County, South Dakota.

1008.   B.T. Meredith is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1009.   Barry R. Vculek is a resident of North Dakota.  Plaintiff maintains a farm and farms corn in Sargent, Dickey LaMoure and McIntosh Counties, North Dakota and McPherson County, South Dakota.

1010.   Bea Grissom is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1011.   Belinda Markin is a resident of Dunklin County, Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Arkansas and Dunklin County, Missouri.

1012.   Benjamin Copass is a resident of Kentucky.  Plaintiff maintains a farm and farms corn in Monroe County, Kentucky.

1013.   Bill English is a resident of Bowie County, Texas.  Plaintiff maintains a farm and farms corn in Bowie County, Texas and McCurtain Counties, Oklahoma.

1014.   Brandon Fischer is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1015.   Braun Joint Venture is a South Dakota partnership which farms corn in Brown County, South Dakota.

1016.   Brent Neiger is a resident of Edmunds County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1017.   Brett Holler is a resident of Brown County, South Dakota.  Plaintiff maintains a

farm and farms corn in Brown County, South Dakota.

1018.   Brett Peterson is a resident of Turner County, South Dakota.  Plaintiff maintains a farm and farms corn in Lincoln, Minnehana and Turner Counties, South Dakota.  Brett Peterson does business as PBP Farms, a South Dakota Corporation with its principal place of business in South Dakota, which farms corn in Lincoln, Minnehana and Turner Counties, South Dakota.

1019.   Brian Peterson is a resident of Woodbury County, Iowa.  Plaintiffs maintain a farm and farms corn in Woodbury County, Iowa.

1020.   Bruton Farms LP is a Missouri partnership which farms corn in Pemiscot County, Missouri.

1021.   Bryce Maher is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Faulk, Hand and Spink Counties, South Dakota.

1022.   Bryce Miller is a resident of Faulk County, South Dakota.  Plaintiff maintains a farm and farms corn in Faulk County, South Dakota.

1023.   Bryce Neiger is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1024.   C.W. Reed III is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1025.   Campbell Farms Partnership is a Missouri partnership which farms corn in Pemiscot County, Missouri.

1026.   Carey Nilsson is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1027.   Carla Hoffman is a resident of South Dakota.  Plaintiff maintains a farm and farms corn in Edmunds County, South Dakota.

1028.   Cathy L. Dernoncourt is a resident of Mississippi County, Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Missouri.

1029.   Chad Fischbach is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1030.   Chad Haselhorst is a resident of Brookings County, South Dakota.  Plaintiff maintains a farm and farms corn in Faulk County, South Dakota.

1031.   Charles Mayberry is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Stoddard County, Missouri.

1032.   Chelle & Nate, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in    Spink County, South Dakota.

1033.   Cherie Medlin Kirby is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1034.   CJ Wientjes Farm Partnership is a South Dakota partnership which farms corn in Corson and Dewey Counties, South Dakota.

1035.   Claire Haggard Zurek is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1036.   Corby Brown is a resident of Monroe County, Kentucky.  Plaintiff maintains a farm and farms corn in Monroe County, Kentucky.

1037.   Curtis Penfield is a resident of Faulk County, South Dakota.  Plaintiff maintains a farm and farms corn in Edmunds County, South Dakota.

1038.   Cyd T. Rahm is a resident of South Dakota.  Plaintiff maintains a farm and farms corn in Hughes County, South Dakota.

1039.   Daniel Peterson is a resident of Woodbury County, Iowa.  Plaintiffs maintain a farm

and farms corn in Woodbury County, IowWhiskey Creek Partnership is an Iowa partnership which farms corn in Woodbury and Monona Counties, Iowa and Clay County, South Dakota.

1040.    Dave Robertson is a resident of San Joaquin County, California.  Plaintiff maintains a farm and farms corn in San Joaquin County, California.

1041.    David and Kristen Blasey Joint Venture Partnership is a North Dakota partnership which farms corn in Grand Forks, Griggs, Nelson and Foster Counties, North Dakota.

1042.    David Kasper is a resident of Monroe County, Iowa.  Plaintiff maintains a farm and farms corn in Monroe County, Iowa.

1043.    David Olen is a resident of Faulk County, South Dakota.  Plaintiff maintains a farm and farms corn in Faulk County, South Dakota.

1044.    David Pigors is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1045.    DDAB Farms is a Missouri partnership which farms corn in Pemiscot County, Missouri.

1046.    Dean Niederbaumer is a resident of Brown County, South Dakota.   Plaintiff maintains a farm and farms corn in Faulk County, South Dakota.

1047.    Dell Farm Inc. is South Dakota corporation with its principal place of business in South Dakota.  It farms in Brown County, South Dakota.

1048.    Denver Howard Fike Estate farms corn in Pemiscot County, Missouri.

1049.    Deuce Farms, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Brown and Edmunds Counties, South Dakota.

1050.    Don Allyson Medlin is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1051.   Don Branderhorst is a resident of Marion County, Iowa.  Plaintiff maintains a farm and farms corn in Marion County, Iowa.

1052.   Donald Olen is a resident of Faulk County, South Dakota.  Plaintiffs maintain a farm and farms corn in Faulk County, South Dakota.

1053.   Douglas Arnold is a resident of Wayne County, Iowa.  Plaintiff maintains a farm and farms corn in Wayne County, Iowa.

1054.   Eagle Pass Lodge, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Hand County, South Dakota.

1055.   Eagle Pass Ranch, Inc. is a Delaware corporation with its principal place of business in South Dakota.  It farms corn in Hand County, South Dakota.

1056.   EDCO Properties LLC is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in   Edmunds County, South Dakota.

1057.   Elizabeth Peacock-Brandes is a resident of Tennessee.  Plaintiff maintains a farm and farms corn in Lake County, Tennessee.

1058.   Emily Koenig is a resident of Hamlin County, South Dakota.  Plaintiff maintains a farm and farms corn in Hamlin County, South Dakota.

1059.   Eric Maupin is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Nodaway County, Missouri.

1060.   Ettis Ditto is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Missouri.

1061.   Four Star Ag is a North Dakota partnership which farms corn in Sargent, Dickey LaMoure and McIntosh Counties, North Dakota and McPherson County, South Dakota.

1062.   Four-M Farms is a Missouri partnership which farms in Stoddard County, Missouri.

1063.   Frank Zweber, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Potter County, South Dakota.

1064.   G & O Fischbach General Partnership is a South Dakota general partnership which farms corn in Brown County, South Dakota.

1065.   Garrett Rahm is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Spink County, South Dakota.

1066.   Gary Bruton Farms Inc. is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Pemiscot County, Missouri.

1067.   Gary D. Murphy II is a resident of Stoddard County, Missouri.  Plaintiff maintains a farm and farms corn in Stoddard and New Madrid Counties, Missouri.

1068.   Gary D. Murphy III is a resident of New Madrid County, Missouri.  Plaintiff maintains a farm and farms corn in New Madrid County, Missouri.

1069.   Gary Murphy Farms II Partnership is a Missouri partnership which farms corn in Stoddard County, Missouri.

1070.   Gary Murphy Farms Partnership is a Missouri partnership which farms corn in New Madrid County, Missouri.

1071.   Gary Murphy Sr. is a resident of Stoddard County, Missouri.  Plaintiff maintains a farm and farms corn in Stoddard County, Missouri.

1072.   Gary Pic is a resident of Ramsey County, North Dakota.  Plaintiff maintains a farm and farms corn in Nelson and Walsh  Counties, North Dakota.

1073.   Geff Carstens is a resident of Hamlin County, South Dakota.  Plaintiff maintains a farm and farms corn in Clark and Hamlin Counties, South Dakota.

1074.   George Prange Trust farms corn in Pemiscot County, Missouri.

1075.   Gina Bernard is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1076.   Glenda Young is a resident of South Dakota.  Plaintiff maintains a farm and farms corn in Brown  County, South Dakota.

1077.   Grant Rahm is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Spink County, South Dakota.

1078.   Greg Fischbach is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1079.   Greg Paschall is a resident of Tennessee.  Plaintiff maintains a farm and farms corn in Lake County, Tennessee.

1080.   Greg Rahm is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Hughes County, South Dakota.

1081.   Gregg Mayberry is a resident of Stoddard County, Missouri.  Plaintiff maintains a farm and farms corn in Stoddard County, Missouri.

1082.   GT Ag, LLC is a Missouri limited liability company with its principal place of business in Missouri.  It farms corn in Mississippi and Clay Counties, Arkansas and Dunklin County, Missouri.

1083.   H&D Farms is a Missouri partnership which farms corn in Pemiscot County, Missouri.

1084.   Hamlin Farms is a Missouri partnership which farms corn in Pemiscot County, Missouri.

1085.   Haselhorst Farms Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in   Faulk County, South Dakota.

1086.   Heilman Farming Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Edmunds County, South Dakota.

1087.   Inel Ryckman is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1088.   J.B. Partnership is a South Dakota partnership which farms corn in Edmunds County, South Dakota.

1089.   James B. Rutledge is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1090.   James Lee Bishop is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Missouri.

1091.   James Raulerson is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1092.   James Ted Street is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1093.   James Thurmond is a resident of Mississippi County, Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Missouri.

1094.   James W. Bernard is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1095.   James Young is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1096.   Jane and Charles Primm Trust farms corn in Pemiscot County, Missouri.

1097.   Jane Neiderbaumer is a resident of South Dakota.  Plaintiff maintains a farm and farms corn in Faulk County, South Dakota.

1098.  Janis and Eloy Heier are residents of Brown County, South Dakota.  Plaintiffs maintain a farm and farms corn in Edmunds and McPherson Counties, South Dakota.

1099.  Jared Bossly is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1100.  Jason Sylte is a resident of Edmunds County, South Dakota.  Plaintiff maintains a farm and farms corn in Codington, Edmunds and Grant County, South Dakota.

1101.  Jeff Lewke is a resident of Dodge County, Wisconsin.  Plaintiff maintains a farm and farms corn in Dodge, Columbia and Dane Counties, Wisconsin.

1102.  Jeff Wade is a resident of Decatur County, Iowa.  Plaintiff maintains a farm and farms corn in Decatur County, Iowa.

1103.  Jeffrey Duane Hamilton is a resident of Wayne County, Iowa.  Plaintiff maintains a farm and farms corn in Wayne County, Iowa.

1104.  Jennifer Moroni is a resident of Louisiana.  Plaintiff maintains a farm and farms corn in Franklin, Louisiana.

1105.  Jeremy Koenig is a resident of Hamlin County, South Dakota.  Plaintiff maintains a farm and farms corn in Hamlin County, South Dakota.

1106.  Jesse Young is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1107.  Jimmy Boerschmann is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1108.  JMJ Farms, LLC is a Missouri limited liability company which farms corn in Mississippi County, Missouri.

1109.  Joe M. Knosby is a resident of Dallam County, Texas.  Plaintiff maintains a farm

and farms corn in Lafayette County, Arkansas, McCurtain County, Oklahoma and Dallam County, Texas.

1110.  Joe V. Knosby is a resident of Dallam County, Texas.  Plaintiff maintains a farm and farms corn in Lafayette County, Arkansas, McCurtain County, Oklahoma and Dallam County, Texas.

1111.  John L. Vanausdall Testamentary Trust farms corn in Pemiscot County, Missouri.

1112.  John Prange is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1113.  John T. Moroni is a resident of Tensas Parish, Louisiana.  Plaintiff maintains a farm and farms corn in Franklin Parish, Louisiana.

1114.  John Wanous is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown and Edmunds Counties, South Dakota.

1115.  Jon Hoffman is a resident of Edmunds County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown and Edmunds Counties, South Dakota.

1116.  Joseph Bailey Rutledge Revocable Trust farms corn in Pemiscot County, Missouri.

1117.  Joseph McCarver is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Missouri.

1118.  Josh Maclin is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1119.  Josh Maclin Farms, LLC is a Missouri limited liability company with its principal place of business in Missouri.  It farm corn in Pemiscot County, Missouri.

1120.  Josie Land & Buffalo Company, LLC is a South Dakota limited liability company with its principal place of business in South Dakota.  It farms corn in Hand, Spink, Butte and Sully,

South Dakota.

1121.   Judith Greenley is a resident of Ransom County, North Dakota.  Plaintiff maintains a farm and farms corn in Ransom County, North Dakota.

1122.   Judith Schwab is a resident of South Dakota.  Plaintiff maintains a farm and farms corn in Faulk, Potter, Edmunds and Brown Counties, South Dakota.

1123.   Keith Braun is a resident of Edmunds County, South Dakota.  Plaintiff maintains a farm and farms corn in Edmunds County, South Dakota.

1124.   Keith Olson is a resident of Corson County, South Dakota.  Plaintiff maintains a farm and farms corn in Corson County, South Dakota.

1125.   Kienow Farms, Inc. is a South Dakota Corporation with its principal place of business in South Dakota.  It farms corn in Brown and Spink Counties, South Dakota.

1126.   Kraus-Allbee Trucking, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Brown County, South Dakota.

1127.   Krause-Allbee Farming, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Brown and Spink Counties, South Dakota.

1128.   Kurt Hoeft is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown and Spink Counties, South Dakota.

1129.   Kyle Peterson is a resident of Woodbury County, Iowa.  Plaintiff maintains a farm and farms corn in Woodbury County, Iowa.

1130.   L Braun and S Braun General Partnership is a South Dakota partnership which farms corn in Brown, Edmunds, McPherson and Spink Counties, South Dakota.

1131.   L&L Krause, GP is a South Dakota general partnership which farms corn in Brown, Campbell, Edmunds and McPherson Counties, South Dakota.

1132.   Lance Olen is a resident of Faulk County, South Dakota.  Plaintiff maintains a farm and farms corn in Faulk County, South Dakota.

1133.   Larry Hunt is a resident of Woodbury County, Iowa.  Plaintiff maintains a farm and farms corn in Woodbury County, Iowa.

1134.   Lee Ann Raulerson is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1135.   Leisha Robertson is a resident of San Joaquin County, California.   Plaintiff maintains a farm and farms corn in San Joaquin County, California.

1136.   Lemond Thompson Trust farms corn in Pemiscot County, Missouri.

1137.   Lon Lagodinski is a resident of LaMoure County, North Dakota.   Plaintiff maintains a farm and farms corn in Dickey, LaMoure, Logan, McIntosh and Stutsman Counties, North Dakota.

1138.   Lonnie Dale Gibson, Jr. is a resident of Dunklin County, Missouri.   Plaintiff maintains a farm and farms corn in Mississippi County, Arkansas and Dunklin County, Missouri.

1139.   Lonnie Dale Gibson, Sr. is a resident of Dunklin County, Missouri.   Plaintiff maintains a farm and farms corn in Mississippi County, Arkansas and Dunklin County, Missouri.

1140.   Louise Wright is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Missouri.

1141.   Loveland Farms, LLC is a Wisconsin corporation with its principal place of business in Wisconsin.  It farms corn in Dodge County, Wisconsin.

1142.   Lynnette Gibson is a resident of Dunklin County, Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Arkansas and Dunklin County, Missouri.

1143.   Maclin Farms LLC is a Missouri limited liability company with its principal place

of business in Missouri.  It farms corn in Pemiscot County, Missouri.

1144.   MAD Farms, GP is a South Dakota partnership which farms corn in Brown County, South Dakota.

1145.   Maher Farms, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Hand, Spink and Faulk Counties, South Dakota.

1146.   Malisssa Peacock is a resident of Tennessee.  Plaintiff maintains a farm and farms corn in Lake County, Tennessee.

1147.   Marie Magdalene Lagodinski is a resident of North Dakota.  Plaintiff maintains a farm and farms corn in Dickey and LaMoure Counties, North Dakota.

1148.   Mark Bossly is a resident of Edmunds County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1149.   Mark Haines is a resident of Keokuk County, Iowa.  Plaintiff maintains a farm and farms corn in Keokuk County, Iowa, Iowa County, Iowa and Mahaska County, Iowa.

1150.   Marlin Nilsson is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown and Spink Counties, South Dakota.

1151.   Mary B. Gilmore is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1152.   Melvin Low is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Stoddard County, Missouri.

1153.   Mike Petersen is a resident of Faulk County, South Dakota.  Plaintiff maintains a farm and farms corn in Edmunds County, South Dakota.

1154.   MMH Grains Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Faulk County, South Dakota.

1155.    Monte Petersen is a resident of Edmunds County, South Dakota.  Plaintiff maintains a farm and farms corn in Edmunds County, South Dakota.

1156.    Nancy Moroni is a resident of Louisiana.  Plaintiff maintains a farm and farms corn in Franklin Parish, Louisiana.

1157.    Nathan Hoeft is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown and Spink Counties, South Dakota.

1158.    Neil Larson is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1159.    Nelda Mungle is a resident of Dunklin County, Missouri.  Plaintiff maintains a farm and farms corn in Dunklin County, Missouri.

1160.    NJ Braun Farms General Partnership is a South Dakota partnership which farms corn in Brown, Edmunds and McPherson Counties, South Dakota.

1161.    Noel Byron Medlin is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1162.    Olen Brothers Partnership is a South Dakota Partnership which farms corn in Faulk County South Dakota.

1163.    Orin Andrew Ambrose IV is a resident of Mississippi County, Missouri.  Plaintiff maintains a farm and farms corn in Mississippi and New Madrid Counties, Missouri.

1164.    Owen Fischbach is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1165.    Paragon GP is an Iowa general partnership which farms corn in Taylor County, Iowa.

1166.    Patrick C. Bowar is a resident of Faulk County, South Dakota.  Plaintiff maintains

a farm and farms corn in Faulk County, South Dakota.

1167.   Paul Anderson is a resident of Grant County, South Dakota.  Plaintiff maintains a farm and farms corn in Grant County, South Dakota.

1168.   Paul Larson is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown, Edmunds and McPherson Counties, South Dakota.

1169.   Paul Maclin is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1170.   Paul Niederbaumer is a resident of Faulk County, South Dakota.  Plaintiff maintains a farm and farms corn in Faulk County, South Dakota.

1171.   Pauli Farms, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Grant County, South Dakota.

1172.   Peck Planting LLC is a Louisiana corporation with its principal place of business in Louisiana.  It farms corn in Franklin Parish, Louisiana.

1173.   Pembrook Hutterian Bretheren, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Brown and Edmunds Counties, South Dakota.

1174.   R. Shepherd Morris, Sr. is a resident of Macon County, Alabama.  Plaintiff maintains a farm and farms corn in Macon and Montgomery Counties, Alabama.

1175.   R.A. Reed is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1176.   Rahm Farm, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Clark and Spink Counties, South Dakota.

1177.   Randall Greenley is a resident of Ransom County, North Dakota.  Plaintiff maintains a farm and farms corn in Ransom County, North Dakota.

1178.   Randy & Ronnie Hunt Partnership is an Iowa partnership which farms corn in Woodbury County, Iowa.

1179.   Randy C. Moroni is a resident of Franklin Parish, Louisiana.  Plaintiff maintains a farm and farms corn in Franklin Parish, Louisiana.

1180.   Randy Kienow is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown and Spink Counties, South Dakota.

1181.   Reid Farms is a Missouri partnership which farms corn in Pemiscot County, Missouri.

1182.   Reynold Farms Limited Partnership is a Missouri partnership which farms corn in Pemiscot County, Missouri.

1183.   Rhonda Nilsson is a resident of South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1184.   Rich Strasburg Farms, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Hand County, South Dakota.

1185.   Richard Keating is a resident of Clark County, South Dakota.  Plaintiff maintains a farm and farms corn in Hamlin and Clark Counties, South Dakota.

1186.   Richland Partnership is an Iowa partnership which farms corn in Woodbury County, Iowa.

1187.   Rick Rozell is a resident of Beadle County, South Dakota.  Plaintiff maintains a farm and farms corn in Edmunds County, South Dakota.

1188.   Rickie Lee Reno is a resident of Wayne County, Iowa.  Plaintiff maintains a farm and farms corn in Wayne County, Iowa.

1189.   Ringo Farms, Inc. is a Missouri corporation with its principal place of business in

Missouri.  It farms corn in Mississippi County, Missouri.

1190.   RL Ward Jr. Res. Trust farms corn in Pemiscot County, Missouri.

1191.   Robert Braasch is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Spink County, South Dakota.

1192.   Robert C. Joplin Trust farms corn in Pemiscot County, Missouri.

1193.   Robert Landeis is a resident of Nelson County, North Dakota.  Plaintiff maintains a farm and farms corn in Nelson County, North Dakota.

1194.   Robert Landrigan is a resident of Hubbard County, Minnesota.  Plaintiff maintains a farm and farms corn in Hughes County, Minnesota.

1195.   Robert Sparling is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Faulk and Spink Counties, South Dakota.

1196.   Robin Vculek is a resident of North Dakota.  Plaintiff maintains a farm and farms corn in Sargent, Dickey LaMoure and McIntosh Counties, North Dakota and McPherson County, South Dakota.

1197.   Roger Larsen is a resident of Washington County, Nebraska. Plaintiff maintains a farm and farms corn in Washington County, Nebraska.

1198.   Roger Pic is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in McIntosh, Nelson and Walsh Counties, North Dakota.

1199.   Roger Smith is a resident of Hamlin County, South Dakota.  Plaintiff maintains a farm and farms corn in Clark and Hamlin Counties, South Dakota.

1200.   Roger VanAusdall III is a resident of Pemiscot County, Missouri.   Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1201.   Roger VanAusdall Jr. is a resident of Pemiscot County, Missouri.   Plaintiff

maintains a farm and farms corn in Pemiscot County, Missouri.

1202.   Ronald and Debbie Dell are residents of Brown County, South Dakota.  Plaintiffs maintain a farm and farms corn in Brown County, South Dakota.

1203.   Ronald Anderson is a resident of Grant County, South Dakota.  Plaintiff maintains a farm and farms corn in Grant County, South Dakota.

1204.   Rose K. Richardson is a resident of Tennessee.  Plaintiff maintains a farm and farms corn in Lake County, Tennessee.

1205.   Roy Edward Reno is a resident of Wayne County, Iowa.  Plaintiff maintains a farm and farms corn in Wayne County, Iowa.

1206.   Russell Howard is a resident of Grant County, South Dakota.  Plaintiff maintains a farm and farms corn in Roberts and Grant Counties, South Dakota.

1207.   Ryan Weigel is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Spink County, South Dakota.

1208.   Ryckman Farms, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Brown County, South Dakota.

1209.   Samuel J. Braun is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown, Edmunds, Faulk, Sully and McPherson Counties, South Dakota.

1210.   Sarah E. Rutledge is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1211.   Scott A. Bierman is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1212.   Scott Rozell is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown and Edmunds Counties, South Dakota.

1213.   Sethenia English is a resident of Texas.  Plaintiff maintains a farm and farms corn in McCurtain County, Oklahoma and Bowie County, Texas.

1214.   Sharon A. Braun is a resident of Faulk County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown, Edmunds, Faulk, Hughes and Sully Counties, South Dakota.

1215.   Shawn Maclin Farms is a Missouri corporation with its principal place of business in Missouri.  It farms corn in  Pemiscot County, Missouri.

1216.   Shawn Maclin Farms LLC is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Pemiscot County, Missouri.

1217.   Sheila Moroni is a resident of Louisiana.  Plaintiff maintains a farm and farms corn in Franklin Parish, Louisiana.

1218.   Shelby Farms Partnership is a Missouri partnership which farms corn in Mississippi County, Missouri.

1219.   Sheldon Schwab is a resident of Edmunds County, South Dakota.   Plaintiff maintains a farm and farms corn in Campbell County, South Dakota.

1220.   Sherwin Schwab is a resident of Edmunds County, South Dakota.   Plaintiff maintains a farm and farms corn in Brown, Edmunds, Faulk and Potter Counties, South Dakota.

1221.   Shirley Moroni is a resident of Louisiana.  Plaintiff maintains a farm and farms corn in Franklin Parish, Louisiana.

1222.   SLS Farms is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Sully County, South Dakota.

1223.   South Shore, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Brown, Edmunds and Faulk Counties, South Dakota.

1224.   Sparling River Farms is a South Dakota limited liability company with its principal

place of business in South Dakota.  It farms corn in Hyde County, South Dakota.

1225.  Stanley Craig Sutton is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Mississippi County, Missouri.

1226.  Steve Munger is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Sully County, South Dakota.

1227.  Steve Reid is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1228.  Strasburg, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Hand County, South Dakota.

1229.  Stuck, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Spink County, South Dakota.

1230.  Stucks Joint Venture is a South Dakota partnership which farms corn in Spink County, South Dakota.

1231.  Sutton & Thurmond, LLC is a Missouri limited liability company which farms corn in Mississippi County, Missouri.

1232.  Sylte Brothers Partnership is a South Dakota partnership which corn in Brown, Buffalo, Edmunds, and Faulk Counties, South Dakota, McCurtain County, Oklahoma, Bowie County, Texas and Little River County, Arkansas.

1233.  Sylte Farms Partnership is a South Dakota partnership which farms corn in Codington, Day, Roberts, Edmunds, Faulk, Brown and Gant Counties, South Dakota.

1234.  T & S Farms Partnership is a Missouri partnership which farms corn in Mississippi County, Missouri.

1235.  T&G Fischbach is a South Dakota general partnership which farms corn in Brown

County, South Dakota.

1236.    The Joella Moore Revocable Living Trust farms corn in Mississippi County, Missouri.

1237.    The Margaret Moore Thurmond Family Trust d/b/a Jimarty Trust farms corn in Mississippi County, Missouri.

1238.    Thomas Meyer is a resident of Faulk County, South Dakota.  Plaintiff maintains a farm and farms corn in Faulk County, South Dakota.

1239.    Thurmond Farms, Inc. is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Mississippi County, Missouri.

1240.    Tim Borge is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1241.    Tim Heilman is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1242.    Timothy Kasper is a resident of Monroe County, Iowa.  Plaintiff maintains a farm and farms corn in Monroe County, Iowa.

1243.    Tom Fischbach is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Spink County, South Dakota and also farms in Brown County, South Dakota.

1244.    Tony Scarborough is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Campbell and Edmunds Counties, South Dakota.

1245.    Tracy Lewke is a resident of Dodge County, Wisconsin.  Plaintiff maintains a farm and farms corn in Dodge, Columbia and Dane Counties, Wisconsin.

1246.    Trent Haggard is a resident of Dunklin County, Missouri.  Plaintiff maintains a farm

and farms corn in Pemiscot County, Missouri.

1247.   Trishia Haines is a resident of Keokuk County, Iowa.  Plaintiff maintains a farm and farms corn in Keokuk County, Iowa, Iowa County, Iowa and Mahaska County, Iowa.

1248.   Troy A. Bierman is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown and Spink Counties, South Dakota.

1249.   Tuszka Partnership is a South Dakota partnership which farms corn in Brown County, South Dakota.

1250.   Vanderwal Livestock, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Spink County, South Dakota.

1251.   Victor Lagodinski is a resident of LaMoure County, North Dakota.   Plaintiff maintains a farm and farms corn in Dickey and LaMoure Counties, North Dakota.

1252.   Virginia Kimsey is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1253.   Virginia Sue Bader Vanausdall is a resident of Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1254.   W&J Young Farms is a South Dakota partnership which farms corn in Brown and Spink Counties, South Dakota.

1255.   Wesley R. Moroni is a resident of Richland Parish, Louisiana.  Plaintiff maintains a farm and farms corn in Franklin Parish, Louisiana.

1256.   Whiskey Creek Arkansas is an Iowa partnership which farms corn in Miller County, Arkansas.

1257.   Whiskey Creek Partnership is an Iowa partnership which farms corn in Woodbury and Monona Counties, Iowa and Clay County, South Dakota.

1258.   Wiedebush & Roberts Partnership is a South Dakota partnership which farms corn in Spink County, South Dakota.

1259.   Wiedebush Ag, Inc. is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Brown and Spink Counties, South Dakota.

1260.   Wiedebush Real Estate Limited Partnership is a South Dakota partnership which farms corn in Spink County, South Dakota.

1261.   William E. Moroni is a resident of Franklin Parish, Louisiana.  Plaintiff maintains a farm and farms corn in Franklin Parish, Louisiana.

1262.   Wolf Island Farms, Inc. is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Mississippi County, Missouri.

1263.   Young Real Estate is a South Dakota partnership which farms corn in Brown County, South Dakota.

1264.   Revels &  Sons Farm, LLC is a corporation with its principal place of business in Alabama.  It farms corn in Geneva County, Alabama.

1265.   Kenneth Watkins Farms is a corporation with its principal place of business in Alabama.  It farms corn in Conecuh County, Alabama.

1266.  Looney Farms, LLC is a corporation with its principal place of business in Alabama.  It farms corn in Limestone County, Alabama.

1267.  Letson Brother's Farm is a corporation with its principal place of business in Alabama.  It farms corn in Lawrence County, Alabama.

1268.  M.H. Bitely Partnership is a corporation with its principal place of business in Arkansas.  It farms corn in Lincoln County, Arkansas.

1269.  Bufford Farms is a corporation with its principal place of business in Arkansas.  It

farms corn in Greene County, Arkansas.

1270.    BTC Farms is a corporation with its principal place of business in Arkansas.  It farms corn in Phillips County, Arkansas.

1271.    Lex Goble & Sons is a corporation with its principal place of business in Arkansas. It farms corn in Mississippi County, Arkansas.

1272.    Clark Dickey & Sons, Inc. is a corporation with its principal place of business in Colorado.  It farms corn in Kiowa, Kit Carson, and Cheyenne Counties, Colorado.

1273.    Creek Joint  Ventures, LLC is a corporation with its principal place of business in Colorado.  It farms corn in Kiowa, Kit Carson, and Cheyenne Counties, Colorado.

1274.    Dickey Joint Ventures, LLC is a corporation with its principal place of business in Colorado.  It farms corn in Kiowa, Kit Carson, and Cheyenne Counties, Colorado.

1275.    Box W Inc. is a corporation with its principal place of business in Colorado.  It farms corn in Kit Carson and Yuma Counties, Colorado.

1276.    Lamac LTD is a corporation with its principal place of business in Colorado.  It farms corn in Phillips County, Colorado.

1277.    Penny Ranch Partnership is a corporation with its principal place of business in Colorado.  It farms corn in Kit Carson County, Colorado.

1278.    Penny Farms, Inc. is a corporation with its principal place of business in Colorado. It farms corn in Kit Carson County, Colorado.

1279.    GWP Family, LLC is a corporation with its principal place of business in Colorado. It farms corn in Kit Carson County, Colorado.

1280.    Conklin Farm Trust & Partners is a corporation with its principal place of business in Florida.  It farms corn in Sarasota County, Florida.

1281.   DW Farms, LLC is a corporation with its principal place of business in Georgia.  It farms corn in Dougherty and Mitchell Counties, Georgia.

1282.   Chambless Farms Inc. is a corporation with its principal place of business in Georgia.  It farms corn in Terrell County, Georgia.

1283.   Showtime Farms-GP is a corporation with its principal place of business in Georgia.  It farms corn in Terrell County, Georgia.

1284.   M & J Farms Partnership is a corporation with its principal place of business in Georgia.  It farms corn in Worth and Turner Counties, Georgia.

1285.   Michael Womack Farms is a corporation with its principal place of business in Georgia.  It farms corn in Polk and Haralson Counties, Georgia.

1286.   M & S Roberts Farms, LLC is a corporation with its principal place of business in Georgia.  It farms corn in Lee, Turner and Worth Counties, Georgia.

1287.   Roberts Brothers Farms, Inc. is a corporation with its principal place of business in Georgia.  It farms corn in Lee, Turner and Worth Counties, Georgia.

1288.   Williams Farms, LLC is a corporation with its principal place of business in Georgia.  It farms corn in Telfair County, Georgia.

1289.   Stephen Scott Farm, LLC is a corporation with its principal place of business in Georgia.  It farms corn in Seminole County, Georgia.

1290.   Ludwigs Farms is a corporation with its principal place of business in Iowa.  It farms corn in Plymouth County, Iowa.

1291.   Faulkner Land & Livestock is a corporation with its principal place of business in Idaho.  It farms corn in Gooding County, Idaho.

1292.   Ma RyKa of Ashton, Inc. is a corporation with its principal place of business in

Illinois.  It farms corn in Lee and Ogle Counties, Illinois.

1293.   Am Shar of Ashton, Inc. is a corporation with its principal place of business in Illinois.  It farms corn in Lee and Ogle Counties, Illinois.

1294.   Roberts Farms, Inc. is a corporation with its principal place of business in Illinois. It farms corn in Adams and Brown Counties, Illinois.

1295.   John Inness Farm is a corporation with its principal place of business in Illinois.  It farms corn in Knox County, Illinois.

1296.   Dennis Kagel - Trustee Roy F. Kagel Trust is a corporation with its principal place of business in Illinois.  It farms corn in McLean County, Illinois.

1297.   Dressler Brothers Farm is a corporation with its principal place of business in Illinois.  It farms corn in Lenzburg County, Illinois.

1298.   Thurston Brothers Farm is a corporation with its principal place of business in Illinois.  It farms corn in Pulaski County, Illinois.

1299.   Stauffenberg Farms is a corporation with its principal place of business in Illinois. It farms corn in Kankakee County, Illinois.

1300.   Pristine Acres is a corporation with its principal place of business in Indiana.  It farms corn in Adams and Allen Counties, Indiana.

1301.   Poore Farms is a corporation with its principal place of business in Indiana.  It farms corn in Henry County, Indiana.

1302.   Jack Buck Farms is a corporation with its principal place of business in Indiana.  It farms corn in Tippecanoe County, Indiana.

1303.   Stone Farms, Inc. is a corporation with its principal place of business in Indiana.  It farms corn in Pike County, Indiana.

1304.   Robert Halt Farm is a corporation with its principal place of business in Indiana.  It farms corn in Vigo County, Indiana.

1305.   Kimbrough Farms , Inc. is a corporation with its principal place of business in Indiana.  It farms corn in Tipton, Howard and Grant Counties, Indiana.

1306.   Oak Ridge Farm, Inc. is a corporation with its principal place of business in Indiana.  It farms corn in Cass County, Indiana.

1307.   Bales Farms is a corporation with its principal place of business in Indiana.  It farms corn in Starke County, Indiana.

1308.   Kevin Sills Farms, Inc. is a corporation with its principal place of business in Indiana.  It farms corn in Jay County, Indiana.

1309.   Danner Farms, Inc. is a corporation with its principal place of business in Iowa.  It farms corn in Muscatine, Cedar, Johnson and Louisa Counties, Iowa.

1310.   Mateer Farms - Brian and Darrell is a corporation with its principal place of business in Iowa.  It farms corn in Clarke County, Iowa.

1311.   Walker Farming is a corporation with its principal place of business in Iowa.  It farms corn in Dickinson County, Iowa.

1312.   Gary Stearns Farms is a corporation with its principal place of business in Iowa.  It farms corn in Audubon County, Iowa.

1313.   K & J Brabec Farm Co. is a corporation with its principal place of business in Iowa.  It farms corn in Pochontas County, Iowa.

1314.   Keerbs Farms LLC is a corporation with its principal place of business in Texas.  It farms corn in Palo Alto County, Iowa.

1315.   Pork Park is a corporation with its principal place of business in Iowa.  It farms

corn in Linn County, Iowa.

1316.   Kassmeyer Farms is a corporation with its principal place of business in Iowa.  It farms corn in Lee County, Iowa.

1317.   Dietz Bros. is a corporation with its principal place of business in Iowa.  It farms corn in Bremer and Chickasaw Counties, Iowa.

1318.   S C Farms is a corporation with its principal place of business in Iowa.  It farms corn in Greene and Boone Counties, Iowa.

1319.   Tanner Farms, Inc. is a corporation with its principal place of business in Iowa.  It farms corn in Cass County, Iowa.

1320.   David Kanne d/b/a Kanne Bros is a corporation with its principal place of business in Nebraska.  It farms corn in Carroll County, Iowa.

1321.   Pryor Farms, Inc. is a corporation with its principal place of business in Iowa.  It farms corn in Harrison County, Iowa.

1322.   F & M Roling Farms, Inc. is a corporation with its principal place of business in Iowa.  It farms corn in Plymouth County, Iowa.

1323.   Lagracia & Sons, Inc. is a corporation with its principal place of business in Iowa. It farms corn in Fayette County, Iowa.

1324.   Harvest Hills, Inc. is a corporation with its principal place of business in Iowa.  It farms corn in Jones County, Iowa.

1325.   Manco Farms, Inc is a corporation with its principal place of business in Iowa.  It farms corn in Jones County, Iowa.

1326.   Brico Farms, Inc. is a corporation with its principal place of business in Iowa.  It farms corn in Jones County, Iowa.

1327.   Adam Swanger Farms is a corporation with its principal place of business in Iowa. It farms corn in Ida County, Iowa.

1328.   Kevin Hadley Agency is a corporation with its principal place of business in Iowa. It farms corn in Wright County, Iowa.

1329.   Park Farms, Inc. is a corporation with its principal place of business in Iowa.  It farms corn in Clinton County, Iowa.

1330.   Middlebrook  Farms is a corporation with its principal place of business in Iowa. It farms corn in Howard County, Iowa.

1331.   BKO AG Inc. c/o Cartersville is a corporation with its principal place of business in Iowa.  It farms corn in Cerro Gordo County, Iowa.

1332.   Gold Mine Acres, LLC is a corporation with its principal place of business in Iowa. It farms corn in Harrison County, Iowa.

1333.   Theis Century Farm is a corporation with its principal place of business in Iowa.  It farms corn in Dickinson County, Iowa.

1334.   Vincent Kanne d/b/a Kanne Bros is a corporation with its principal place of business in Iowa.  It farms corn in Carroll County, Iowa.

1335.   Thompson Brothers is a corporation with its principal place of business in Iowa.  It farms corn in Butler County, Iowa.

1336.   Pleasant Spring Farm, Inc. is a corporation with its principal place of business in Kansas.  It farms corn in Jewell County, Kansas.

1337.   Paul F. Burk Living Trust is a corporation with its principal place of business in Kansas.  It farms corn in Johnson County, Kansas.

1338.   Wright Farms is a corporation with its principal place of business in Kentucky.  It

farms corn in Henry County, Kentucky.

1339. 55-B, LLC is a corporation with its principal place of business in Louisiana. It farms corn in Catahoula Parish County, Louisiana.

1340. Country Heritage Partnership is a corporation with its principal place of business in Maryland. It farms corn in Kent County, Maryland.

1341. Dobbins Cattle Co. is a corporation with its principal place of business in South Carolina. It farms corn in Anderson County, Maryland.

1342. Sprague Farms is a corporation with its principal place of business in Michigan. It farms corn in Shiawassee County, Michigan.

1343. Gruber Farms, LLC is a corporation with its principal place of business in Michigan. It farms corn in Tuscola and Saginaw Counties, Michigan.

1344. Meyer Dairy is a corporation with its principal place of business in Michigan. It farms corn in Gratiot County, Michigan.

1345. Rising View Farms is a corporation with its principal place of business in Michigan. It farms corn in Shiawassee County, Michigan.

1346. Fenner Farm, LLC is a corporation with its principal place of business in Michigan. It farms corn in Wexford County, Michigan.

1347. Gro-Green Acres/Farms is a corporation with its principal place of business in Michigan. It farms corn in Huron County, Michigan.

1348. Lance Albie Wendinger Farm is a corporation with its principal place of business in Minnesota. It farms corn in Brown and Nicollet Counties, Minnesota.

1349. David Dingmann Farm is a corporation with its principal place of business in Minnesota. It farms corn in Stearns County, Minnesota.

1350.   Hoffbeck Holsteins, Inc. is a corporation with its principal place of business in Minnesota.  It farms corn in Redwood and Brown Counties, Minnesota.

1351.   Ricke Farms is a corporation with its principal place of business in Minnesota.  It farms corn in Mcleod County, Minnesota.

1352.   SS Farms of Freeborn County is a corporation with its principal place of business in Minnesota.  It farms corn in Freeborn County, Minnesota.

1353.   Waldo Farm is a corporation with its principal place of business in Minnesota.  It farms corn in Freeborn County, Minnesota.

1354.   Enstad Brothers is a corporation with its principal place of business in Minnesota.  It farms corn in Yellow Medicine County, Minnesota.

1355.   Pittman Farms, Inc. is a corporation with its principal place of business in Mississippi.  It farms corn in Webster, Calhoun and Montgomery Counties, Mississippi.

1356.   Teoc & Co., Inc., Longshot Planting Company is a corporation with its principal place of business in Mississippi.  It farms corn in Leflore County, Mississippi.

1357.   Potluck Farms is a corporation with its principal place of business in Mississippi.  It farms corn in Washington County, Mississippi.

1358.   J&J Farms Partnership is a corporation with its principal place of business in Mississippi.  It farms corn in Rankin County, Mississippi.

1359.   Edward's Farms Corp. is a corporation with its principal place of business in Mississippi.  It farms corn in Issaquena County, Mississippi.

1360.   Balegrade PLT. Co. is a corporation with its principal place of business in Mississippi.  It farms corn in Issaquena County, Mississippi.

1361.   Levee View Planting Co. is a corporation with its principal place of business in

Mississippi.  It farms corn in Coahoma County, Mississippi.

1362.   Humber Brothers is a corporation with its principal place of business in Mississippi. It farms corn in Coahoma County, Mississippi.

1363.   Prussman Farms is a corporation with its principal place of business in Missouri. It farms corn in Holt County, Missouri.

1364.   E. Lemings Farms is a corporation with its principal place of business in Missouri. It farms corn in New Madrid County, Missouri.

1365.   Ray & Gary Machens Farms, Inc. is a corporation with its principal place of business in Missouri.  It farms corn in St. Charles County, Missouri.

1366.   Keith Emmons Sr., Farms is a corporation with its principal place of business in Missouri.  It farms corn in Pemiscot County, Missouri.

1367.   Frazier Farms is a corporation with its principal place of business in Missouri.  It farms corn in Clark and Scotland Counties, Missouri.

1368.   Farley Point Farms is a corporation with its principal place of business in Missouri. It farms corn in Saint Charles County, Missouri.

1369.   Patricia A. Goodbrake Trust is a corporation with its principal place of business in Missouri.  It farms corn in Henry County, Missouri.

1370.   Kuenzel Farms, LLC is a corporation with its principal place of business in Missouri.  It farms corn in Washington County, Missouri.

1371.   Mid River Valley Farms, LLC is a corporation with its principal place of business in Missouri.  It farms corn in Washington County, Missouri.

1372.   Prestidge Farms II is a corporation with its principal place of business in Mississippi.  It farms corn in Leflore County, Mississippi.

1373.   Wilson Farms, Inc is a corporation with its principal place of business in North Carolina.  It farms corn in Halifax County, Mississippi.

1374.   Hector Farms is a corporation with its principal place of business in Nebraska.  It farms corn in Nemaha County, Nebraska.

1375.   Brenneis Brothers is a corporation with its principal place of business in Nebraska.  It farms corn in Boone County, Nebraska.

1376.   Brown Brothers Farms, Inc. is a corporation with its principal place of business in New Jersey.  It farms corn in Gloucester County, New Jersey.

1377.   Wakulla Farms, LLC is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1378.   Rawls Farm is a corporation with its principal place of business in North Carolina.  It farms corn in Pender County, North Carolina.

1379.   Scrappy Hall Farming is a corporation with its principal place of business in North Carolina.  It farms corn in Pender County, North Carolina.

1380.   Riggs Pork Farm, Inc. is a corporation with its principal place of business in North Carolina.  It farms corn in Onslow County, North Carolina.

1381.   Whaleys Farms is a corporation with its principal place of business in North Carolina.  It farms corn in Duplin County, North Carolina.

1382.   Gillette Farms is a corporation with its principal place of business in North Carolina.  It farms corn in Onslow County, North Carolina.

1383.   Buie Family Farms Partnership is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson and Hoke Counties, North Carolina.

1384.   Cummings Farm is a corporation with its principal place of business in Nebraska.

It farms corn in Robeson County, North Carolina.

1385.  Simmons Farm is a corporation with its principal place of business in North Carolina.  It farms corn in Sampson County, North Carolina.

1386.  Wilkins & Son Farm is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1387.  Shoeheel Farms, GP is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson, Scotland and Hoke Counties, North Carolina.

1388.  Shady Lane Farms, Inc. is a corporation with its principal place of business in North Carolina.  It farms corn in Pender County, North Carolina.

1389.  Kallam Farms is a corporation with its principal place of business in North Carolina.  It farms corn in Guilford County, North Carolina.

1390.  Maynor Farms, LLC is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1391.  Fennell Farms, Inc. is a corporation with its principal place of business in North Carolina.  It farms corn in Pender County, North Carolina.

1392.  Mayer Agri-Equipment is a corporation with its principal place of business in North Carolina.  It farms corn in Wilson County, North Carolina.

1393.  Oxendine Farm is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1394.  EJ Price Farms is a corporation with its principal place of business in North Carolina.  It farms corn in Duplin County, North Carolina.

1395.  Harris Farms, LLC is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1396.   Ronald Strickland Farm is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1397.   K&J Farms, LLC is a corporation with its principal place of business in North Carolina.  It farms corn in Martin, Edgecombe,  Beaufort and Pitt Counties, North Carolina.

1398.   Alston Spruill Farms, LLC is a corporation with its principal place of business in North Carolina.  It farms corn in Pamlico County, North Carolina.

1399.   Dan Wilson Farms is a corporation with its principal place of business in North Carolina.  It farms corn in Halifax County, North Carolina.

1400.   Buckhorn Farms is a corporation with its principal place of business in North Carolina.  It farms corn in Halifax County, North Carolina.

1401.   Jack Leggette Farms is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson and Dillon Counties, North Carolina.

1402.   Darren Ptacek Farms is a corporation with its principal place of business in North Dakota.  It farms corn in Sargent and McIntosh Counties, North Dakota.

1403.   Randy A. Wilson Farm is a corporation with its principal place of business in North Dakota.  It farms corn in Stustman County, North Dakota.

1404.   Mark Kloster Farms Incorp. is a corporation with its principal place of business in North Dakota.  It farms corn in Steele County, North Dakota.

1405.   Lyle J. Olson, LLC is a corporation with its principal place of business in North Dakota.  It farms corn in Ransom County, North Dakota.

1406.   David K. Osowski & Sons, Inc. is a corporation with its principal place of business in North Dakota.  It farms corn in Walsh County, North Dakota.

1407.   Anderson Grain Farm is a corporation with its principal place of business in North

Dakota.  It farms corn in Botineau County, North Dakota.

1408.   Dan Warnecke Farms is a corporation with its principal place of business in Ohio. It farms corn in Putnam and Allen Counties, Ohio.

1409.   Lamar Spracklen Partners, Ltd. is a corporation with its principal place of business in Ohio.  It farms corn in Greene County, Ohio.

1410.   Baudendistel Farms is a corporation with its principal place of business in Ohio.  It farms corn in Greene County, Ohio.

1411.   Mark Thordsen Farm is a corporation with its principal place of business in Ohio. It farms corn in Greene County, Ohio.

1412.   Feichter Farms is a corporation with its principal place of business in Ohio.  It farms corn in Stark County, Ohio.

1413.   Larry Walker Family Farms, LLC is a corporation with its principal place of business in Ohio.  It farms corn in Carrollton and Jefferson Counties, Ohio.

1414.   Piper Farms is a corporation with its principal place of business in Ohio.  It farms corn in Licking County, Ohio.

1415.   Seimer Land & Cattle Co. Ltd. is a corporation with its principal place of business in Oklahoma.  It farms corn in Choctaw County, Oklahoma.

1416.   Guided-Path Farms is a corporation with its principal place of business in Pennsylvania.  It farms corn in Centre County, Pennsylvania.

1417.   River View Farms is a corporation with its principal place of business in Pennsylvania.  It farms corn in Lancaster County, Pennsylvania.

1418.   William J. Bair Farms is a corporation with its principal place of business in South Carolina.  It farms corn in Orangeburg County, South Carolina.

1419.   Justin Price Farms is a corporation with its principal place of business in South Carolina.  It farms corn in Marion and Dillon Counties, South Carolina.

1420.   Golden West Farm/Hawks Herefords is a corporation with its principal place of business in South Dakota.  It farms corn in Meade County, South Dakota.

1421.   Madsen Farms, LLC is a corporation with its principal place of business in South Dakota.  It farms corn in Clark, Beadle and Spink Counties, South Dakota.

1422.   Krause Farms is a corporation with its principal place of business in South Dakota. It farms corn in Codington County, South Dakota.

1423.   Douglas J. Ellison Farms is a corporation with its principal place of business in South Dakota.  It farms corn in Clay County, South Dakota.

1424.   James Prasek and family is a corporation with its principal place of business in South Dakota.  It farms corn in Walworth County, South Dakota.

1425.   Walker's Dairy Farm is a corporation with its principal place of business in Tennessee.  It farms corn in Carroll County, Tennessee.

1426.   Fullen Ag Company and Central Planting Company is a corporation with its principal place of business in Tennessee.  It farms corn in Lauderdale County, Tennessee.

1427.   HDRN Farms, Inc. is a corporation with its principal place of business in Texas.  It farms corn in Parmer County, Texas.

1428.   Recoop Farms is a corporation with its principal place of business in Texas.  It farms corn in Parmer County, Texas.

1429.   C & W Farms, LLC is a corporation with its principal place of business in Texas. It farms corn in Madison County, Texas.

1430.   Brent and Heather Scoggins Partnership is a corporation with its principal place of

business in Texas.  It farms corn in Cochran County, Texas.

1431.    Griffith  Custon Meats is a corporation with its principal place of business in Virginia.  It farms corn in Page County, Virginia.

1432.    Leeds Town Farms, LLC is a corporation with its principal place of business in Virginia.  It farms corn in Westmoreland County, Virginia.

1433.    Diggs Bros. is a corporation with its principal place of business in Virginia.  It farms corn in Southampton County, Virginia.

1434.    Federal Hill Farm, Inc. is a corporation with its principal place of business in West Virginia.  It farms corn in Charles Town County, West Virginia.

1435.    Bahl Farms is a corporation with its principal place of business in Wisconsin.  It farms corn in Grant County, Wisconsin.

1436.    Vosberg Farms, Inc. is a corporation with its principal place of business in Wisconsin.  It farms corn in Grant County, Wisconsin.

1437.    Gitzlaff Farms, Inc. is a corporation with its principal place of business in Wisconsin.  It farms corn in Pleasant Prairie, Kenosha and Racine Counties, Wisconsin.

1438.    Bruchs Farm, Inc is a corporation with its principal place of business in Wisconsin. It farms corn in Marquette County, Wisconsin.

1439.    Ron Weisenbeck Farms is a corporation with its principal place of business in Wisconsin.  It farms corn in Dynn and Buffalo Counties, Wisconsin.

1440.    Spring Creeks Cattle Company is a corporation with its principal place of business in Wisconsin.  It farms corn in Crawford County, Wisconsin.

1441.    Pat Uchytil Farms is a corporation with its principal place of business in Wisconsin. It farms corn in Barron County, Wisconsin.

1442.   Gorder Farms is a corporation with its principal place of business in Wisconsin.  It farms corn in Juneau County, Wisconsin.

1443.   Dean & Glenda Farm is a corporation with its principal place of business in Wisconsin.  It farms corn in St. Croix County, Wisconsin.

1444.   Harvest Acres is a corporation with its principal place of business in Wisconsin.  It farms corn in Kewaunee County, Wisconsin.

1445.   W. S. Roberts & Sons, Inc. is a corporation with its principal place of business in Indiana.  It farms corn in Brown County, Wisconsin.

1446.   Goolsby Farms is a corporation with its principal place of business in Georgia.  It farms corn in Dawson County, Georgia.

1447.   Duke Farms is a corporation with its principal place of business in Alabama.  It farms corn in DeKalb County, Alabama.

1448.   Evans Planting Company is a corporation with its principal place of business in Mississippi.  It farms corn in Coahoma County, Mississippi.

1449.   BC Farms is a corporation with its principal place of business in Mississippi.  It farms corn in Leflore County, Mississippi.

1450.   BW Farms is a corporation with its principal place of business in Iowa.  It farms corn in Palo Alto County, Iowa.

1451.   Heebner Farms  Partnership is a corporation with its principal place of business in Iowa.  It farms corn in Emmet County, Iowa.

1452.   Heebner Farms is a corporation with its principal place of business in Iowa.  It farms corn in Dickinson County, Iowa.

1453.   Riverview Plantation, Inc. is a corporation with its principal place of business in

Georgia.  It farms corn in Mitchell County, Georgia.

1454.  Carlon Poore Farms is a corporation with its principal place of business in Alabama. It farms corn in Jackson County, Alabama.

1455.  Foxtrap Planting Company, LLC is a corporation with its principal place of business in Mississippi.  It farms corn in Macon County, Mississippi.

1456.  Delta's Edge Planting Company is a corporation with its principal place of business in Mississippi.  It farms corn in Leflore County, Mississippi.

1457.  White Brothers is a corporation with its principal place of business in Mississippi. It farms corn in Leflore County, Mississippi.

1458.  Connell Farms is a corporation with its principal place of business in Mississippi. It farms corn in Coahoma County, Mississippi.

1459.  Myers Farms is a corporation with its principal place of business in Alabama.  It farms corn in DeKalb County, Alabama.

1460.  DDS Farms is a corporation with its principal place of business in Mississippi.  It farms corn in Leflore County, Mississippi.

1461.  Davis Brothers Farms, Inc. is a corporation with its principal place of business in Colorado.  It farms corn in Kit Carson County, Colorado.

1462.  D&E Partnership is a corporation with its principal place of business in Colorado. It farms corn in Kit Carson County, Colorado.

1463.  Fulgham Farms is a corporation with its principal place of business in Mississippi. It farms corn in Leflore County, Mississippi.

1464.  Moore Brothers Ag, Inc. is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1465.   Andrews Farms is a corporation with its principal place of business in Alabama.  It farms corn in DeKalb County, Alabama.

1466.   Gilliland Farms is a corporation with its principal place of business in Alabama.  It farms corn in DeKalb County, Alabama.

1467.   Warren Farming Co., Inc. is a corporation with its principal place of business in North Carolina.  It farms corn in Sampson County, North Carolina.

1468.   WF Partnership is a corporation with its principal place of business in North Carolina.  It farms corn in Sampson County, North Carolina.

1469.   Griffith Agricultrual Corporation is a corporation with its principal place of business in Alabama.  It farms corn in Jackson County, Alabama.

1470.   H. Allen Wooten d/b/a Wooton Farming & Sod is a corporation with its principal place of business in North Carolina.  It farms corn in Pender County, North Carolina.

1471.   Jack's Trucking, Inc. is a corporation with its principal place of business in Alabama.  It farms corn in DeKalb County, Alabama.

1472.   Two Jacks Farms is a corporation with its principal place of business in Mississippi. It farms corn in Tallahatchie County, Mississippi.

1473.   Swan Lake Farm is a corporation with its principal place of business in Mississippi. It farms corn in Tallahatchie County, Mississippi.

1474.   J.G. Flautt Farms is a corporation with its principal place of business in Mississippi. It farms corn in Tallahatchie County, Mississippi.

1475.   M&J Farms is a corporation with its principal place of business in North Carolina. It farms corn in Pender County, North Carolina.

1476.   Murphree Seed Farms is a corporation with its principal place of business in

Alabama.  It farms corn in DeKalb County, Alabama.

1477.   Chandler Farming, LLC is a corporation with its principal place of business in Alabama.  It farms corn in Jackson County, Alabama.

1478.   Chandler Farm, Inc. is a corporation with its principal place of business in Alabama. It farms corn in Jackson County, Alabama.

1479.   Chandler Family Properties, LLC is a corporation with its principal place of business in Alabama.  It farms corn in Jackson County, Alabama.

1480.   Chandler Farming Partnership is a corporation with its principal place of business in Alabama.  It farms corn in Jackson County, Alabama.

1481.   Dobbins Farm, LLC is a corporation with its principal place of business in Alabama.  It farms corn in DeKalb County, Alabama.

1482.   Thompson Farms is a corporation with its principal place of business in Alabama. It farms corn in Jackson County, Alabama.

1483.   Bariole Farms, Inc. is a corporation with its principal place of business in Mississippi.  It farms corn in Leflore County, Mississippi.

1484.   Johnny Arnold Farms, Inc. is a corporation with its principal place of business in Alabama.  It farms corn in Jackson County, Alabama.

1485.   Kent Clark Farms, Inc. is a corporation with its principal place of business in Ohio. It farms corn in Greene County, Ohio.

1486.   Kevin Richardson Farms is a corporation with its principal place of business in Mississippi.  It farms corn in Leflore County, Mississippi.

1487.   Love Farms is a corporation with its principal place of business in Alabama.  It farms corn in DeKalb County, Alabama.

1488.   Totelow Planting Company is a corporation with its principal place of business in Mississippi.  It farms corn in Tunica County, Mississippi.

1489.   Phil Leisure Farm is a corporation with its principal place of business in Indiana. It farms corn in Grant County, Indiana.

1490.   Fey Farms, Inc. is a corporation with its principal place of business in Minnesota. It farms corn in Pipestone County, Minnesota.

1491.   L&R Moore Farms, Inc. is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1492.   RBJ Finnell Farms is a corporation with its principal place of business in Iowa.  It farms corn in Fremont County, Iowa.

1493.   Rooks Farm Service, Inc. is a corporation with its principal place of business in North Carolina.  It farms corn in Pender County, North Carolina.

1494.   Hall Farms, Inc. is a corporation with its principal place of business in Alabama.  It farms corn in DeKalb County, Alabama.

1495.   Thaggard Farms is a corporation with its principal place of business in Georgia.  It farms corn in Colquitt County, Georgia.

1496.   Williams Farms is a corporation with its principal place of business in Alabama.  It farms corn in Marshall County, Alabama.

1497.   Longneck Farms, LLC is a corporation with its principal place of business in Alabama.  It farms corn in DeKalb County, Alabama.

1498.   T & T Farms is a corporation with its principal place of business in Georgia.  It farms corn in Lee County, Georgia.

1499.   K & T Planting is a corporation with its principal place of business in Mississippi.

It farms corn in Coahoma County, Mississippi.

1500.   Van Buren Farms, II, Partnership is a corporation with its principal place of business in Mississippi.  It farms corn in Humphreys County, Mississippi.

1501.   Garvick's Farms, Inc. is a corporation with its principal place of business in Maryland.  It farms corn in Carroll County, Maryland.

1502.   Deorolenta Farms, Partnership is a corporation with its principal place of business in Mississippi.  It farms corn in Leflore County, Mississippi.

1503.   Penny Grain, Inc. is a corporation with its principal place of business in Colorado.  It farms corn in Kit Carson County, Colorado.

1504.   LRD  Corp. is a corporation with its principal place of business in Indiana.  It farms corn in Linn County, Indiana.

1505.   Dan L. Stoner Farms, Inc. is a corporation with its principal place of business in Indiana.  It farms corn in Linn County, Indiana.

1506.   Ray G. Stoner Farms, Inc. is a corporation with its principal place of business in Indiana.  It farms corn in Linn County, Indiana.

1507.   Anchor A Farms is a corporation with its principal place of business in Kansas.  It farms corn in Jewell County, Kansas.

1508.   Scott May Farms is a corporation with its principal place of business in Illinois.  It farms corn in Dewitt County, Illinois.

1509.   Imelda Beringer Trust is a corporation with its principal place of business in Iowa.  It farms corn in Dubuque County, Iowa.

1510.   Buhler Family Farms is a corporation with its principal place of business in Indiana.  It farms corn in Rush County, Indiana.

1511.   Robinson Dairy is a corporation with its principal place of business in Kentucky. It farms corn in Marion County, Kentucky.

1512.   R & A Farms, Partnership is a corporation with its principal place of business in Mississippi.  It farms corn in Humphreys County, Mississippi.

1513.   Midland Farms, Inc. is a corporation with its principal place of business in Indiana. It farms corn in Warrick County, Indiana.

1514.   Pautler Farms Inc. is a corporation with its principal place of business in Colorado. It farms corn in Weld County, Colorado.

1515.   Pautler Brothers is a corporation with its principal place of business in Colorado. It farms corn in Kit Carson County, Colorado.

1516.   K & M Farms is a corporation with its principal place of business in Iowa.  It farms corn in Hamilton County, Iowa.

1517.   Ray Bartley c/o Janice C. Oxensine is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1518.   Neumann Farm Inc. is a corporation with its principal place of business in Michigan.  It farms corn in Saginaw County, Michigan.

1519.   Lee Thomas Farm, LLC is a corporation with its principal place of business in North Carolina.  It farms corn in Robeson County, North Carolina.

1520.   Bell Produces is a corporation with its principal place of business in Alabama.  It farms corn in Etowah County, Alabama.

1521.   TCD Fruit is a corporation with its principal place of business in Alabama.  It farms corn in Lowndes County, Alabama.

1522.   Plaintiff James Alan Hood is a resident of Franklin County, Illinois. Plaintiff

maintains a farm, Hood Farms, and farms corn in Franklin County, Illinois.

1523.  Plaintiff Seth Phillip Myers is a resident of Hartford County, Indiana. Plaintiff maintains a farm, Phil Myers Family Farm, LLC, and farms corn in Hartford County, Indiana.

1524.  Plaintiff Nathan Vermeer is a resident of Sioux County, Iowa. Plaintiff maintains a farm, Vermeer and Sons Farms, and farms corn in Sioux County, Iowa.

1525.  Ken and Debra Woitaszewski, Inc. is a Nebraska corporation with its principal place of business in Nebraska.  It farms corn in Hall, Howard, Buffalo and Sherman Counties, Nebraska.

1526.  Dromedary Farm Trust farms corn in Coles County, Illinois.

1527.  Dean R. Shafer is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Mason County, Illinois.

1528.  Donald Pieper is a resident of Knox County, Indiana.  Plaintiff maintains a farm and farms corn in Knox County, Indiana.

1529.  Doyle Stafford is a resident of Knox County, Indiana.  Plaintiff maintains a farm and farms corn in Knox County, Indiana.

1530.  Gerald Rex Stroud is a resident of Knox County, Indiana.  Plaintiff maintains a farm and farms corn in Knox County, Indiana.

1531.  Douglas A. Blankenship is a resident of Bond County, Illinois.  Plaintiff maintains a farm and farms corn in Bond County, Illinois.

1532.  Scott and Autumn Farms is an Arkansas partnership which farms corn in Desha County, Arkansas.

1533.  Kory Mitchell is a resident of Mason County, Illinois.  Plaintiff maintains a farm and farms corn in Tazewell County, Illinois.

1534.   Best Farms, Inc. is an Illinois corporation with its principal place of business in Illinois.  It farms corn in Coles and Cumberland Counties, Illinois.

1535.   Plaintiff Wayne Bothel is a resident of DuPage County, Indiana. Plaintiff maintains a farm, and farms corn in DuPage County, Indiana.

1536.   Plaintiff Lance Shafer is a resident of Cherokee County, Iowa. Plaintiff maintains a farm, and farms corn in Cherokee County, Iowa.

1537.   Christopher Patrick Collins is a resident of Rio Blanco County, Colorado.  Plaintiff maintains a farm and farms corn in Grant County, Oklahoma.

1538.   Randy Pruitt is a resident of Morgan County, Indiana.  Plaintiff maintains a farm and farms corn in Putnam and Morgan Counties, Indiana.

1539.   Michael Harmon is a resident of Spink County, South Dakota.  Plaintiff maintains a farm and farms corn in Edmunds and Faulk Counties, South Dakota.

1540.   Sport Wade Inc. is an Iowa corporation with its principal place of business in Iowa. It farms corn in Clarke and Decatur Counties, Iowa.

1541.   Gary Armknecht is a resident of Nemaha County, Nebraska.  Plaintiff maintains a farm and farms corn in Johnson County, Nebraska.

1542.   Larry Ashworth is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

1543.   The Estate of William Block farms corn in Coles County, Illinois

1544.   Christina Terrell Block is a resident of Wake County, North Carolina.   Plaintiff maintains a farm and farms corn in Coles County, IL.

1545.   Carla Jean Block is a resident of Suffolk County, New York.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

1546.   Cheryl Jane Block is a resident of Wake County, North Carolina.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

1547.   Camille Schardon is a resident of Comal County, Texas.  Plaintiff maintains a farm and farms corn in Atchison County, Missouri and Fremont County, Iowa.

1548.   Camille B. Schardon Funnel Trust farms corn in Atchison County, Missouri and Fremont County, Iowa.

1549.   Marilyn Barkett is a resident of Scott County, Missouri.  Plaintiff maintains a farm and farms corn in Atchison County, Missouri and Fremont County, Iowa.

1550.   Marilyn B. Barkett Funnel Trust farms corn in Atchison County, Missouri and Fremont County, Iowa.

1551.   LeRoy Bowman is a resident of Pottawattamie County, Iowa.  Plaintiff maintains a farm and farms corn in Atchison County, Missouri and Fremont County, Iowa.

1552.   LeRoy C. Bowman Living Trust farms corn in Atchison County, Missouri and Fremont County, Iowa.

1553.   Kimberly Bowman is a resident of Pottawattamie County, Iowa.  Plaintiff maintains a farm and farms corn in Fremont County, Iowa.

1554.   Kimberly Bowman Living Trust farms corn in Fremont County, Iowa.

1555.   CB Heirs Partnership is an Iowa partnership which farms corn in Fremont County, Iowa.

1556.   Carpenter Farms Partnership is an Iowa partnership which farms corn in Atchison County, Missouri and Fremont County, Iowa.

1557.   LC Hill Heirs is a Missouri partnership which farms corn in Atchison County, Missouri.

1558.   BF Hill Heirs is a Missouri partnership which farms corn in Atchison County, Missouri.

1559.   Lee Bowman, Jr. is a resident of Scott County, Missouri.  Plaintiff maintains a farm and farms corn in Atchison County, Missouri and Fremont County, Iowa.

1560.   Charles Scott Jr. is a resident of Maricopa County, Arizona.  Plaintiff maintains a farm and farms corn in Atchison County, Missouri and Fremont County, Iowa.

1561.   Charles R. Scott Jr. and Kimberly A. Scott, Trustees of the Scott Family Trust dated 8/2/2012 farm corn in Atchison County, Missouri and Fremont County, Iowa.

1562.   Colleen Flaker is a resident of Scott County, Missouri.  Plaintiff maintains a farm and farms corn in Atchison County, Missouri and Fremont County, Iowa.

1563.   Colleen S. Flaker, Trustee of The Colleen S. Flaker Revocable Trust Agreement Dated 6/11/2009 farms corn in Atchison County, Missouri and Fremont County, Iowa.

1564.   Loleta Scott is a resident of Scott County, Missouri.  Plaintiff maintains a farm and farms corn in Atchison County, Missouri and Fremont County, Iowa.

1565.   Loleta C Scott Revocable Living Trust Agreement of 11/21/1996 farms corn in Atchison County, Missouri and Fremont County, Iowa.

1566.   Bruce Erdman is a resident of Marathon County, Wisconsin.   Plaintiff maintains a farm and farms corn in Marathon County, WI.

1567.   Randy Fanning is a resident of Hand County, South Dakota.  Plaintiff maintains a farm and farms corn in Hand and Beadles Counties, South Dakota.

1568.   Joe Fischer Trust farms corn in Clay County, Indiana.

1569.   Charles Keller is a resident of Cumberland County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

1570.   Leever Land and Cattle Co. Nebraska corporation with its principal place of business in Nebraska.  It farms corn in Morrill County, Nebraska.

1571.   Mike Leever is a resident Morrill County, Nebraska.  Plaintiff maintains a farm and farms corn in Morrill County, Nebraska.

1572.   Craig Maas is a resident of Cheyenne County, Nebraska.  Plaintiff maintains a farm and farms corn in Cheyenne County, Nebraska.

1573.   Maas Farming Corporation is a Nebraska corporation with its principal place of business in Nebraska.  It farms corn in Cheyenne County, Nebraska.

1574.   M&M Real Estate, LLC is a Nebraska corporation with its principal place of business in Nebraska.  It farms corn in Cheyenne County, Nebraska.

1575.   Gerald Milo (d/b/a S&M Farms) is a resident of Portage County, Ohio.  Plaintiff maintains a farm and farms corn in Mahoning and Trumbull Counties, Ohio.

1576.   DSL Farms, Inc. is an Iowa corporation with its principal place of business in Iowa. It farms corn in Butler County, Iowa.

1577.   Larry G. Porter is a resident of Greene County, Indiana.  Plaintiff maintains a farm and farms corn in Greene County, Indiana.

1578.   Mark Schrage is a resident of Antelope County, Nebraska.  Plaintiff maintains a farm and farms corn in Antelope County, Nebraska.

1579.   Dolores Teresa Schulte Sullivan Testamentary Trust farms corn in Antelope County, Nebraska.

1580.   Sally Sullivan Revocable Trust farms corn in Antelope County, Nebraska.

1581.   Harold Steinberg is a resident of Shelby County, Tennessee.  Plaintiff maintains a farm and farms corn in Cross County, Arkansas.

1582.   BRS Farms Inc.is an Iowa corporation with its principal place of business in Iowa. It farms corn in Crawford County, Iowa.

1583.   Brian Stoberl is a resident of Crawford County, Iowa.  Plaintiff maintains a farm and farms corn in Crawford County, Iowa.

1584.   Stoberl Farms Ltd. Is an Iowa corporation with its principal place of business in Iowa.  It farms corn in Crawford, Carrol and Shelby Counties, Iowa.

1585.   Brad Sutton is a resident of Cheyenne County, Nebraska.  Plaintiff maintains a farm and farms corn in Cheyenne County, Nebraska.

1586.   Sutton Farms LLC is a Nebraska corporation with its principal place of business in Nebraska.  It farms corn in Cheyenne County, Nebraska.

1587.   Randy Sutton is a resident of Cheyenne County, Nebraska.  Plaintiff maintains a farm and farms corn in Cheyenne County, Nebraska.

1588.   Ralph D Waddington is a resident of Christian County, Illinois.  Plaintiff maintains a farm and farms corn in Montgomery, Shelby and Christian Counties, Illinois.

1589.   Vann Wooten is a resident of Jeff Davis County, Georgia.  Plaintiff maintains a farm and farms corn in Jeff Davis County, Georgia.

1590.   Tabatha Wooten is a resident of Jeff Davis County, Georgia.  Plaintiff maintains a farm and farms corn in Jeff Davis County, Georgia.

1591.   Ronald Campton is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown and Edmans Counties, South Dakota.

1592.   John Ellingson is a resident of Brown County, South Dakota.  Plaintiff maintains a farm and farms corn in Brown County, South Dakota.

1593.   Kenneth Ripley is a resident of Faribault County, Minnesota.  Plaintiff maintains a

farm and farms corn in Faribault County, Minnesota.

1594.   PBP Farms is a South Dakota corporation with its principal place of business in South Dakota.  It farms corn in Lincoln, Turner, Minnehaha, McCook and Clay Counties, South Dakota.

1595.   Thomas Tonner is a resident of Brown County, South Dakota.   Plaintiff maintains a farm and farms corn in Hughes County, South Dakota.

1596.   Tom Sanders (d/b/a Tom Sanders Farm) is a resident of Franklin County, Illinois. Plaintiff maintains a farm and farms corn in Franklin County, Illinois.

1597.   Michael Bernard Farms LLC is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Pemiscot County, Missouri.

1598.   Jeff Bell is a resident of Stoddard County, Missouri.  Plaintiff maintains a farm and farms corn in Stoddard County, Missouri.

1599.   Christopher Brown is a resident of Macon County, Tennessee.  Plaintiff maintains a farm and farms corn in Macon, Clay and Jackson Counties, Tennessee and Monroe County, Kentucky.

1600.   Chris Mehrle is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1601.   Mehrle Farms Inc. is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Pemiscot County, Missouri.

1602.   David Robertson is a resident of San Joaquin County, California.   Plaintiff maintains a farm and farms corn in San Joaquin County, California.

1603.   Ed Robertson is a resident of San Joaquin County, California.  Plaintiff maintains a farm and farms corn in San Joaquin County, California.

1604.   Jeffrey Todd is a resident of Dunklin County, Missouri.  Plaintiff maintains a farm and farms corn in Dunklin County, Missouri.

1605.   Maco Construction, Inc. is a Missouri corporation with its principal place of business in Missouri.  It farms corn in Dunklin County, Missouri.

1606.   William M Todd and Anna M Todd JT Trust farms corn in Dunklin County, Missouri.

1607.   Jeff Todd Estate farms corn in Dunklin County, Missouri.

1608.   Todd Brothers is a Missouri partnership which farms corn in Dunklin County, Missouri.

1609.   Treasure Todd is a resident of Dunklin County, Missouri.  Plaintiff maintains a farm and farms corn in Dunklin County, Missouri.

1610.   Melba Todd is a resident of Dunklin County, Missouri.  Plaintiff maintains a farm and farms corn in Dunklin County, Missouri.

1611.   Patricia Banks is a resident of Dunklin County, Missouri.  Plaintiff maintains a farm and farms corn in Dunklin County, Missouri.

1612.   Max Tyler Trevathan is a resident of Pemiscot County, Missouri.   Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1613.   Laura Trevathan is a resident of Pemiscot County, Missouri.  Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1614.   Bryan Keith Waldrop is a resident of Pemiscot County, Missouri. Plaintiff maintains a farm and farms corn in Pemiscot County, Missouri.

1615.   Charles Lee Welsh is a resident of Greene County, Ohio.  Plaintiff maintains a farm and farms corn in Greene County, Ohio.

1616.  Michael Alan Wheeler is a resident of Thomas County, Georgia.  Plaintiff maintains a farm and farms corn in Thomas County, Georgia.

1617.  BTR Farms has its principal place of business in Georgia.  Plaintiff maintains farms and farms corn in Colquitt, Brooks and Thomas Counties, Georgia.

1618.  Michael Bonner is a resident of Early County, Georgia.  Plaintiff maintains a farm and farms corn in Early County, Georgia.

1619.  Melmich Farms has its principal place of business in Georgia.  Plaintiff maintains a farm and farms corn in Early County, Georgia.

1620.  Joy P. Bonner is a resident of Early County, Georgia.  Plaintiff maintains a farm and farms corn in Early County, Georgia.

1621.  Inez W. Bonner is a resident of Early County, Georgia.  Plaintiff maintains a farm and farms corn in Early County, Georgia.

1622.  MEC Farms, Inc. has its principal place of business in Georgia.  Plaintiff maintains a farm and farms corn in Early County, Georgia.

1623.  Wilvern Kenneth Craft, Jr. is a resident of Early County, Georgia.  Plaintiff maintains a farm and farms corn in Early County, Georgia.

1624.  T.E.C. Farms, Inc. has its principal place of business in Georgia.  Plaintiff maintains a farm and farms corn in Early County, Georgia.

1625.  C&T, Inc. has its principal place of business in Georgia.  Plaintiff maintains a farm and farms corn in Early County, Georgia.

1626.  Rowena Farms Partnership has its principal place of business in Georgia.  Plaintiff maintains a farm and farms corn in Early County, Georgia.

1627.  Leary Farm Group, LLC has its principal place of business in Georgia.  Plaintiff

maintains a farm and farms corn in Early County, Georgia.

1628.   Kenneth and Francis Dees are residents of Baker County, Georgia.   Plaintiffs maintain a farm and farm in Baker County, Georgia.

1629.   Bryan Scott Grebel is a resident of Early County, Georgia.   Plaintiff maintains a farm and farms corn in Early County, Georgia.

1630.   Melissa M. Jester is a resident of Early County, Georgia.   Plaintiff maintains a farm and farms corn in Early County, Georgia.

1631.   Rodney Eugene Joiner is a resident of Calhoun County, Georgia.   Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

1632.   KFG Farms, Inc., has its principal place of business in Georgia.   Plaintiff maintains a farm and farms corn in Early County, Georgia.

1633.   Anthony Lee Smith is a resident of Early County, Georgia.   Plaintiff maintains a farm and farms corn in Early County, Georgia.

1634.   Sudderth Farms, Inc. has its principal place of business in Georgia.   Plaintiff maintains a farm and farms corn in Terrell County, Georgia.

1635.   Faith Farms, Inc. has its principal place of business in Georgia.   Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

1636.   Greggs Farm has its principal place of business in Georgia.   Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

1637.   Hattaway Farms PTR has its principal place of business in Georgia.   Plaintiff maintains a farm and farms corn in Clay County, Georgia.

1638.   Connor Collins Farms, LLC has its principal place of business in Georgia.   Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

1639.   Daniel Morrell Farms, Inc. has its principal place of business in Georgia.  Plaintiff maintains a farm and farms corn in Mitchell County, Georgia.

1640.   James S. Gay is a resident of Brooks County, Georgia.  Plaintiff maintains a farm and farms corn in Brooks County, Georgia.

1641.   John McLendon Estate is located in Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

1642.   Larry DeBary is a resident of Calhoun County, Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

1643.   Robert Brazel is a resident of Calhoun County, Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

1644.   Gerald Chapman is a resident of Calhoun County, Georgia.  Plaintiff maintains a farm and farms corn in Calhoun County, Georgia.

1645.   Lee Vernon Thomas is a resident of Robeson County, North Carolina.  Plaintiff maintains a farm and farms corn in Robeson County, North Carolina.

1646.   Wilbur Harris is a resident of Robeson County, North Carolina.  Plaintiff maintains a farm and farms corn in Robeson County, North Carolina.

1647.   Walter Price is a resident of Dillon County, South Carolina.  Plaintiff maintains a farm and farms corn in Dillon County, South Carolina.

1648.   Homer F. Snider Jr. is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

1649.   Jeff A. Snider is a resident of Coles County, Illinois.  Plaintiff maintains a farm and farms corn in Coles County, Illinois.

1650.   Travis Vonderheed is a resident of Effingham County, Illinois.  Plaintiff maintains

a farm and farms corn in Shelby and Effingham Counties, Illinois.

1651.  Dale Livingston is a resident of Montgomery County, Illinois.  Plaintiff maintains a farm and farms corn in Christian County, Illinois.

1652.  Each Plaintiff claims actual damages exceeding $75,000, exclusive of interest and costs.

### DEFENDANTS

1653.  Defendant Syngenta AG is a corporation organized and existing under the laws of Switzerland with its principal place of business at Schwarzwaldallee 215, 4058 Basel-Stadt, Switzerland.  Syngenta AG is a publicly traded company on the Swiss stock exchange.  American Depositary Receipts for Syngenta AG are traded on the New York Stock Exchange.  Syngenta AG was formed in 2000 as a result of the merger of Novartis Agribusiness and Zeneca Agrochemicals and is the only publicly traded company among the various Syngenta entities named as defendants in this case.  Service of Syngenta AG with process under Fed. R. Civ. P. 4(h)(2) and 4(f)(1), and in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, has been initiated.

1654.  Defendant Syngenta Crop Protection AG is a corporation organized and existing under the laws of Switzerland with its principle place of business at Schwarzwaldallee 215, 4058 Basel-Stadt, Switzerland.  Upon information and belief, Crop Protection AG is a subsidiary of Syngenta AG.  Service of Syngenta Crop Protection AG with process under Fed. R. Civ. P. 4(h)(2) and 4(f)(1), and in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, has been initiated.

1655.  Defendant Syngenta Corporation ("Syngenta Corp.") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at

3411 Silverside Road # 100, Wilmington, Delaware 19810-4812. Syngenta Corp is a subsidiary of Syngenta AG. Syngenta Corp has been served in the consolidated actions, and is represented by counsel who have made appearances on its behalf. Accordingly, Syngenta Corp may be served with this Consolidated and Amended Complaint through its attorneys of record.Defendant Syngenta Biotechnology, Inc. ("Syngenta Biotech") is a Delaware corporation with a principal place of business at 3054 Cornwallis Road, Durham, North Carolina 27709. Prior to January 9, 2015, and at times material, Syngenta Biotech was registered as a foreign corporation with the Illinois Secretary of State. It has been served in this case and has appeared in the case in response to the summons. If necessary, it may be served through either through its registered agent, CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, North Carolina 37601, or through the Illinois Secretary of State pursuant to 805 ILS § 5/13.45(a)(3).

1656. Upon information and belief, Syngenta Biotech, acting in concert with the other Defendants, and as commanded by Defendant Syngenta AG, was significantly involved in the development and commercialization of the genetically modified corn trait MIR162. In 2005 and 2006, while it was registered as a foreign corporation with the Illinois Secretary of State, it performed multiple specific acts in Illinois which the Defendants, acting in concert, decided were necessary to commercialize the corn trait. The commercialization occurred across the U.S. and was undertaken by the Defendants acting in concert as commanded by Defendant Syngenta AG.

1657. Specifically, in 2005 and 2006, Syngenta Biotech field tested in Illinois genetically modified corn trait MIR162 which is used in both Agrisure VIPTERA® ("VIPTERA") corn and Agrisure DURACADE™ ("DURACADE") corn. Syngenta Biotech performed far more of these field tests in Illinois than in any other state -- three times as many than in other state. It did so under permits issued by or notifications to, and made application for deregulation by, the United

States Department of Agriculture ("USDA"). The field tests, as decided by the Defendants in concert, and as commanded by Defendant Syngenta AG, were necessary to commercialize the corn trait across the U.S., including in the states where the Plaintiffs were harmed. Accordingly, the field tests specifically relate to all the claims made in this case.

1658.   Syngenta Biotechnology, Inc. has merged with Syngenta Crop Protection, LLC, and the named surviving entity from that merger is Syngenta Crop Protection, LLC.

1659.   Defendant Syngenta Crop Protection, LLC is a limited liability company organized and operating under the laws of the State of Delaware with its principle place of business at 410 South Swing Road, Greensboro, North Carolina 27409-2012. Syngenta Crop Protection, LLC has been served in the consolidated actions, and is represented by counsel who have made appearances on its behalf. Accordingly, Syngenta Crop Protection LLC may be served with this Consolidated and Amended Complaint through its attorneys of record. Upon information and belief, Syngenta Crop Protection, LLC was involved with the development and testing of the genetically modified corn trait MIR162 which is used in both VIPTERA corn and DURACADE corn.

1660.   Defendant Syngenta Seeds, Inc. ("Syngenta Seeds") is a Delaware corporation with its principal place of business in Minnetonka, Minnesota. Syngenta develops and produces agricultural seeds, including, but not limited to, corn and soybean seeds, and in particular Viptera and Duracade. Syngenta Seeds conducts business throughout the United States, including Minnesota and Illinois. Specifically, Syngenta Seeds sells its agricultural seeds to growers either directly or through a network of dealers and distributors. Syngenta Seeds has been served in the consolidated actions, and is represented by counsel who have made appearances on its behalf. Accordingly, Syngenta Seeds may be served with this Consolidated and Amended Complaint through its attorneys of record.

1661.   Syngenta Crop Protection, LLC and Syngenta Seeds, LLC have approximately 197 employees in Illinois.   Syngenta Crop Protection, LLC and Syngenta Seeds, Inc. are each registered to do business in Illinois. Syngenta Crop Protection, LLC and Syngenta Seeds, LLC maintain 4 offices in Illinois.

1662.   Syngenta AG wholly owns, directly or indirectly, each of Crop Protection AG, Syngenta Corp., Crop Protection LLC, Syngenta Biotech and Syngenta Seeds.

1663.   Syngenta AG represents itself as a global company.  According to Syngenta's own website, Syngenta AG's Board of Directors "has full and effective control of the company and holds     ultimate     responsibility     for     the     company     strategy." https://www.syngenta.com/global/corporate/en/investor-relations/questions-about-syngenta/Pages/governance.aspx#1 (last visited Mar. 3, 2016).

1664.   One or more members of Syngenta AG's Board of Directors or the Executive Committee established by the Board of Directors also serve as member(s) of the Board of Directors of Crop Protection AG, Syngenta Corp., Crop Protection LLC, Syngenta Biotech and/or Syngenta Seeds.

1665.   Furthermore, Syngenta AG's Executive Committee formulates and coordinates the global strategy for Syngenta businesses, and maintains central corporate policies requiring Syngenta subsidiaries, including those named as Defendants herein, under the general guidance of the Syngenta group control.

1666.   Syngenta AG exercised at all times material an unusually high degree of control over each Syngenta subsidiary named as a defendant here, particularly with respect to the commercialization of VIPTERA and DURACADE corn.

1667.   Employees of the Syngenta group as a whole maintain reporting relationships that

are not defined by legal, corporate relationships, but in fact cross those corporate lines. For example, Crop Protection AG maintains two separate product lines – Seeds and Crop Protection– that cross the Defendants' separate legal, corporate existences.

1668.   The Defendant subsidiaries are subject to additional oversight that requires them to seek approval for certain decisions from higher levels within the functional reporting structure– including in some instances Syngenta AG. Appointments of senior management personnel for the Defendant subsidiaries also may require, in certain instances, approval from individuals or governing bodies that are higher than each subsidiary's respective board of directors.

1669.   Moreover, Syngenta AG and Syngenta Crop Protection AG management were intimately involved in, and in some instances directed, decisions concerning the commercialization of Viptera® without Chinese approval.

1670.   Also, Syngenta AG maintains a central global finance function that governs all Defendants. Thus, the Defendant subsidiaries do not function independently but under the Syngenta AG umbrella.

1671.   In addition, Defendants regularly refer to themselves as "Syngenta," with no further description.

1672.   Thus, the respective jurisdictional contacts of Crop Protection AG, Syngenta Corp., Crop Protection LLC, Syngenta Biotech and Syngenta Seeds in the forum state(s) are attributable to Syngenta AG because of the unusually high degree of control Syngenta AG exercises over these subsidiaries. *See, e.g., City of Greenville v. Syngenta Crop Protection, Inc. et al.*, 830 F. Supp. 2d 550 (S.D. Ill. 2011).

1673.   Upon information and belief, Defendants' acts were conducted in concert pursuant to an agreement amongst themselves to act in a collective manner.  Therefore, and for the other

reasons alleged, all Defendants are jointly and severally liable for the acts complained herein.

## JOINDER OF PLAINTIFFS

1674.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1675.   Joinder of the Plaintiffs in this matter is proper because the claims of all Plaintiffs arise out of closely related transactions, and there are significant questions of law or fact that are common to all the parties.   All claims involve common questions regarding, inter alia, (a) Syngenta's decision to commercialize the MIR162 genetically modified corn trait in the absence of Chinese approval to import corn with that trait, (b) the Defendants' misrepresentations concerning Chinese approval, and (c) damages suffered by the Plaintiffs.

1676.   Other than those Plaintiffs who are resident citizens of the State of Illinois, whose cause of action and injuries arose in Illinois, the causes of action of the Plaintiffs arose in the states where they reside, and the Plaintiffs suffered their injuries in the states where they reside.

1677.   Other than those Plaintiffs who are resident citizens of the State of Illinois, whose cause of action and injuries arose in Illinois, the causes of action of the Plaintiffs arose in the state in which the Plaintiffs reside, and all injuries to those Plaintiffs occurred in the state in which those Plaintiffs reside.

## NATURE OF THE CASE

1678.   Syngenta's conduct and fault is more fully described in exacting detail below, and as a consequence of the Defendants' actions Plaintiffs have suffered substantial damages, and their ability to profitably grow, cultivate, harvest and market corn is at great risk.   By way of background, beginning in 2009, Syngenta released, prematurely, a genetically modified corn trait, MIR162, under the trade name Agrisure VIPTERA™ into the U.S. market.   Syngenta's actions

thereafter and as more specifically described herein caused the contamination of the entire U.S. corn supply with a genetic trait called MIR162. During all times relevant to this complaint, MIR162 was prohibited from sale in countries such as China where it was not approved for either purchase or consumption.

1679. A substantial amount of the total U.S. corn crop, specifically including Illinois' corn production, is exported. The U.S. exports of corn amount to billions of dollars annually. Further, the U.S. corn marketing system is commodity-based, meaning the corn grown by farmers such as the Plaintiffs in Illinois and throughout the U.S. is harvested, gathered, commingled, consolidated, and otherwise shipped from thousands of farms from which it is cultivated, harvested and passed through local, regional, and terminal distribution centers. In order to maintain the stability of the corn marketing system and its integrity, it is essential that the U.S. corn supply and U.S. corn exports maintain the highest standards of purity and integrity. Prior to the incidents giving rise to this lawsuit, the U.S. corn market maintained a reputation for such purity and integrity. Due to Syngenta's premature release of VIPTERA corn, sale of U.S. corn previously exported to China ceased. During times relevant to this complaint, China refused to import U.S. corn grown, harvested and marketed by farmers and landowners such as the Plaintiffs.

1680. Plaintiffs have incurred losses arising from the rejection of U.S. grown corn by export markets. They have sustained damage to their farmland and entire farming operations. And because the substantial portion of the U.S. corn crop is exported annually, the United States ability and limitations of corn exports deeply impacts corn price levels, including domestic prices in the corn market. Due solely to Syngenta's release of VIPTERA, Plaintiffs have incurred, and will continue to incur, substantial losses arising from the loss of export markets in amounts that have yet to be fully determined, but are far in excess of this Court's jurisdictional amounts for diversity

jurisdiction.

1681.  Syngenta is, among other things, in the business of developing and selling in this district, in Illinois and throughout the U.S., corn seed with certain genetically modified traits.  After development, Syngenta then licenses corn seed with multiple genetically enhanced features, called "trait stacks," to seed manufacturers, including Syngenta subsidiaries.

1682.  The primary focus of this case is Syngenta's corn containing the MIR162 trait, utilized in the VIPTERA and Agrisure DURACADE™ trait stacks.  DURACADE is Syngenta's second generation of MIR162 corn and was released, sold and distributed for planting in 2014.  Over seventy (70) varieties of corn utilize the MIR162 trait to produce a protein that results in insect resistance.  These corn varieties are commonly referred to as VIPTERA corn and DURACADE corn, representing the particular traits the corn will express.

1683.  Defendants, at the time they acted as alleged, knew of and foresaw the risk to the Plaintiffs from the acts taken, and that by acting as alleged, the Defendants breached the duty in tort that they owed the Plaintiffs to prevent precisely the harm that occurred.

1684.  Plaintiffs' harm and consequent damages arise from Syngenta's intentional and reckless release of VIPTERA and DURACADE into the U.S. market prior to Syngenta obtaining approval for MIR162 import into China and other countries.

1685.  VIPTERA corn has been grown, licensed, marketed, sold, and/or otherwise disseminated in the United States since early 2009.  During times relevant to this complaint, crops or products containing MIR162 lacked approval for import into China (among other countries), and China refused to accept corn containing MIR162.

1686.  Although Syngenta, during times relevant to this complaint, lacked approval to import corn or other products containing MIR162 into China, it nevertheless misinformed farmers

such as the Plaintiffs about that fact, as it similarly misinformed grain elevators, grain exporters, landowners, Syngenta's own investors, the farming community, and the general public -- leading all to believe, including these Plaintiffs, that approval from China was imminent.  For example, during Syngenta's first quarter 2012 earnings conference call, Syngenta CEO Michael Mack stated "[t]here isn't outstanding approval for China, *which we expect to have quite frankly within the matter of a couple day*s . . . we know of no issue with that whatsoever . . . ."

1687.   Contrary to Syngenta's affirmative misstatements, MIR162 was not approved for import by China in 2012 and remained unapproved until December 2014.

1688.   Despite knowing MIR162 had not yet been approved for import into China, Syngenta created and distributed forms and documents that imply MIR162 is accepted in China. Syngenta's "Request Form for Biosafety Certificate Issued by the Chinese Ministry of Agriculture" states, "Biosafety Certificates for the following transgenic event(s) were issued to Syngenta Seeds AG . . . by the Ministry of Agriculture (MOA) of the People's Republic of China (PRC)." Syngenta's request form includes MIR162 among approved genetically modified traits, even though MIR162 was not at that time approved for import into China.

1689.   Syngenta's "Request Form for Biosafety Certificate Issued by the Chinese Ministry of Agriculture", further states: "The requested Biosafety Certificates will be provided to Recipient to assist Recipient in obtaining required authorization for shipments containing the above marked Corn Product(s) into China."  Syngenta's statement was flagrantly deceptive, and it deceived the Plaintiffs, because MIR162 had not yet been approved during the relevant time for import into China.

1690.   Plaintiffs, when the above statement was made, relied upon the statement and did not know it was untrue.  This statement was not part of the product's packaging or labeling.  It did

not involve a warning concerning the product, but rather involved Syngenta's claims concerning the markets available to consumers choosing to plant Syngenta's product. Accordingly, Syngenta deceived the Plaintiffs by misleading them to believe that MIR162 had been approved for import into China, which was set to be one of the largest, if not the largest, importers of corn in the world.

1691. In November 2013, shipments of corn containing MIR162 arrived in China. These shipments were rejected because MIR162 was present and not approved for import. Since this initial rejection and through, at least, December of 2014, China continued to reject shipments of corn due to the MIR162 contamination caused by Syngenta. In fact, the widespread nature of MIR162 contamination shut down, for all intents and purposes, the 2014 U.S. corn export market to China, causing billions of dollars of damages to U.S. exporters, including farmers, farm landowners and farming entities.

1692. Upon information and belief, Syngenta knew the potential for catastrophic damage when unapproved traits are released prematurely. The NGFA and NAEGA advised:

> U.S. farmers, as well as the commercial grain handling and export industry, depend heavily upon biotechnology providers voluntarily exercising corporate responsibility in the timing of product launch as part of their product stewardship obligation. Technology providers must provide for two critical elements: First maintaining access to key export markets like China, or for that matter any market like China that has a functional, predictable biotech-approval process in place; for restricted marketability of their products based upon approval status in major markets. The negative consequences of overly aggressive commercialization of biotech-enhanced events by technology providers are numerous, and include exposing exporting companies to financial losses because of cargo rejection, reducing access to some export markets, and diminishing the United States' reputation as a reliable, often-preferred supplier of grains, oilseeds and grain products. Premature commercialization can reduce significantly U.S. agriculture's contribution to global food security and economic growth. Putting the Chinese and other markets at risk with such aggressive commercialization of biotech-enhanced events is not in the best interest of U.S. agriculture or the U.S. economy.

1693. According to the National Grain and Feed Association, Syngenta's premature release of VIPTERA corn cost the U.S. corn market a minimum of $1 Billion - and up to $3 Billion

- due to the rejection and resulting seizures of U.S. containers and cargo ships transporting U.S. corn to China.

1694.   Syngenta's motivation in prematurely releasing VIPTERA corn is purely profit driven, placing Syngenta's profits first and foremost ahead of the U.S. Corn interests, including but not necessarily limited to the Plaintiffs.  Upon information and belief, VIPTERA corn is presently approximately 25% of Syngenta's corn portfolio.  In 2013, Syngenta's corn sales were over $3.5 billion.

1695.   Syngenta nevertheless continued its irreparable damage to U.S. exports of corn to China, even though it either knew or should have known, or actually knew, that VIPTERA corn would and had crippled exports of corn to China.  Syngenta likewise knew or should have known of the devastating effect of its release of MIR162 because, as Syngenta stated in its Bio Product Launch Policy, "We will conduct market and trade assessments to identify key import markets for all of our biotech products prior to product commercialization."  *See*, www.syngentabiotech.com/biopolicy.aspx (as of Sept.  11, 2014).  Nevertheless, with such knowledge, Syngenta released its MIR162 in reckless disregard of the consequences from which malice may be inferred, and punitive damages should be assessed to punish Syngenta and deter others from such outrageous, selfish conduct in utter disregard of the damage to those such as the Plaintiffs.

1696.   Despite the above, Syngenta continued its conduct by releasing a second version of MIR162 corn, DURACADE, once again without import approval from China.

1697.   Concerned about another premature release and given the damage Syngenta singlehandedly caused to the corn export market with its premature release of VIPTERA corn, the National Grain and Feed Association ("NGFA") and North American Export Grain Association

("NAEGA") released a joint statement to Syngenta requesting that Syngenta stop the release of DURACADE corn, so that it would stop the cycle of rejection and damage.

1698.    In that statement, the two organizations stated:

NAEGA and NGFA are gravely concerned about the serious economic harm to exporters, grain handlers and, ultimately, agricultural producers - as well as the United States' reputation to meet its customers' needs - that has resulted from Syngenta's current approach to stewardship of VIPTERA.  Further, the same concerns now transcend to Syngenta's intended product launch plans for DURACADE, which risk repeating and extending the damage.  Immediate action is required by Syngenta to halt such damage.

1699.    Yet, despite the joint petitions and pleas from the NGFA and NAEGA, Syngenta released DURACADE.  This second premature release further jeopardized the Chinese import market, as DURACADE contains not only MIR162 which was still unapproved at that time, but also other traits unapproved at that time.  Contamination of corn with these additional genetically modified ("GM") traits, as set forth more fully below, continued the Defendants' harm to U.S. corn shipments to China.

1700.    Plaintiffs are corn farmers in the business of owning and cultivation of farmland, planting, growing, and harvesting corn with the expectation of ultimately selling the corn they grow.  Plaintiffs have been damaged, at least, by: 1) Syngenta's premature release of VIPTERA corn into the U.S. corn and corn seed supply which has destroyed the export of U.S. corn to China; 2) Syngenta's premature release of DURACADE corn into the U.S. corn and corn seed supply which, again, has effectively foreclosed U.S. exports of corn to China; 3) Syngenta's materially misleading statements relating to the approval status of MIR162 in China upon which Plaintiff relied or upon which Syngenta failed to disclose material facts that MIR162 was not approved in China; 4) and upon information and belief, Syngenta's widespread contamination of the U.S. corn and corn seed supply with MIR162 which will continue to result in the destruction of the U.S. corn

export market to China for years to come.

1701.   Defendants, at the time they acted as alleged, knew of and foresaw the risk to the Plaintiffs from the acts taken, and that by acting as alleged, the Defendants breached the duty in tort that they owed the Plaintiffs to prevent precisely the harm that occurred.

1702.   Plaintiffs seek relief for compensatory, consequential, and punitive damages, and injunctive relief arising from, inter alia:

a.     Syngenta's harm to Plaintiffs caused by contamination of the general U.S. corn and corn seed supply in the form of, inter alia, (i) inability to export corn to China, (ii) diminished corn and corn product prices resulting from the loss of the entire Chinese corn import market.

b.     Syngenta's premature release of VIPTERA corn into the U.S. corn supply, knowing that once VIPTERA corn was released, it would be commingled with and would contaminate the U.S. corn supply resulting in the inability to export to markets that had not approved products containing MIR162 (such as China);

c.     Syngenta's encouragement of farmers to plant VIPTERA corn in such a manner that it would contaminate the U.S. corn supply, so that U.S. corn could not be sold to markets that had not approved products containing MIR162;

d.     Syngenta's testing, growing, storing, transporting, selling, disposing, or otherwise disseminating VIPTERA corn in light of knowledge that it was essentially impossible to prevent contamination of other non-VIPTERA corn via cross-pollination;

e.     Syngenta's testing, growing, storing, transporting, selling, disposing, or otherwise disseminating DURACADE corn in light of knowledge that it was essentially impossible to prevent contamination of other non- DURACADE corn via crosspollination;

f.     Syngenta's selling or otherwise disseminating VIPTERA corn in light of knowledge that it was essentially impossible to prevent contamination of other non-VIPTERA corn via cultivation, harvesting, handling, storage, and transportation, resulting in damages from loss of sales and to equipment;

g.     Syngenta's selling or otherwise disseminating DURACADE corn in light of knowledge that it was essentially impossible to prevent contamination of other non-DURACADE corn via cultivation, harvesting, handling, storage, and transportation; and

j. Syngenta's materially false statements and representations made regarding the regulatory-approval status of MIR162 and VIPTERA corn or, in the alternative, Syngenta used deception, fraud or false pretense, or through failure disclose material facts, through

concealment or suppression of material facts, omission, deception, fraud or false pretense of material facts in connection with the regulatory-approval status of MIR162 and VIPTERA corn with the intent that the Plaintiffs rely upon their concealment, suppression or omission of material facts, all of which was a proximate cause of the Plaintiffs damages.

1703.   Syngenta made the conscious decision in reckless disregard of the consequences from which malice may be inferred that it was more profitable to speed VIPTERA to the market, maximize and extract a huge profit, and recoup its research costs, even though it knew the premature release of VIPTERA corn would prevent U.S. corn from being sold to markets such as China.  By doing this, Syngenta crippled the 2013 and 2014 corn export markets to China.  Further, on top of devastating the entire corn market and inflicting at least $1 billion in economic damage, Syngenta prematurely released another MIR162 corn hybrid, further devastating and inflicting widespread harm to the U.S. corn market, and all causing lost sales and income to the Plaintiffs.

## FACTUAL ALLEGATIONS

### The United States Corn Export Market

1704.   Corn is the most widely-cultivated grain crop in the U.S. The United States is a major player in the world corn trade market, and is the world's largest producer and exporter of corn.  Approximately 80 million acres of farmland is devoted to growing corn.  Nearly 20% of U.S. corn is exported to other countries.

1705.   The premature release of VIPTERA corn has hurt the U.S. corn market in many ways.

1706.   The U.S. corn marketing system, generally, is commodity-based and gathers, commingles, and ships corn from hundreds of thousands of farmers, including Plaintiffs, through local, regional, and terminal grain elevators.   Grain elevators and other corn storage and transportation facilities are generally not equipped to test and segregate corn varieties, and to undertake testing and segregation at these facilities causes disruption and expense.

1707.   After rejections of U.S. corn by China started in late 2013, Plaintiffs corn prices plunged and continued downward.

1708.   VIPTERA corn was developed by Syngenta by using modern biotechnology techniques.  Syngenta modified the corn by inserting genetic material from a bacterium, *Bacillus thuringiensis ("Bt")*.  Within the corn-biotechnology industry, corn manipulated in this fashion is commonly referred to as "*Bt corn*."

1709.   The specific genetic material inserted into the genome of VIPTERA corn allows the genetically altered corn to produce certain proteins including Cry1Ab, mCry3A, and Vip3A.

1710.   These proteins have insecticidal properties which, according to Syngenta, "controls more insects than any other trait stack on the market" including Black Cut Worm, Corn Earworm, European Corn Borer, Fall Armyworm, Western Bean Cutworm, and Stalk Borer.

1711.   VIPTERA's insecticidal protection comes from the Vip3A protein, a "vegetative insecticidal protein," which binds to the insect's midgut epithelium and forms pores, killing the insect before further crop damage may be done.

1712.   Syngenta invested approximately $200 million and five to seven years developing VIPTERA corn.

1713.   Notably, VIPTERA corn is protected by Syngenta patent(s) giving Syngenta the right to exclude others from selling products with the VIPTERA corn traits.  This is part of its motivation in pushing this product prior to approval from China (i.e., Syngenta is attempting to maximize its period of exclusivity when no others can sell VIPTERA corn).

### *Regulation and Deregulation of MIR162*

1714.   The process of commercialization a trait such as MIR162 begins with obtaining approvals from U.S. agencies, including (but not limited to) deregulation from the Animal, Plant

and Health Inspection Service ("APHIS") of the USDA.

1.    The regulations in 7 C.F.R. part 340 (the "GMO Regulations") regulate, among other things, the introduction (importation, interstate movement, or release into the environment) of organisms and products altered or produced through genetic engineering that are plant pests or that there is reason to believe may be plant pests. Such genetically engineered organisms and products are considered "regulated articles." The GMO Regulations were promulgated under the Plant Protection Act (the "PPA"), 7 U.S.C. § 7701, *et seq.*, or its predecessor statutes.

1715.    MIR162 is a genetically modified trait that, prior to its deregulation, was regulated by the USDA under the PPA and GMO Regulations.

1716.    The GMO Regulations at 7 C.F.R. §§340.3 and 340.4 allow release into the environment of regulated, genetically modified traits, such as MIR162, prior to their deregulation, through field trials conducted under permits issued by, or notifications to, APHIS. Developers who field test genetically modified traits, such as Syngenta Biotech in its field testing of MIR162, are required to adhere to certain performance standards set forth in the GMO Regulations to ensure that the regulated genetically modified organism does not persist in the environment or enter the food or feed supply. Similarly, at the end of all field tests, developers must destroy or properly contain any viable plant material in the field and ensure that no regulated material persists in the environment beyond the duration of the trial.

1717.    Between 1999 and 2007, Syngenta Biotech conducted at least 119 field trials of MIR162 corn under at least 20 permits issued by, or notifications to, APHIS under the GMO Regulations at sites in 31 states, including multiple field tests in each of the ten (10) states with the largest corn production, and in most of the states in which Plaintiffs in this case farm.

1718.    The GMO Regulations in 7 C.F.R. §340.6(a) provide that any person may submit

a petition to APHIS seeking a determination that an article should not be regulated under 7 C.F.R. part 340.

1719.    On May 24, 2007, Syngenta filed a patent application for MIR162 in order to secure Syngenta's exclusive right to market that corn trait pending regulatory approval by the USDA.

1720.    On or about September 10, 2007, Syngenta Biotech submitted a petition (the "MIR162 Deregulation Petition") seeking a determination of nonregulated status (APHIS Petition Number 07-253-01p) for corn (*Zea mays L.*) designated as transformation event MIR162, which has been genetically engineered for insect resistance, stating that corn line MIR162 is unlikely to pose a plant pest risk and, therefore, should not be a regulated article under the GMO Regulations.

1721.    Syngenta Biotech stated in the MIR162 Deregulation Petition that it understood "that a copy of the MIR162 Deregulation Petition may be made available to the public as part of the public comment process." MIR162 Deregulation Petition at 3 of 268. APHIS' notice, published in the Federal Register on January 13, 2010 (75 Fed. Reg. 1749) (the "MIR162 Deregulation Notice"), expressly invited public comment regarding the MIR162 Deregulation Petition and further provided instructions as to how copies of the petition and accompanying draft environmental assessment and plant pest risk assessment could be obtained either by placing a phone call or accessing them on the internet.

1722.    In a preliminary observation to Section IX of the MIR162 Deregulation Petition, entitled "Adverse Consequences of Introduction" (the "Adverse Consequences Discussion"), Syngenta Biotech represented that it knew "of no data or observations that indicate [that] MIR162 would adversely impact the quality of the human environment, directly, indirectly, or

cumulatively. This includes a lack of anticipated effects on . . . the economy, either within or outside the U.S."

1723. Specifically, among the matters addressed in the Adverse Consequences Discussion were "Economic Impacts" at Section IX.D. In the introduction to that section, at pages 108-109, Syngenta Biotech stated:

> Economic considerations are not explicitly described in the factors listed in 40 CFR § 1508.27. However, economic impacts do relate to the significance of the requested action and have been considered by some courts in reviewing NEPA [National Environmental Policy Act] compliance.

1724. The economic impacts discussed included the "Effects on the Export Market," at Subsection IX.D.4, page 111, which included Syngenta Biotech's representation that "there should be no effects on the U.S. maize export markets" and advised that applications for approval of MIR162 maize were in process in a number of such export markets with "functioning regulatory systems," including China, stating:

> There should be no effects on the U.S. maize export market since Syngenta **is actively pursuing regulatory approvals** for MIR162 maize in countries with functioning regulatory systems for genetically modified organisms and that import maize from the U.S. or Canada. Regulatory filings for MIR162 maize are in process for Colombia, Japan, South Korea, Taiwan, China, the Philippines, Australia and New Zealand, South Africa, the European Union, Russia, and Switzerland. (emphasis added).

1725. Other portions of the MIR162 Deregulation Petition made similar representations regarding China.

1726. Syngenta Biotech also stated in Subsection IX.D. of the MIR162 Deregulation Petition that stewardship agreements with growers would require channeling of MIR162 away from export markets which had not approved import of MIR162 maize, that Syngenta would

undertake "a wide-ranging grower education campaign" respecting channeling, and that channeling would be effective based upon prior experiences with the specialty maize market:

> Syngenta's stewardship agreements with growers will include a term requiring growers to divert this product away from export markets (*i.e.* channeling) where the grain has not yet received regulatory approval for import. Syngenta will communicate these requirements to growers using a wide-ranging grower education campaign (*e.g.*, grower Stewardship Guide). As noted in the context of the IRM program, these procedures are not hypothetical.

> The ability to channel particular types of maize for particular uses, such as the export market, is demonstrated by the continuing success of the specialty maize market. Use of identity preservation measures has enabled growers to maintain a wide variety of specialized maize products, including white food maize, waxy maize, hard endosperm maize, high oil maize, nutritionally enhanced maize, high extractable starch maize, non GMO maize, and organic maize (U.S. Grains Council, 2006). Channeling programs are well established for separating each of these maize varieties. As set out above, these practices have continued successfully long after the introduction of numerous varieties of transgenic maize.

1727. Upon information and belief, the stewardship agreements to which Syngenta Biotech referred would have been between growers and Syngenta Seeds.

1728. In December 2009, based upon its review of the MIR162 Deregulation Petition, APHIS prepared a Draft Environmental Assessment which parroted what Syngenta Biotech had represented in the MIR162 Deregulation Petition:

> There should be no effects on the U.S. corn export market since Syngenta is actively pursuing regulatory approvals for the MIR162 corn in countries with functioning regulatory systems for genetically modified organisms and that import corn from the U.S. or Canada. Regulatory filings for the MIR162 corn are in process for . . . China.

1729. The Draft Environmental Assessment was among the documents publicly available under the MIR162 Deregulation Notice.

1730.  On April 12, 2010, APHIS concluded that MIR162 corn should be deregulated. *See* Determination of Nonregulated Status for MIR162 Corn, April 12, 2010. *See*   Syngenta Biotechnology, Inc. Determination of Nonregulated Status for Corn Genetically Engineered for Insect Resistance, 75 Fed. Reg. 20560 (April 20, 2010).

1731.  Prior to making that determination, APHIS, on April 9, 2010, issued its National Environmental Policy Act Decision and Finding of No Significant Impact and, in March 2010, issued its Final Environmental Assessment. APHIS compared anticipated impact by taking no action (*i.e*., keeping MIR162 as a regulated article) with deregulating MIR162 and concluded in the Finding of No Significant Impact that in each instance the impact upon the "Export Market" would remain "unchanged." Similarly, in the Final Environmental Assessment dated March 2010, APHIS adopted and repeated Syngenta's representations that it did not expect any effects on the United States corn export market "by the cultivation of the MIR162 corn cultivars" and that applications to countries with functioning regulatory systems, including China, were in process.

1732.  Thereafter, on April 21, 2010, Syngenta issued its press release, "Syngenta receives approval for breakthrough corn trait technology in the U.S." (April 21, 2010). In making the announcement that MIR162 had been deregulated, Syngenta noted the plans for its imminent commercialization, stating that "[t]he trait will be combined with the Agrisure 3000GT trait stack to provide corn growers with broad-spectrum, insect control and glyphosate tolerance for maximum convenience and productivity" that that "Syngenta plans to commercialize hybrids containing the Agrisure Viptera® trait for the 2011 growing season."

1733.  The April 21, 2010, press release confirms that the MIR162 Deregulation Petition was a document prepared and published by Syngenta for the sole purpose of facilitating, promoting

and inducing the commercial sale of its products containing MIR162 maize. The MIR162 Deregulation Petition contained statements and representations to induce APHIS to

1734. deregulate MIR162, thereby beginning the commercialization of the product. Further, the MIR162 Deregulation Petition was filed with full knowledge that the statements and representations therein would be published to stakeholders – including the intended purchasers and distributors of Syngenta's products.  The commercial nature of the statements in the MIR162 Deregulation Petition are clear: In explaining the rationale of the MIR162 Deregulation Petition, Syngenta stated therein that "[t]ransformation event MIR162 maize has been developed by Syngenta to provide growers with maize varieties that are resistant to feeding damage caused by a number of significant lepidopteran insect pests. *This trait will be offered to growers in combination with other deregulated maize traits.*" MIR162 Deregulation Petition at 11 (emphasis added).  The MIR162 Deregulation Petition not only espoused the sale of the product to growers, it was rife with statements and representations about the commercial benefits of Syngenta's product and expected market impact thereof.

1735.  Among other indications that the MIR162 Deregulation Petition was a document in which commercial representations and statements were  made are the following:

    a.    "Transformation event MIR162 has been developed by Syngenta to provide U.S. growers with maize hybrids that are resistant to feeding damage caused by a number of lepidopteran insect pests … Commercialization of this new trait has the potential to reduce conventional insecticide use in maize, increase grower profits, and improve grain quality."  (p. 13);

    b.    ". . . [I]t [MIR162] will be commercialized as a combined-trait hybrid with Syngenta's Bt11 maize event."  (p. 96);

    c.    Syngenta's numerous references to and representations regarding the commercial benefits to farmers from introduction of MIR162 (*see, e.g.*, pp. 5, 97, 109 [enhanced productivity], p. 110 [increased competition and farmer and consumer choice]);

    d.    Syngenta's repeated observations that no adverse consequences should occur to the economy, either within or outside the U.S. (*see e.g.*, p. 5) and the statements regarding the lack of impact upon exports and intended channeling away from export markets which had yet to approve MIR162, as alleged above;

    e.    An appendix report regarding the economic implications of the introduction of MIR162; and

    f.    Syngenta's acknowledgement that the MIR162 Deregulation Petition would be made available to the public as previously alleged (p.3).

1736.  Contrary to Syngenta's representations that its regulatory filings were "in process" in China, Syngenta first sought regulatory approval for MIR162 from China's Ministry of Agriculture three years later in or around March 2010. *See* http://www.syngenta-us.com/viptera_exports/images/MIR162-Regulatory-Timeline-9-2014.pdf.

1737.  Consistent with its statements to the USDA in the Deregulation Petition, Syngenta considered China to have a functioning regulatory system. Charles Lee, Syngenta's Head of Corn for North America, has testified:

> Q: All right. Does China have a functioning regulatory system as you use that term?
> A: Yeah. So I believe BIO is very specific about what a functioning regulatory system is that, you it protects intellectual property. It operates on a set of defined timelines and we would consider that to be functioning.
> Q: So yes, China has a functioning regulatory system? A: Yes.
> Q: And to your understanding they did in 2010 as they do today?
> A: Yes.

Charles Lee Deposition (9/7/2011) (*Bunge*) at 72-73. *See also* NGFA Newsletter dated July 14, 2011 ("China is one of the countries that has a functioning, predictable and science-based regulatory system for approving bio-enhanced events.").

### Syngenta Commercializes MIR162

1738.  As Syngenta knows, nothing about USDA deregulation requires a developer like

Syngenta to commercialize. *See* Charles Lee Deposition (9/7/2011) (*Bunge*) at 69-72.

1739.   Responsible practice dictated that Syngenta obtain import approval from key market countries prior to commercialization (at minimum, before first planting). See, e.g., BIO Product Launch Stewardship, December 10, 2009, at 4.

1740.   As early as 2009, Syngenta itself was referring to China as a "Key" export country. See Viptera Timeline Storyboard Discussion dated March 29, 2009 (listing "Key Export Approvals," including China and stating: "China import approvals???").

1741.   In discussing countries for which regulatory approval should be obtained prior to commercialization, Syngenta's Miloud Araba identified the "key countries" that would "probably be considered the minimum for corn" to include China. See Email from Miloud Araba to Kevin Turnbald et al., dated September 29, 2010.

1742.   In a presentation to the NGFA in 2010, Syngenta listed China as among "key import approvals" it was or would be seeking. See Powerpoint entitled "2010 Syngenta Pipeline," Presentation to the National Grain and Feed Association.

1743.   Syngenta, however, well knew that it would not have import approval from China for the 2011 crop year.

1744.   The typical time period for import approval from China during this time period was approximately 2-3 years.

1745.   Syngenta was not even projecting approval from China for the 2011 crop year but rather, hoping for approval by the 2012 crop year. A Syngenta Powerpoint Presentation dated July 20, 2010 contains a chart showing submission and anticipated approval dates by country. This chart indicates that Syngenta requested import approval from China on March 1, 2010 and anticipated approval by May 10, 2012. *See* Syngenta Powerpoint dated July 20, 2010.

1746.   In a deposition in the *Syngenta v. Bunge* case, Syngenta's North American head of Corn, Charles Lee, revealed that Syngenta privately planned from the outset to commercialize Agrisure Viptera® with or without China's regulatory approval, notwithstanding the commitments it had made to stakeholders and industry participants not to commercialize genetically modified traits until after approval from key export markets.

1747.   Syngenta commercialized Agrisure Viptera® for the 2011 growing season despite the lack of regulatory approval from China, and despite Syngenta's knowledge that China was a key (and growing) export market for U.S. corn.

1748.   Syngenta did not disclose these facts to growers.

1749.   Syngenta was well aware in 2010 of the strong likelihood that China would be a significant import market by 2011. After reviewing a USDA Forecast of China's 2010-2011 Crops and Trade, Syngenta's John Bernens stated in an email dated May 13, 2010: "Look at the stocks to use ratio.  The fear of China's approvals might be bigger than anyone thought."

1750.   In addition, NAEGA warned Syngenta of the importance of obtaining Chinese regulatory approval prior to launch during a meeting in or around August 2010 with NGFA's Biotechnology Committee. *See* NGFA Newsletter dated July 14, 2011. The same issue was discussed at the subsequent NGFA Biotechnology Committee meetings – once during the March 2011 convention and another conducted on June 29, 2011 in Washington.

1751.   Syngenta knew of NAEGA's warning by the summer of 2010 and also knew of NAEGA's position that import approval should be obtained from China before marketing MIR162.  *See* John Bernens Deposition (11/2/2012) (*Bunge*) at 215-221.

1752.   Bernens made everyone at Syngenta aware of NAEGA's position, but Syngenta refused to stop marketing and sale of Agrisure Viptera® in 2010 for planting and harvest in

2011. *Id*. at 222-223.

1753.   On October 29, 2010, a Reuters article was circulated among Syngenta executives stating:  "Chinese corn imports have rocketed this year and are expected to continue growing next year, after China's own harvest couldn't keep up with a boom in demand . . . ."  Email chain ending with Jack Bernens dated October 29, 2010 attaching and discussing Reuters article.

1754.   In January 2011, Syngenta employees prepared written responses to questions posed by Thrive Magazine. They responded to one of the questions:  "China has moved from an insignificant [sic] importer of U.S. corn to the second most important market for U.S. corn." Email chain between Charles Lee and Dianne Mayhart dated January 25-26, 2011.

1755.   The USDA's long term projections, compiled in November 2010 and issued in February 2011, forecast dramatic increases in China's imports of corn from the USDA's prior year's projections. As stated by the USDA, the "increase in China's imports account for one-third of the growth in world corn trade."

1756.   On February 9, 2011, the CEO of Syngenta AG, Mike Mack, stated that China's "import requirements alone influence global commodity prices." Syngenta 2010 Full Year Results, Remarks of Mike Mack.

1757.   On February 25, 2011, Syngenta's Head of Industry Relations corresponded with the Head of Syngenta's Southeast Asian Territory as follows:

> I believe I have discussed with you several times about our risk with MIR162 and not having approval in EU and China.  I have been getting more questions from traders . . . lately and [Charles Lee, Head of Corn for North America] wanted me to be sure you understood the potential risk for China.

1758.   At the time it was marketing and selling Agrisure Viptera® – and before planting in 2011, Syngenta clearly knew of China's importance.

1759.  Syngenta could, and should, have waited to market Agrisure Viptera®. It also could, and should, have withdrawn it from the market before planting but did not.

1760.  To the contrary, and despite the risks, Syngenta Seeds sold Agrisure Viptera® to approximately 12,000 corn producers with a projected yield estimated in September 2011 of 250 million bushels. *See Syngenta v. Bunge,* 820 F. Supp. 2d 953, 958 (N.D. Iowa 2011). Viptera® growers could be found in nearly every state such that the market for Viptera® products was very broad across the United States. *See id.* at 963. Syngenta projected that Agrisure Viptera® seed sales would exceed twenty percent (20%) of the United States corn seed market in future years. *See id*. at 958.

1761.  After planting but before harvest in 2011, the importance of China, and the risk of MIR162 contamination and market disruption, just continued to grow.

1762.  A July 13, 2011, internal e-mail attached a news article projecting that China "will probably buy 5 million metric tons this year from 2 million tons in 2010." Email from Paul Minehart to Charles Lee and others dated July 13, 2011.

1763.  On July 22, 2011, Syngenta's CEO Mack stated:  "The need to improve yield and quality is present across all emerging markets in the region, although it's China which continues to have the greatest impact on world markets, with increasing imports not just of soybeans but also   now         of     corn."

1764.  An internal August 16, 2011 e-mail from Syngenta's Trait Marketing Manager, Quinn Showalter, confirms that Syngenta was well aware of the increased importance of China as a corn importer:

> The issue . . . is that China has become a larger corn importer
> after the planting season finished. China placed initial large orders
> including the 2011 corn crop with grain handlers around the first
> of July of this year. Last year, the U.S. exported 1.7 million tons of

corn to China. That number is expected to increase 50% this year to 3 million tons - - the highest import quantity in 16 years.

Email from Quinn Showalter to Charles Lee and others dated August 16, 2011.

1765.  In August 2011, still before the first commercially grown corn planted with the MIR162 trait had been harvested, NGFA and NAEGA issued a Joint Statement warning Syngenta about MIR162:

> U.S. farmers, as well as the commercial grain handling and export industry, depend heavily upon biotechnology providers voluntarily exercising corporate responsibility in the timing of product launch as part of their product stewardship obligation . . .The negative consequences of overly aggressive commercialization of biotech-enhanced events by technology providers are numerous, and include exposing exporting companies to financial losses because of cargo rejection, reducing access to some export markets, and diminishing the United States' reputation as a reliable, often-preferred supplier of grains, oilseeds and grain products. Premature commercialization can reduce significantly U.S. agriculture's contribution to global food security and economic growth.

> Putting the Chinese and other markets at risk with such aggressive commercialization of biotech-enhanced events is not in the best interest of U.S. agriculture or the U.S. economy.

1766.  As stated by these associations: "The grain handling and export industry have communicated consistently, clearly and in good faith with biotechnology providers and seed companies about the importance of biotech-enhanced events in commodity crops receiving regulatory approvals or authorizations -- prior to commercialization -- in key export markets where foreign governments have functioning regulatory systems that approve biotech-enhanced traits. These communications regarding key export markets, identified through market and trade assessments, have been conveyed through industry trade associations and in direct communications by individual companies." *Id.*

1767.  A report from the U.S. Grains Council President Thomas Dorr on his July 2011

trip to China, obtained from Syngenta's document production, was equally blunt: "The likelihood of U.S. corn entering the China market with this unapproved market is substantial." *See* U.S. Grains Council Trip Report by Thomas Dorr dated July 22, 2011 at 1.

1768.   That warning was very valid. Not only did Syngenta commercialize Agrisure Viptera® prematurely, it did so without adequate systems in place to either isolate MIR162 or channel it away from markets, including China, from which approval was not obtained.

***Contamination of the United States Corn Supply***

1769.   Commingling different varieties of corn is always a risk during planting, harvesting, drying, storage, and transportation of corn.  Thus, once released, a corn variety will, without adequate protections, contaminate the broader corn supply.

1770.   Corn, or maize, has staminate (male) and pistillate (female) flowers on the same plant and is wind pollinated.  While there is some possibility of self-fertilization, corn generally is considered an outcrossing species.  Under normal field conditions some 95% of the ovules are fertilized by pollen from other plants. Pollen is released in large quantities. "Individual corn plants produce 4 to 5 million pollen grains. Therefore, even if only a small percentage of the total pollen shed by a field of corn drifts into a neighboring field, there is considerable potential for contamination through cross pollination."   Thomison, "Managing "Pollen Drift" to Minimize Contamination of Non-GMO Corn," Ohio State University Extension Fact Sheet.

1771.   In addition, "[p]lanting operations to control pollen drift are only part of the process of producing an IP corn grain crop." Thomison, "Managing 'Pollen Drift' to Minimize Contamination of Non-GMO Corn," Ohio State University Extension Fact Sheet. Other major issues include harvesting, storage, and commingling within the production and supply chain.

1772.   "Different corn breeds within an individual farm are commingled at the

harvesting stage. Corn from hundreds of thousands of farms is then further commingled as it is gathered, stored and shipped through a system of local, regional and terminal grain elevators. Elevators, storage and transportation facilities are generally not equipped to test and segregate corn varieties. The commingled corn is then marketed and traded as a fungible commodity." *In re StarLink Corn Products Liability Litig.*, 212 F. Supp. 2d 828, 834 (N.D. Ill. 2002).

1773.   As a developer of genetic events, including genetically engineered corn, Syngenta knew or certainly should have known the very high likelihood that if commercialized, MIR162 would disseminate throughout the supply chain – in fields, storage and transportation – via the numerous routes that transgenic contamination occurs.

1774.   One Syngenta representative stated: "The primary issue at hand through this entire situation is that many growers probably do not know where their Agrisure Viptera is planted (making segregation nearly impossible)." Email from Eric Anderson to Eric Carlson dated August 23, 2011.

1775.   Before commercializing MIR162, Syngenta also knew the risk that MIR162 would move into export channels from planting and harvest of MIR162, knew that risk was significant, and that detection of MIR162 in markets lacking approval created significant risk of trade disruption. *See, e.g.,* Email from David O'Reilly dated October 31, 2009 (discussing planting of MIR162 in Brazil, which gave approval, the "significant risk MIR162 will be detectable in export channels before EU approvals" and "risk of disruption of Brazilian corn . . . because of detection of MIR162").

1776.   Syngenta knew that MIR162 in the U.S. "could be in export channel[s]" and "be detectable in export channels" by 2011. MIR162 & EU approvals Powerpoint attached to Email from David O'Reilly dated October 31, 2009.

1777.   Syngenta's Charles Lee admitted in his deposition in *Syngenta v. Bunge* that there was a "real risk" that China would reject grain shipments due to the presence of unapproved genetically modified traits.  *See* Charles Lee Deposition (9/7/2011) (*Bunge*) at 94-95.

1778.   Syngenta, however, took few to no steps to assure that MIR162 would not enter the U.S. corn supply through cross-pollination and/or commingling in fields, and took wholly inadequate steps to prevent commingling within grain elevators or otherwise within the supply chain as described below, virtually assuring that MIR162 would contaminate the U.S. corn supply in every way possible.

1779.   China, having not approved the importation of VIPTERA corn during the relevant time period, maintained a strict zero tolerance policy regarding contamination of corn imports with corn containing MIR162.

1780.   This means that any detection of MIR162 in a shipment to China could result in rejection of that shipment.

1781.   Syngenta had knowledge of China's zero-tolerance policy prior to the commercialization of VIPTERA corn.

1782.   Further, Syngenta had knowledge that there was no means of detecting a "zero" level of MIR162 in a given sample.  At least, Charles Lee - Syngenta's North American Head of Corn - stated, when asked about potential detection methods, "Yeah, nothing can detect to zero." In other words, there is always a risk that if a corn shipment is tested in the U.S. and is negative for MIR162, a second test at port could result in a positive for MIR162.

1783.   Even further, when questioned about the decision-making process to commercialize VIPTERA corn, Mr. Lee stated that commercialization was premised on U.S. deregulation and Japanese and Canadian approval.

1784.    Mr. Lee stated in his deposition "we operate on the principle that we need U.S.,
Japan and Canada.  And so once we have those approvals, we do commercialization of the product
. . . ."

1785.    Therefore, Syngenta recognized that it is improper to rush a product to market
without first receiving approvals from certain other countries to which U.S. corn is exported.
Despite this knowledge, it did not wait for Chinese approval.

1786.    There was no requirement that Syngenta commercialize VIPTERA corn at this
time.  However, as stated by Mr. Lee, Syngenta was "trying to recoup [its] costs as an
organization." Further, Syngenta "[l]ike anybody, [wanted] to derive some income from [its]
products." *Id.*  At 70:22-71:13.

1787.    Syngenta also commercialized VIPTERA corn before major market approval for
another reason: "[y]ou have to operate in the nongeneric period [of Syngenta's patent covering
VIPTERA corn].  You like to optimize that period." *Id*. at 72:3-6.

***Syngenta's Ineffective "Stewardship" Program***

1788.    Syngenta's representation in its MIR162 Deregulation Petition that the "ability to
channel particular types of maize for particular uses such as the export market" is demonstrated
by success in the "specialty maize market" is grossly misleading.

1789.    Syngenta knew that the commodity corn market is different than the specialty
corn market, and that the closed loop system utilized in the specialty corn market is ineffective for
commodity corn. On October 26, 2007, Syngenta's Sarah Hull circulated internal Questions
& Answers for upcoming meetings. One anticipated question was: "It seems that Syngenta
believes a closed  loop system is workable to keep unapproved product completely away from
export channel . . . What do you think?" Syngenta's prepared answer was: "For specialty grain,

**not commodity grain,** we do believe a closed loop, dedicated grain management system can work because the grain is contracted for a specific use and a specific end user." Email from Sarah Hull to Jeff Cox and others dated October 26, 2007, attaching "Potential Q/A for JZZ and MAFF Meetings." (emphasis added).

1790.   The difficulties with channeling are illustrated by the infamous "StarLink" contamination in 2000 that was the subject of significant litigation. *See In re StarLink Corn Products Liability Litigation*, 212 F. Supp. 2d 828 (N.D. Illinois 2002).  That is particularly so where, as in this case, millions of acres of the commodity to be channeled – MIR162 corn – were planted all across the U.S.  Syngenta did not make even minimally reasonable efforts to do so.

1791.   While misleading, Syngenta's representations to the USDA illustrate Syngenta's awareness of the kind of system designed to avoid contamination. Well-known measures in specialty markets include specifying strict containment protocols by contract (*e.g.*, cleaning combines and storage areas, isolation distances, dedicated facilities, and inspections), and tracing the product through the supply chain.

1792.   Syngenta, however, did not take meaningful steps to even minimize the risk of pollen-mediated gene flow and commingling of Agrisure Viptera® with non-Viptera corn.Responsible stewardship procedures include, at minimum, "generally accepted best seed quality practices designed to prevent low level presence of unauthorized products and [to] minimize unintended incidental presence of products authorized in the county of production" and "[m]ak[ing] available prior to commercialization a reliable detection method or test for use by growers, processors and buyers that enables crop identity verification for intended use." *See* BIO "Product Launch Stewardship," dated December 10, 2009 Annex 1, Policy Guidance; BIO "Stewardship Actions to be Taken Prior to Launching Special Traits," dated October 4, 2010,

Annex 1, Policy Guidance; BIO "Product Launch Stewardship: Food and Agriculture Section," dated November 27, 2010, Annex 1 Policy Guidance.

1793.   In its own 2007 launch policy, Syngenta represented that "[w]e will make available prior to commercialization a reliable detection method or test that enables event identity in the crop." BIO Product Launch Policy, Syngenta Implementation Principles (November 2007).

1794.   In July 2010, Syngenta executives discussed methods for detecting genetically modified traits and shared "one of the stories on MIR162 for why we need a GMOD [genetically modified organism detection] strategy."  That story noted that "[a]symmetric approval of Agrisure Viptera in one territory and other territory may affect the free flow of product trade." Email from Jingwen Chen to Alejandro Tozzini et al., dated July 20, 2010.

1795.   Syngenta discussed, but rejected, issuing strip test kits to processing facilities and other grain handlers to reduce the risk of MIR162 entering facilities that exported to unapproved markets despite the fact that the test kits cost approximately one dollar each. *See* August 15-16, 2011 Email Chain Subject: Risk Management.  Nor did it provide another test method to farmers or grain handlers as part of a required stewardship program.

1796.   Syngenta also could have contractually required that Viptera® growers adhere to stringent practices that would have decreased the likelihood of contamination.  Syngenta did not, however, because to do so would have drastically reduced or eliminated sales of that product.

1797.   Instead, and contrary to requiring isolation, Syngenta Seeds gave away free bags of Viptera to farmers as part of a campaign to encourage Viptera® growers to grow Viptera® side-by-side with other corn to compare performance.  *See Syngenta,* 820 F. Supp. 2d at 958.

1798.   Syngenta ***expected*** the Viptera® corn to cross-pollinate with non-Viptera corn

and, according to Charles Lee, told farmers to consider the adjacent corn Viptera® corn. *See* Charles Lee Deposition (9/7/2011) (*Bunge*) at 221-223. Yet, there was no contractual requirement for growers to take measures to prevent such cross-pollination in their own fields, to segregate Viptera® from non-Viptera® corn or to prevent contamination of other farmers' fields.

1799.   In fact, Syngenta advised at least one grower that he had no obligation to tell neighboring corn farmers or grain originators that he had planted Viptera®.  This advice was in response to the farmer's concern that he might be liable if his Viptera® corn cross-pollinated with his neighbor's corn.  *See* Email from Matt Tenhaeff dated September 27, 2011.

1800.   Syngenta's commercial sales of Agrisure Viptera® for planting, growing, and harvest in 2011 reached across the United states, covering nine hundred nineteen (919) counties and thirty-eight (38) states. *See* "Unit Stats by State and County, Viptera Only" (Lee *Bunge* deposition exhibit); *see also Syngenta v. Bunge*, 820 F. Supp. 2d at 958, 963. Despite the pervasive presence of Agrisure Viptera® and Syngenta's knowledge of the risks, Syngenta did not require growers to comply with the kind of strict measures Syngenta knew were minimally necessary in order to even have a chance at containment.

1801.   Syngenta's professed "channeling" efforts, which could and should have been in place well prior to harvest in order to direct Agrisure Viptera® away from markets lacking import approval, also were wholly – and purposefully – inadequate.

1802.   In its 2007 MIR162 Deregulation Petition, Syngenta represented that a lack of Chinese approval would not pose a problem for U.S. farmers because:

> Syngenta's stewardship agreements with growers will include a term requiring growers to divert this product away from export markets (*i.e.* channeling) where the grain has not yet received regulatory approval for import. Syngenta will communicate these requirements to growers using a wide-ranging grower education campaign (*e.g.*, grower Stewardship Guide) . . . [T]hese procedures

are not hypothetical.

1803.   Syngenta's "stewardship" program, however, did indeed present "hypothetical" and ineffective procedures, which made contamination of the U.S. corn supply virtually certain.

1804.   Contrary to representations in its MIR162 Deregulation Petition, Syngenta did not, on information and belief, institute a "wide ranging grower education campaign" through its Stewardship Agreements, Stewardship Guides or otherwise, and certainly did not do so in a manner that would be meaningful and effective.

1805.   On information and belief, none of Syngenta Seeds' Stewardship Agreements with growers contained any details on Syngenta's stewardship program. Instead, the agreement provided that growers should comply with the "most current" version of a "Stewardship Guide," which might or might not be given to them when they received the product, and was subject to unilateral change at any time via modification to a website. *See* Syngenta Seeds, Inc. Stewardship Agreement (Revised 08/2009) at 1; Syngenta Seeds, Inc. Stewardship Agreement (Revised 03/14/2011) at 1; Syngenta Seeds, Inc. Stewardship Agreement (Revised 05/11/2011) at 1; Syngenta Seeds, Inc. Stewardship Agreement (Revised 06/05/2013) at 1.

1806.   In other words, Syngenta's "stewardship" program for Agrisure Viptera® depended, at the outset, on thousands of individual farmers across the country locating and understanding a Stewardship Guide which they may well not have been provided at the time of signing the Stewardship Agreement or receiving the product.

1807.   The 2009 version of the Stewardship Agreement provided that the grower "agrees to: Channel grain produced from seed to appropriate markets to prevent movement to markets where the grain has not received regulatory approval for import." It does not, however, identify China as one of those markets. Rather, the agreement states that: "Grain harvested from corn

hybrids containing Agrisure Technologies . . . may not be fully approved for grain export to **Japan or the European Union**" and that "grain from hybrids that do not have the appropriate import approvals from **Japan and the European Union** must be directed to domestic uses and away from export channels." Syngenta Seeds, Inc. Stewardship Agreement (Revised 08/2009) at 2 (emphasis added). There is no reference to any other unapproved markets, including China.

1808. The March and May 2011 versions of Syngenta Seeds' Stewardship Agreement said – and did not say -- the same thing. *See* Syngenta Seeds, Inc. Stewardship Agreement (Revised 03/14.2011) at 1, 2; Syngenta Seeds, Inc. Stewardship Agreement (Revised 05/11/2011) at 1, 2.

1809. Syngenta Seeds' 2013 version of the Stewardship Agreement removed the reference to Japan and the European Union, but even then did not mention China. *See* Syngenta Seeds, Inc. Stewardship Agreement (Revised 06/05/2011).

1810. None of the agreements contain any instruction on how the grower was supposed to "channel."

1811. And Syngenta knew or should have known that bare reference to channeling (and at that, without reference to China), was ineffective. Syngenta itself has stated: "Contracts are not carefully reviewed or understood." *See* Syngenta document entitled "The Role of Grain Marketing for Future Trait Technologies."

1812. In any event, and to the extent other versions of the Stewardship Agreement (or Stewardship Guide) do reference China, the concept of "channeling" by thousands of individual corn farmers under Syngenta's non-existent or – at minimum, inadequate – "stewardship" program, was certain to fail.

1813. "Channeling" can only work if all grain handlers and others in the supply chain

are engaged in that endeavor. For example, BIO recognizes that a realistic assessment of conditions related to handling, distributing, processing and testing products must engage the various stakeholders. *See* BIO Product Launch Stewardship, December 10, 2009 at Introduction.

1814.   Upon information and belief, Syngenta did not obtain channeling commitments from supply chain participants, took no further action to create a marketing plan or channeling mechanism or to coordinate with grain handling, export and other post-harvest firms, to ensure that Agrisure Viptera® corn was not directed to markets for which regulatory approval had not been received, including China.

1815.   This failure was purposeful. Syngenta made a decision that no special provisions would be made for grain redirection.  In the summer of 2010, David Morgan agreed – reluctantly – to approve sending MIR162 seed planted prior to Japanese approval to a feedlot instead of placing it into the grain channel if Syngenta did not have to pay for it:  "To be clear, if we can do this with zero cost and minimal effort and this keeps everyone 'quiet,' then why not? If otherwise then I personally don't care about channeling." Email chain including David Morgan and Jack Bernens dated June 18, 2010.

1816.   Not only did Syngenta decide it would not take measures for channeling Agrisure Viptera®, Syngenta sought to ***stop*** exporters and grain elevator operators from attempting to "channel" Agrisure Viptera® away from China.  Specifically, Syngenta brought a lawsuit against Bunge, a grain elevator operator, who refused to accept Agrisure Viptera® corn because that operator exported corn to China.

1817.   Syngenta Seeds filed the suit seeking an injunction to require it to accept the Agrisure Viptera® corn despite: (i) its earlier representations in the MIR162 Deregulation Petition that corn grown with its MIR162 trait would be channeled away from export markets

which had not yet approved of its importation; (ii) the requirement in its Stewardship Agreement with growers who had purchased Agrisure Viptera® seed requiring them to channel their harvested grain away from export markets which had not yet approved the importation of MIR162 corn; and (iii) the protocols referenced above approved by the Biotechnology Industry Organization and other organizations of which Syngenta was/is a member requiring consultation with industry stakeholders and not commercializing approved traits without major market approval.

1818.   The Court in *Syngenta v. Bunge* denied Syngenta Seeds' requested injunction on September 26, 2011.  In denying the requested injunction, the Court found that it was foreseeable that China would not approve importation of MIR162 during the 2010-2011 crop year, that during that year U.S. exports to China might be significant, and that Syngenta Seeds had caused the very harm of which it complained. The Court refused to shift the risk to Bunge for commercializing Agrisure Viptera® prior to receipt of approval from China. Specifically, the Court in that case concluded, *inter alia*, that:

> [a]t least to some extent, Syngenta's reputational injuries [allegedly caused by Bunge's refusal to accept Agrisure Viptera®], thought significant, [were] the result of *Syngenta's* decision to commercialize Viptera corn before obtaining import approval from significant import markets, including China, where Bunge's rejection of unapproved traits was not wholly unforeseen or unforeseeable . . . .   (*Syngenta*, 820 F. Supp. 2d at 988).

### VIPTERA – A Continuing Controversy

1819.   Despite the risk of contamination and movement of Agrisure Viptera into export markets, Syngenta continued its course and sold even more Agrisure Viptera® for planting in 2012, further increasing those risks.

1820.   And Syngenta expanded sales of Agrisure Viptera® even as China was

dramatically increasing imports of U.S. corn and was projected to be the largest importer of U.S. corn by the year 2020.

1821.  In 2011, Syngenta was selling Agrisure Viptera® for the next growing season, 2012.

1822.  Syngenta was concerned.  If grain handlers like *Bunge* refused to take Agrisure Viptera®, the lack of approval from China might reduce its sales.

1823.  On June 29, 2011, Syngenta's Head of Industry Relations warned several Syngenta executives:

> All, just want to continue to let you know the questions about MIR162 continue to increase Both on EU and China. Today at NGFA meeting [a Cargill executive] said his export business is really wound up about China and MIR162 not being approved. I predict we are going to have some rough water around MIR162 until China and EU are approved.

Email from Jack Bernens to Charles Lee, Sarah Hull, and David Morgan dated June 29, 2011.

1824.   On July 1-5, 2011, Syngenta's Sarah Hull and others exchanged emails that grain exports were beginning to erect signs announcing their refusal to accept Viptera® from growers because of the threat posed by the lack of approval from China. *See* Email from Jack Bernens to Sarah Hull, David Morgan, and Charles Lee dated July 1, 2011 ("The signs are starting to go up!"); Email from Sarah Hull to Ponsi Trivisvavet dated July 5, 2011. Syngenta's management team had been in meetings with representatives from China, and acknowledged the risk. *See* Emails between Andrew McConville, Sean Wang, and Sarah Hull dated July 4, 2011.

1825.  On July 2, 2011, Syngenta's Head of Industry Relations sent an email to Syngenta management, stating: "[A]s you know I have been warning of this pending potential development for some time . . . China has become a substantial market and we could see this was going to happen."  Email from Jack Bernens to Grant Ozipko dated July 2, 2011.

1826.   Syngenta also knew by July 2011 that China would not change its zero-tolerance policy. On July 5, 2011, Syngenta's head of Corporate Affairs China informed the management team: "With regard to the MoA officials . . . they reiterated . . . that at present stage, MoA will not change the GMO safety certificate (for processing) issuing system."  Email from Wang Sean to Andrew McConville and others dated July 5, 2011.

1827.   Syngenta, however, chose not to inform growers and the grain industry of the growing danger. Instead, it crafted a plan to mislead grain handlers and growers to believe that Syngenta would have import approval from China by the time Viptera® was harvested despite all indications to the contrary.  The purpose of this plan was to sell more Viptera®.

1828.   On July 5, 2011, Sarah Hull emailed:

> Not sure on the approval timeline . . . We get daily questions from the other grain traders about China and EU (Brazil trade) approvals . . . Most important is that we get them comfortable that the approval is close so they don't not only tell farmers not to bring their 162 varieties to them but also not to buy the varieties for planting next year.

Email from Sarah Hull to Ponsi Trivisvavet dated July 5, 2011.

1829.   United States Grains Council President, Tom Dorr, in a memorandum dated August 2, 2011 to "Seed Technology Members" and emailed to Syngenta, stated that 'the current situation regarding the commercialization of unapproved events in China has raised industry-wide concern about potential near and longer-term disruption to US corn exports in China." In the same memorandum, he referred to China as a "major corn importer."

1830.   By at least early July 2011, Syngenta was already managing its message and had scripted its responses.

1831.   Among other things, Syngenta launched a "blame the grain trade" campaign. On

July 7, 2011, Syngenta's Sarah Hull stated:

> Channeling is exactly what these guys [grain handlers] need to accept as the way forward in general. Will be interesting to hear what Cargill says since they feel they are better at managing logistic challenges than anyone else. I think we have to find the right balance of making this a 162 problem versus an evolutionary challenge of global grain trade and adjust our actions to reflect the latter.

Email from Sarah Hull to David Morgan and others dated July 7, 2011.

1832.  Syngenta remained focused on its bottom line. Addressing a suggestion that Syngenta work "with the grain channel to avoid issues with introductions of new trait technologies," a Syngenta executive responded: "(you don't need to spend a lot of time on it) but what may not have been driven home yet is how much this potentially will cost Syngenta, how much the China thing has and IS costing Syngenta, and what it's done to sales/field perceptions."  Email exchange between Jill Wenzel and John Fisher dated October 12, 2011.

1833.  Syngenta internally communicated its "Yields Without Borders Program" and its "Top 10 Tactics to Energize Sales Force and Leverage Grain marketing Channel to Secure Sales." *See* Syngenta document entitled "The Role of Grain marketing for Future Trait Technologies." Part of this program was to provide regular (and misleading) updates "on progress and plans for China trait approval and to drive trait acceptance." *Id.*

1834.  Syngenta's objectives included "introduction of new trait technologies to maximize IP [intellectual property] protection window and realize income sooner on R&D investment" and to address Syngenta's "black eye" in regard to "issues of technology acceptance and grain marketing." *Id*.

1835.  In order to encourage further sales and planting of Agrisure Viptera®, Syngenta, by at least August 2011, was representing to stakeholders, including corn growers, that Syngenta

would obtain China's approval by March 2012. *See, e.g.* Syngenta Letter to Viptera Growers dated August 17, 2011 (stating "we are still awaiting import approval from China, which we anticipatate in late March 2012" and that Chinese approval is "expected late March 2012").

1836.   Syngenta, however, did not have a reasonable basis to believe that approval from China would be received in March 2012 and did not itself expect approval by that time.

1837.   On July 8, 2011, the Head of Syngenta's Southeast Asian Territory wrote to Syngenta's Head of Corn for North America:

> **Viptera China:**  I'm really concerned whether Q1/Q2 2012 is still achievable.  Could we talk on this still?

Email from Trivisvaret Ponsi to Charles Lee dated July 8, 2011.

1838.   Indeed, Syngenta's approval submissions to China included insufficient, incorrect and/or incomplete information, resulting in multiple additional submissions, and also included significant delays by Syngenta in providing standard information. For example, Syngenta did not submit PCR detection methods until January 10, 2011, and had to redeliver the PCR detection method on May 16, 2011, because the first submission was unclear. This information  was a required precursor to testing in China, which may take – and is expected to take – months. On June 22, 2011, Syngenta sent a letter of correction regarding mislabeling of samples. Testing did not begin in China until June 24, 2011.  Testing results are known requirements of completed applications. Even after an application is complete, review and deficiency notices, requiring correction, are not atypical but expected.

1839.   Before, but at least as of July 2011, Syngenta knew it could not expect approval by March 2012.

1840.   Brian Walsh emailed Katie Gutzmann on July 1, 2011 that Agrisure Viptera® would not receive import approval from China "for a few years yet."  Email from Brian Walsh to

Katie Gutzmann dated July 1, 2011, Mr. Walsh continued: "The good news is that most of Monsanto's new traits aren't approved either . . . All other major countries approved Viptera." *Id.*

1841.  In further discussion on this topic on July 5, 2011, Quinn Showalter asked: "Do you have any insights regarding when [Monsanto] might get approval . . . If they aren't being restricted by [Consolidated Grain and Barge], it may be due to an anticipated approval vs. ours **which I believe is anticipated in 2014**."  Email from Quinn Showalter to Araba Miloud dated July 5, 2011 (emphasis added).

1842.  Syngenta received field trial and safety test results in October and November 2011, respectively.  Syngenta submitted these results in a now-completed application on November 9, 2011. At that point also, Syngenta knew or clearly should have known that it would not have approval by March 2012.

1843.  As of May 2012, China's Ministry of Agriculture had reviewed Syngenta's application and had rejected it for deficiencies including all applicable safety analyses.  Syngenta submitted another application in June 2012.

1844.  Syngenta continued to downplay the importance of China and misrepresent the status of China's approval for the purpose of increasing sales of Agrisure Viptera®.

1845.  Syngenta was far more focused on a potential loss of profits than it was on the risk of trade disruption caused by Agrisure Viptera®.

1846.  Syngenta was analyzing the potential that Viptera® purchasers might return seed, and was looking at its prior experience in 2007 when it commercialized MIR604 prior to Japan approval. *See* Email from John Fisher to Jack Bernens and others dated November 9, 2011. Syngenta's Product Lead for Commercial Traits took glee at the fact that a U.S. seed shortage

would work in Syngenta's favor, forcing growers to "roll the dice" with Viptera:

> One heads-up from today's Agrisure Viptera core team call – approx. 750,000 of our approx. 1MM units are already ordered and we anticipate the remainder will be ordered by year's end. The industry- wide short supply of seed will work in our favor. . . . Hence key business issue is more the black-eye we now have, vs. actual impact on sales. . . .

> **The issue will be if they [growers] return it, they likely won't be able to replace it. Poor things will have to roll the dice.**

Email from Jill Wenzel to John Fisher and Jim Gresham dated November 11, 2011.

1847. As Syngenta continued to make its misrepresentations and the presence of Agrisure Viptera® continued to spread, so did the risk of contamination of the U.S. corn supply with MIR162 – and the risk of market disruption. And Syngenta knew it.

1848. On July 11, 2011, Syngenta's Head of Global External Affairs, Sarah Hull, emailed other Syngenta executives regarding a plan devised with Syngenta's Michael Mack, to convince China to speed up its approval. Mr. Mack "want[ed] the Chinese to know that every ship carrying corn into China this fall will have 162 in it at some level." Email from Sarah Hull to Charles Lee (cc: David Morgan) dated July 8, 2011. Ms. Hull asked for information to verify numbers supporting that message:

> I need to pull some numbers together to make this a fact-based argument and wondered who could help me.

> We know that US plantings of [MIR]162 = 540,000 bags, representing 1.6% of the total corn market. I assume this is consistent with your citing ¼ billion bushels of Viptera grain is in fields today, but will you verify these facts?

*Id.*

1849. Ms. Hull acknowledged that (contrary to earlier representations to the USDA that MIR162 could be effectively channeled like specialty maize), the ability to channel in a "closed

loop" system is much different than a commodity crop. She noted: "I know we need to be careful not to undermine our position that we can successfully grow products in closed loop systems such as Enogen [corn developed by Syngenta for ethanol production], but I think we have to do what we can to get China to speed up this review.  *Id.*

1850.  The plan was for Syngenta to compare prior Syngenta contamination incidents (MIR604 and Bt10 corn) with the presence of MIR162 in the U.S. corn supply in order to show with dispersion modes "that under 0 tolerance even very little in the system had extensive hits." This, Ms. Hull said, should convince U.S. Government officials to convey to Chinese officials the need to approve MIR162 "or put US corn trade at serious risk."  *Id.*

1851.  Despite knowing that its incomplete and delayed regulatory filings with China assured that Syngenta would not obtain import approval for Viptera by March 2012, Syngenta nevertheless instructed employees to tell grain handlers: "We are still on schedule to obtain approval from China by March of 2012 . . . we have not received any indication that China approval will be delayed."  Email from March Sather dated January 2, 2012.

1852.  After the first quarter of 2012 had passed without approval from China, Syngenta told its employees to "**verbally**" (emphasis in original) communicate that Syngenta "continue[s] to anticipate that this approval will be received shortly."Email from Lori Thomas to DL NAFTA list serve et al., dated April 8, 2012.

1853.  On or about April 10, 2012, Sarah Hull emailed Rex Martin, Syngenta's representative to the U.S. Grains Council, stating: "We need to get some indication to growers or [NCGA] that China Viptera approval is done and is only waiting for the administrative signatures . . . David [Morgan] and Chuck [Lee] said growers are starting to return seed and *we need to try to stop this*." Email from Sarah Hull to Rex Martin dated April 10, 2012 (emphasis

added).

1854.   About a week later, during Syngenta's first quarter 2012 earnings conference call on April 18, 2012, Syngenta's Chief Executive Officer, Michael Mack, publicly stated that he expected China to approve Agrisure Viptera® "quite frankly with in the matter of a couple of days." This, of course, was a year after Syngenta had already sold large quantities of Agrisure Viptera® to farmers across the country.

1855.   On information and belief, however, Syngenta did not as of April 2012 have a reasonable basis for a belief that China's approval was "done," or its representation that approval was imminent. Syngenta certainly did not have any sort of official approval at this juncture.

1856.   Indeed, Syngenta received a rejection and deficiency letter from China's Ministry of Agriculture on May 15, 2012.

1857.   Syngenta also distributed misleading written materials indicating that Agrisure Viptera® **could** be exported to China.

1858.   For example, Syngenta distributed a "Request Form for Bio-Safety Certificates Issued by the Chinese Ministry of Agriculture" for Agrisure Viptera®. In China, "Bio-Safety Authorizations" are required for the issuance of shipment-specific "Bio-Safety Certificates." However, applying for shipment-specific Bio-Safety Certificates was and is pointless because MIR162 has not been approved for importation in China.

1859.   Syngenta also distributed a "Plant with Confidence Fact Sheet," which contains deceptive statements regarding the importance of China as an export market. For  example, the "Plant with Confidence Fact Sheet" states:

> The vast majority of corn produced in the U.S. is used domestically. There is a misconception that China imports more grain than it actually does from the U.S. China has imported, on average, a little more than half of one percent – 0.5% – of all

U.S. corn produced in the past five years. . . .

Since very few U.S. grain outlets actually export to China, most have no reason to restrict your right to plant the latest technologies

1860.   Contrary to the Plant with Confidence Fact Sheet, the NGFA reports:

The U.S. Department of Agriculture (USDA) forecasts that China will become the world's largest corn importer by 2020. China is projected to increase its corn imports to 22 million metric tons (866 million bushels) by 2023, up from 2.7 million metric tons (106 million bushels) in 2012. For 2013, USDA had projected that the United States would export 37 million metric tons (1.457 million bushels) of corn, and that China would import an estimated 7 million metric tons (276 million bushels) – virtually all of it from the United States.

1861.   In other words, for 2013, the USDA projected that China would grow to represent nearly 20% of the U.S. export market.

1862.   Prior to China's discovery in November 2013 of MIR162 in U.S. corn shipments, China was the third largest market for U.S. corn and China's share of our market was projected to grow substantially. China is by far the largest potential growth market for U.S. corn.

1863.   On April 22, 2011, just months after Syngenta Seeds had released Agrisure Viptera® for the 2011 crop year, Syngenta Biotech filed with APHIS a petition seeking the deregulation of another insect resistant, genetically modified trait known as Event 5307. Event 5307 was ultimately deregulated by APHIS on January 29, 2013.

1864.   Between 2005 and 2011, Syngenta Biotech conducted at least 101 field trials of Event 5307 corn under at least 22 notifications made to APHIS under the GMO Regulations at sites in 23 states.

1865.   Upon information and belief, at least some of the field trials of Event 5307 included tests of corn stacked with multiple traits, including the presence of both Event 5307 and MIR162. Further, upon information and belief, field tests conducted under the GMO

Regulations of Event 5307, either singly or together with other traits, including MIR162, continued during the period after the filing of the Event 5307 Deregulation Petition and the January 29, 2013 decision to deregulate Event 5307.

1866.   In its deregulation petition for Event 5307, Syngenta Biotech disclosed that upon deregulation of Event 5307, Syngenta Seeds did not intend to market Event 5307 as a stand-alone product, but intended to combine it with other traits, including MIR162.   It also stated that it intended to seek approval of products containing Event 5307 in countries which had functioning regulatory systems and that "Syngenta is also pursuing regulatory approvals for importation of corn commodities and processed goods containing 5307 corn in key export markets for U.S. and Canadian corn" and that applications were currently planned for a number of additional countries, including China. In the discussion of "Adverse Consequences of Introduction," Syngenta Biotech stated that an upcoming Environmental Report would discuss a range of issues related to the deregulation of Event 5307 corn, "including any potential direct, indirect or cumulative impacts on . . . the economy, either within or outside the U.S." Petition for Determination of Nonregulated Status for Rootworm-Resistant Event 5307 Corn, April 22, 2011, at 156 (http://www.aphis.usda.gov/biotechnology/petitions_table_pending.shtml).

1867.  Following approval of Event 5307, Syngenta Seeds announced that it would commercialize its Agrisure Duracade™ for the 2014 crop year containing both Event 5307 and MIR162, despite the continued failure to obtain approval from China for MIR162 and the fact that Event 5307 also had not been approved.

### Commercialization Of Agrisure Duracade™ Despite MIR162's Continued Disruption of the U.S. Corn Trade

1868.  In November 2013, China began rejecting shipments of U.S. corn which tested positive for the presence of MIR162. Syngenta has, nevertheless, continued its false statements

and misrepresentations, as alleged herein, including through its decision to market for the 2014 crop year Agrisure Duracade ™.

1869.  The National Grain and Feed Association has detailed the disastrous results of China's rejection of U.S. corn based upon the presence of MIR162:

> This development resulted in a series of trade disruptions – including testing; delays in vessel discharge; and deferrals, diversion and rejections of cargoes – when MIR162 subsequently was detected in U.S. shipments of corn and distillers dried grains with solubles (DDGS). These disruptions effectively shut U.S. corn farmers out of China's feed grain import market, which previously almost exclusively had been supplied by the United States. **China subsequently has taken actions to utilize domestic, as well as international alternatives to U.S. corn. For instance, China's imports of U.S. grain sorghum have increased significantly. China also has sourced corn from Ukraine. And most recently, Brazil and Argentina each were granted approval to begin exporting corn to China. . . .**

> This disruption, tied to positive detections of MIR 162 that began in November 2013, has virtually halted U.S. corn trade with China.

> . . . .

> USDA currently is projecting Chinese corn imports will reach 22 mmt [million metric tons] by 2023, which if realized would account for nearly half of the projected growth in total world corn trade. However, **if the MIR 162-related trade disruption continues, other corn exporting nations, such as Ukraine, are capable of replacing the United States as the principal corn exporter to China**. . . .

> [T]he MIR 162-induced trade disruption has resulted in market price loss on unfulfilled export sales, price loss on diverted sales because of the compromised economic negotiating position of U.S. exporters, demurrage costs, and lower market prices for U.S. commodities and products. **The total loss for these sectors of the U.S. grain industry is estimated to range from $1 billion to $2.9 billion.**

http://ngfa.org/wp-content/uploads/Agrisure-Viptera-MIR-162-Case-Study-An-Economic-

Impact-Analysis.pdf

1870. Syngenta nevertheless moved forward with commercialization of Agrisure Duracade™ for the 2014 planting season.

1871. On January 23, 2014, the National Grain and Feed Association and the National American Export Grain Association issued another Joint Statement imploring Syngenta to stop its heedless and irresponsible commercialization:

> On Jan. 22, 2014, the National Grain and Feed Association (NGFA) and North American Export Grain Association (NAEGA) sent a letter to Syngenta asking the company to immediately halt commercialization in the United States of its Agrisure Viptera® corn and Agrisure Duracade™ corn until such time as China and certain other U.S. export markets have granted required regulatory approvals/authorizations.
>
> The NGFA and NAEGA . . . are gravely concerned about the serious economic harm to exporters, grain handlers and, ultimately, agricultural producers – as well as the United States' reputation to meet its customers' needs – that has resulted from Syngenta's current approach to stewardship of Viptera. Further, the same concerns now transcend to Syngenta's intended product launch plans for Duracade, which risk repeating and extending the damage. Immediate action is required by Syngenta to halt such damage.
>
> There are numerous negative consequences incurred when the Chinese and other U.S. export markets are put at risk through commercialization of biotechnology-enhanced seeds before approvals for import into foreign markets are obtained. Such consequences may include reducing the value and demand for the U.S. farmers' products, preventing foreign consumer access to much-needed supplies, shutting off or increasing the cost of U.S. producers' access to some export markets for their crops, exposing exporting companies to financial losses because of cargo rejections and contract cancellations, and ultimately diminishing the United States' reputation as a reliable, often-preferred supplier of grains, oilseeds and grain products in world markets. Commercialization prior to foreign regulatory approvals also has a negative impact on the overall U.S. corn and other grain value chains, and reduces significantly U.S. agriculture's contribution to global food security and economic growth.

Within the U.S. grain and oilseed handling and marketing system, each purchaser or handler makes its own determination as to whether to accept various commodity crops – including those produced from biotechnology-enhanced seeds. Such a decision likely is driven by customer preferences, infrastructure and operational limitations, regulatory regimes and contractual commitments, as well as meeting regulatory requirements in the respective markets they serve. Given the nature of the U.S. grain marketing system, these business decisions extend to the first point of sale or transfer from the producer.

As a matter of policy, NGFA and NAEGA have communicated consistently, clearly and in good faith with biotechnology providers and seed companies about the importance of biotechnology providers actually obtaining regulatory approvals/authorizations for import in foreign markets before such traits are commercialized in the United States. Individual grain handler, processor, service provider and exporter member companies of our Associations represent further system-wide support and advocacy for this policy.

U.S. farmers, as well as the commercial grain handling and export industry, depend heavily upon the exercise of due corporate responsibility by biotechnology providers with respect to the timing of product launch and commercialization. We therefore seek assurances from Syngenta that it will follow suit by publicly announcing that it will suspend immediately its commercialization of Viptera and Duracade products in the United States until such time as China and other U.S. export markets have granted required regulatory approvals and authorizations.

http://www.ngfa.org/wp-content/uploads/NAEGA-NGFA-Joint-Public-Statement-on-Syngenta-Agrisure-Viptera-and-Duracade-Biotech-Traits-Jan-23-2014.pdf (emphasis added).

1872. Syngenta spokesman, Paul Minehart, responded by stating: "Changing our marketing plan in the U.S. now **would have no effect on grain in the system** or Chinese acceptance of corn imports." Reuters, "U.S. Groups urge Syngenta to hold back on GM corn barred by China" (Jan. 23, 2014) (emphasis added).

1873. This pronouncement recognizes that indeed, MIR162 has contaminated the U.S. corn supply to an extent that it cannot be undone. This is even more true given that Syngenta

continued to market and sell Agrisure Duracade™ in addition to Agrisure Viptera®.

1874.  In March 2014, in meetings with the NGFA, Syngenta advised that its introductory launch of Agrisure Duracade™ would likely extend to 250,000 to 300,000 acres in a launch zone which included portions of each of the ten (10) states which grow the largest amounts of corn.  In the same meetings, Syngenta refused to accept responsibility or liability if and when Agrisure Duracade™ becomes present in countries which had not approved it.

1875.  In launching Duracade™, Syngenta stated that growers would be required to sign a stewardship agreement requiring the grower to either feed the corn to livestock or poultry on the farm, or deliver it to a grain handling facility, feed mill, feed lot or ethanol plant not exporting corn or corn co-products to China or the European Union. *See* National Grain And Feed Association Newsletter Vol. 66, No. 5 dated March 7, 2014 at 2.

1876.  The version of the stewardship agreement at launch, and referencing Duracade, did not do so.

1877.  Syngenta also did not require planting or harvesting protocols, but only made "recommendations" that the grower: (1) select fields for planting Duracade™ surrounded by the grower's own corn fields or planted next to a non-corn field; (2) place signs to notify others that Duracade™ was planted in the field; (3) plant buffer rows; (4) clean planters; (5) properly dispose of unused seed and return unopened seed units to the seed provider; (6) separately harvest Duracade™; (7) flush the combine; (8) deliver corn containing Duracade™ to a previously arranged delivery point; (9) store Duracade™ in a separate bin on the grower's farm; and (10) clean the bin floor.

1878.  Syngenta officials stated that while Syngenta would apprise growers of such "recommendations," it "declined to incorporate the recommendations into the stewardship

agreement because they did not want to dictate such practices to producers." National Grain And Feed Association Newsletter Vol. 66, No. 5 dated March 7, 2014 at 2.

1879.   Syngenta was and is well aware that such measures are minimally necessary to an adequate stewardship program. Yet Syngenta did not require such measures in connection with either Agrisure Viptera® or Agrisure Duracade™.

1880.   The NGFA issued a dire forecast of the damage Agrisure Duracade™'s premature commercialization will cause:

> For the 2014 planting season, Syngenta has introduced another trait called Agrisure Duracade™ 5307 (hereafter referred to as 5307) that currently lacks Chinese import approval, potentially prolonging the U.S. loss of the large, growing Chinese feed grain import market. . . .

> China is roughly one year into its semi-regular, two-year process of evaluating the authorization of 5307 for import in food, feed and for further processing. Since Chinese authorization of 5307 is not expected for at least another year, China is expected to continue enforcing a zero-tolerance policy for unapproved biotech-enhanced traits in 2014/15, as occurred in marketing year 2013/14 for MIR 162. Thus, the commercialization in the United States of 5307 is expected to prolong the economic impact on U.S. corn and other commodities that began in mid-November 2013.

> Similarly to 2013/14, when the United States lost access to the Chinese corn import market, the 2014/15 market price impact caused by the presence of 5307 in U.S. commodity exports is expected to extend beyond the corn market and potentially affect other commodities, such as DDGS, soybean meal and soybeans, because of the substitutability of corn for these commodities in domestic feed rations. . . .

> [A]fter accounting for projected benefits and costs, the net economic impact of the 5307 commercial launch is estimated to result in a loss to the U.S. grain value chain ranging from $1.2 billion to $3.4 billion, with a mid-point estimated net economic loss of $2.3 billion.

http://www.ngfa.org/wp-content/uploads/Agrisure-Duracade-5307-Economic-Impact-
Analysis.pdf.

1881.   In March 2014, Syngenta pulled Agrisure Duracade™ from the Canadian market
for the 2014 growing season because China and the European Union had not yet approved
MIR162.

1882.   Syngenta said in a notice to Canadian growers: "While the vast majority of the
Canadian corn crop is typically directed to domestic markets in North America, some corn may
be destined for these markets." Reuters, "Syngenta halts sales of new GMO corn seed in
Canada" (Mar 10, 2014). "Accordingly, we want to ensure the acceptance of any trait technology
grown in Canada meets end-market destination requirements." *Id.*

1883.   As illustrated by the statements of its own representatives and this action,
Syngenta knew that China was and is a key corn importer and that responsible management
requires that its approval be obtained before commercialization of a bio-engineered corn trait.

1884.   As further illustrated, Syngenta knows how to withdraw an unapproved GM trait
from the market when it wants to do so.

1885.   Nevertheless, Syngenta continued, and continues, to market and sell MIR162 corn
in the United States.

1886.   Compounding its irresponsibility, Syngenta then decided to commercialize
Agrisure Duracade™ in 2014, even though it contains MIR162, and ***also*** contains another
genetic trait, Event 5307, not approved by China or other major purchasers of U.S. corn.

1887.   In December 2014, China finally approved MIR162 for importation into China.
By then, however, Syngenta already had begun commercializing yet another GMO corn seed
product as discussed above. In addition, China's December 2014 approval is not likely to lessen
the impact of Syngenta's conduct anytime soon.

1888.   Syngenta affirmatively and purposefully engaged in all the actions and inactions described above in order to increase its own profits, ignoring the tremendous risks its profit-driven strategy imposed upon U.S. corn farmers and others.

1889.   Syngenta knew, or should have known, prior to its commercialization of Agrisure Viptera® and at all times since then of the high likelihood that Agrisure Viptera®, would contaminate the U.S. corn supply and that channeling in the circumstance of its clearly inadequate "stewardship" program would not work. As such, it was inevitable that Viptera® corn would move into export channels, including China, and cause trade disruption, as Syngenta well knew.

1890.   Syngenta's acts and omissions have resulted in the pervasive contamination of the U.S. corn supply, including fields, grain elevators and other facilities of storage and transport, causing physical harm to plaintiffs' corn, harvested corn, equipment, storage facilities, and land.

1891.   The likelihood that Agrisure Viptera® -- and Duracade™ -- would (and will continue to) contaminate the U.S. corn supply was readily foreseeable to, and indeed foreseen by, Syngenta, as was the harm to corn farmers, who Syngenta describes as among its stakeholders "affected by" Syngenta's business.

1892.   Syngenta had the right and ability to control the timing, size, and geographic scope of its commercialization of Agrisure Viptera® and Duracade™, as well as the extent to which adequate containment measures would be required of its customers. Syngenta also could have instituted channeling measures but did not.  Syngenta also ignored repeated warnings from stakeholders and misrepresented and concealed material information, all to further its own profit.

1893.   Syngenta did not simply fail to take precautions against foreseen and at minimum, clearly foreseeable harm, but acted affirmatively to create it.

1894.   Syngenta's conduct has directly caused and contributed to cause significant economic harm to farmers and other participants in the corn industry as explained below.

***Economic Impact of Syngenta's Actions***

1895.   The characteristics of the world corn market have important implications for understanding the market price impact of the Chinese MIR162 ban on corn and corn products from the United States. Those include:

a.   Corn is the most widely used feed grain in the world.

b.   The United States is by far the largest producer and exporter of corn.

c.   Prior to the import ban, virtually all of China's corn imports were from the United States.

d.   Prior to the import ban, China was the third largest market for U.S. corn exports.

e.   The latest U.S. Department of Agriculture (USDA) agricultural trade projections placed China as becoming the world's largest importer of corn by 2020.

f.   The MIR162 import ban virtually halted U.S. corn sales to China indefinitely.

g.   The world price of corn is established in Chicago and the loss of a key market for the U.S. puts downward pressure on the world price that reverberates to farmgate prices throughout the United States.

h.   Corn is a commodity and a relatively small change in the global volume of trade in a commodity market like corn will have a magnified price impact.

***Importance of China to the Global Corn Market***

1896.   Just over 10 years ago China was a significant exporter of corn (as well as all grains), with exports peaking at 15.2 million metric tons in 2002/03. China flipped from being a corn exporter to a corn importer in 2009/2010.

1897.   China turned from a net exporter to a net importer of grains in 2008. Imports of

grains (including corn) surged during the 2012-13 time period, reaching 18 mmt. Most of this grain originated from the United States.

1898.    In its annual long-term grain trade projections, released in February 2014, the U.S. Department of Agriculture projected that China's corn imports would grow from 2.7 mmt in 2012/13 to 22 mmt in 2023/24. China is by far the largest potential growth market for U.S. corn. These projections place China as the largest corn importer in the world by 2020.

1899.    Prior to the U.S. corn import ban, the top three U.S. agricultural exports to China (in order of importance) were soybeans, cotton, and corn, based on value of trade. In November 2013, China started turning back cargoes containing Syngenta's MIR162 biotech corn. While MIR162 is now approved, Event 5307 is not.

*1900.*    The rejection of U.S. corn imports has and continues to negatively impact the global corn market.

### Syngenta's Admissions Regarding MIR162

1901.    Syngenta knew or should have known of the damage that the rejection of corn by China would cost.  For example, the unrebutted evidence at the hearing on Syngenta's Motion for Preliminary Injunction indicated that the redirection costs for a rejected shipment of contaminated corn could be anywhere from $4 million to $20 million for a single shipment.  Memorandum Opinion and Order Regarding Plaintiff Motion for Preliminary Injunction, *Syngenta Seeds, Inc., v. Bunge North America, Inc.*, No.  5:11-cv-04074-MWB, (N.D. Iowa Sept. 26, 2011) ECF No. 42, at 12 (emphasis added).

1902.    Syngenta also knew or should have known that releasing MIR162 prior to Chinese approval would affect corn prices.

1903.    In Syngenta's 2010 Full Year Results, CEO Michael Mack ("Mr. Mack") stated that

Chinese "import requirements alone influence global commodity prices."

1904.   During Syngenta's 2011 Half Year Earnings Report, Mr. Mack again commented on the importance of the Chinese market, stating that China "continues to have the greatest impact on world markets, with increasing imports not just of soybeans but also now of corn."

1905.   In response to a question during the first quarter 2012 earnings conference call regarding the status of Chinese approval of VIPTERA, Mr. Mack stated "[t]here isn't outstanding approval for China, which we expect to have quite frankly within the matter of a couple days . . . we know of no issue with that whatsoever . . . ."

1906.   Yet as set forth in the preceding paragraphs: the CEO of Syngenta publicly stated in 2012 that approval of VIPTERA was days away.

1907.   Mr. Mack's statement was made as an advertisement for VIPTERA corn.

1908.   Mr. Mack referred specifically to VIPTERA corn.

1909.   Mr. Mack had an economic motivation for making this statement—continued sales of VIPTERA corn.

1910.   Mr. Mack's statement was disseminated sufficiently to constitute promotion within the grain industry.  His statement, and others like it, dangerously impacted the corn market by, for example, encouraging 1) farmers to plant MIR162, 2) grain elevators to accept and comingle MIR162 with other grains, and 3) exporters to purchase and ship products containing MIR162.

1911.   Obviously, Syngenta was incorrect with its prediction that Chinese approval would come in just a "matter of a couple days."

1912.   In 2014, Syngenta knew or should have known that China would not approve MIR162 in time for 2014 planting.  For example, Mr. Mack stated during Syngenta's first quarter 2014 conference call "I think it is fair to say at this point in time that we don't have—that we will

not have any approval before the start of the season.  That's for sure."

1913.  During Syngenta's 2014 second quarter earnings conference call Mr. Mack made the following statements regarding Chinese approval of VIPTERA corn:

> You ask about VIPTERA and our regulatory issues.  Actually, I think this is a regulatory matter in China as opposed to any regulatory matter with Syngenta.  The delays coming out of China are such that people just aren't really understanding right now even what the process is.

> We don't have it in hand and I wouldn't want to say any more about when we might have it in hand, beyond to say that there is no question; there is no technical question right now waiting from the Chinese about it, and it's been approved already in virtually every other market.  So, we'll see what happens over the coming weeks, months, quarters.

1914.  This statement confirms that Syngenta recognized that there was no end in sight for problems with exports to China due to its MIR162 products.  Despite this, Syngenta continued to sell MIR162 products, as well as launch new GMO products, none of which were approved by China during the relevant time period.  In doing so, Syngenta knew or should have known that its MIR162 products would continue to destroy U.S. exports of corn to China.

1915.  Further, and despite its 2014 statements as to uncertainty in China, Syngenta misled exporters into believing products containing MIR162 would be accepted in China.

1916.  Syngenta, currently and during much of the relevant time period, published on its website a form entitled "Request Form for Biosafety Certificate Issued by the Chinese Ministry of Agriculture."    *See*,        e.g.,        http://www3.syngenta.com/country/us/en/agriculture/ Stewardship/Documents/Biosafety-Certificate-Request-Form.pdf (last visited Sept. 16, 2015).

1917.  This form states, "Biosafety Certificates for the following transgenic event(s) were issued to Syngenta Seeds AG . . . by the Ministry of Agriculture (MOA) of the People's Republic of China (PRC)."  One of the "transgenic event(s)" listed on this Syngenta form is MIR162.

1918.  The Syngenta form continues, "The requested Biosafety Certificates will be

provided to Recipient to assist Recipient in obtaining required authorization for shipments containing the above marked Corn Product(s) into China," and additionally states, "The Biosafety Certificate(s) provided allows importation of the above marked Corn Product(s) as raw materials for processing for food and feed use only, not for any research purpose or cultivation purpose."

1919.   The implication of this form is clear: if completed (by, for example, an exporter), Syngenta will issue Biosafety Certificates, which will ensure the cargo can enter into China.

1920.   Syngenta's request form was released as an advertisement for VIPTERA corn, as it indicates that products containing MIR162 may be imported into China.

1921.   Syngenta's request form refers specifically to MIR162, the key trait in VIPTERA corn.

1922.   Syngenta had an economic motivation to include MIR162 on its request form, even though Syngenta knew MIR162 was not approved for import into China at the time: to maximize the length of time it could exclusively sell corn containing MIR162 under its various patents.

1923.   Syngenta's form was disseminated sufficiently to constitute promotion within the seed sales industry.

1924.   The statements made by Syngenta officials above show Syngenta knew that while the other Corn Products/transgenic events identified on this form were approved in China, MIR162 was not.

## PLAINTIFFS' CLAIMS FOR RELIEF

### COUNT I
### LANHAM ACT CLAIMS

1925.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1926.   The Lanham Act, 15 U.S.C. § 1125(a), entitled "False designation of origin, false

descriptions, and dilution forbidden," provides in pertinent part:

> (a)    Civil action
>
> (1)    Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

1927.   Syngenta used and/or continues to use in commerce false or misleading descriptions of fact, and/or false or misleading representations of fact, which misrepresented, and were likely to cause and/or did cause confusion and mistake or to deceive, regarding MIR162, the timing of its approval by China, its impact on export markets for U.S. corn, including China, the ability to channel MIR162 away from export markets which have not approved MIR162, and corn prices.

1928.   Syngenta's representations, statements and commentary have included:

a.    To APHIS and the public, including stakeholders interested in the MIR162 Deregulation Petition, that deregulation of MIR162 should not cause an adverse impact upon export markets for U.S. corn, that Syngenta would communicate the stewardship requirements "using a wide ranging grower education program," and that at the time the MIR162 Deregulation Petition was submitted to APHIS, regulatory filings were in progress in China;

b.    To APHIS and the public that MIR162 could and would be channeled away

from markets which had not yet approved MIR162

  c.  To the press and to investment analysts on quarterly conference calls;

  d.  Through statements in marketing materials published on the Internet such as its "Plant With Confidence" fact sheet; and

  e.  Through other statements indicating that approval from China for MIR162 corn was expected at times when Syngenta knew it was not.

each as more fully alleged above, are materially false statements that misrepresented, and are, and continue to be, likely to cause confusion and mistake as to the nature, characteristics, and qualities of MIR162 corn, the timing of its approval by China, the impact of MIR162 corn on the export markets, including China, for U.S. corn, the ability to channel MIR162 away from export markets which have not approved MIR162, and corn prices.

  1929. Syngenta's misleading representations of fact relating to the U.S. corn export market, and particularly in relation to China's position as a major export market, also misrepresented to, and deceived and/or continue to deceive, farmers and other consumers. Syngenta's "Plant With Confidence" fact sheet has, and misrepresented, and is likely to continue, to cause confusion and mistake as to the percentage of U.S. corn exported to China on an annual basis, among other facts.

  1930. Syngenta's misleading representations of fact also include the statements in the MIR162 Deregulation Petition as more fully set forth above, including in paragraph 129-134.

  1931. Additionally, Syngenta's representations misrepresented, and deceived and/or continue to deceive, farmers, other consumers and stakeholders as to the status of approval for distribution of MIR162 corn in China, a major export market.

  1932. Syngenta's MIR162 corn products were misrepresented, and caused, and/or were

likely to cause, customer confusion regarding the approval of the products from foreign regulatory authorities, including the Chinese government.

1933.    Syngenta's statements were made in commercial advertising or promotion for MIR162 corn products, including Viptera® and Duracade™.

1934.    Syngenta had an economic motivation for making its statements, as Syngenta was incentivized to sell its MIR162 corn products.

1935.    Syngenta's statements were likely to influence purchasing decisions by domestic corn producers.

1936.    Syngenta's statements were widely distributed, which is, at least, sufficient to constitute promotion within the grain industry.

1937.    Thus, Syngenta's misleading representations and statements are and/or were material.

1938.    Syngenta's products travel or traveled in interstate commerce.

1939.    Plaintiffs and the other Nationwide Corn Producer Class members have and continue to be damaged by Syngenta's material misrepresentations. Plaintiffs and the other Nationwide Corn Producer Class members were injured and/or continue to suffer injury to, among other things, their property and possessory rights in the corn they have grown, as well as the negative market price impact explained above, which results in lower revenues and profits. Those economic injuries are likely to continue in the future.

1940.    Plaintiffs and the other Class members' damages were proximately caused by Syngenta's misleading representations as described herein.

1941.    Syngenta's representations, statements and commentary as more fully set forth herein were made with knowledge or reckless disregard of their falsity and the resulting risk and

damage to the plaintiffs, other corn producers and stakeholders.

1942.  Syngenta's acts constitute the use of false descriptions and false representations in interstate commerce in violation of § 43(a) of the Lanham Act and entitle Plaintiffs, individually and on behalf of the other Class members, to recover damages, the costs of this action, and, because this case is exceptional, reasonable attorneys' fees.

## COUNT II
## COMMON LAW NEGLIGENCE
### (As to all Plaintiffs)

1943.  Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1944.  With respect to its testing, growing, storing, transporting, selling, disposing, or otherwise disseminating VIPTERA corn, Syngenta had a duty to utilize its professional expertise and exercise that degree of skill and learning ordinarily used under the same or similar circumstances by a person or entity in Syngenta's business.

1945.  Syngenta breached its duty by acts and omissions including but not limited to:

    a.  Prematurely commercializing VIPTERA and DURACADE on a widespread basis without reasonable or adequate safeguards;

    b.  Instituting a careless and ineffective "stewardship" program, which ensured contamination of the U.S. corn supply;

    c.  Failing to enforce or effectively monitor its stewardship program;

    d.  Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products;

    e.  Distributing misleading information about the importance of the Chinese market; and

    f.  Distributing misleading information regarding the timing of China's approval of VIPTERA and/or DURACADE.

1946.   Upon information and belief, Syngenta further breached their duty by failing to notify the appropriate regulatory bodies and the public in a timely fashion after it first learned of the contamination of the U.S. corn supply with MIR162.

1947.   The damages incurred by Plaintiffs were or should have been foreseen by Syngenta as Syngenta understood the risks of releasing VIPTERA corn, including but not limited to, the near certainty of cross-pollination, risks of intentional or unintentional commingling of VIPTERA corn with non-VIPTERA corn, China's zero-tolerance policy for MIR162, and China's large, and growing, U.S. corn import market.

1948.   Syngenta breached its duties, as alleged above and breached the requisite standard of care owed to Plaintiffs, and was therefore negligent.

1949.   Syngenta's breaches are a direct and proximate cause of the injuries and damages sustained by the Plaintiffs in amounts not yet fully determined but far in excess of any amounts necessary for diversity jurisdiction.

1950.   Syngenta's conduct was willful, wanton and in reckless disregard for the rights of others, including the Plaintiffs.

### COUNT III
### PRIVATE NUISANCE
### (As to all Plaintiffs)

1951.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1952.   Syngenta's actions constitute a private nuisance to the Plaintiffs.  By contaminating the U.S. corn supply, Syngenta has substantially and unreasonably interfered with the Plaintiffs' quiet use and enjoyment of their land and/or property interests.

1953.   Syngenta's actions proximately caused damage to the Plaintiffs.

1954.   Plaintiffs are thus entitled to an award of compensatory damages and prejudgment and post-judgment interest.

1955.   Syngenta acted consciously or deliberately with oppression, fraud, wantonness, and malice. Syngenta acted and failed to act with conscious disregard for the rights of others, including Plaintiffs. Punitive damages are thus warranted.

## COUNT IV
## PRODUCTS LIABILITY
### (As to all Plaintiffs)

1956.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1957.   Syngenta was and continues to be a supplier of VIPTERA and/or DURACADE corn.

1958.   Syngenta has in the past and continues to manufacture, sell, or otherwise distribute VIPTERA and/or DURACADE corn.

1959.   VIPTERA and/or DURACDE corn was used in a manner reasonably anticipated.

1960.   As a direct and proximate result of the defective and unreasonably dangerous condition of VIPTERA and/or DURACADE corn as it existed when it left Syngenta's control, the Plaintiffs have sustained injuries and damages as alleged above.

1961.   In light of the surrounding circumstances, Syngenta knew or should have known that their conduct would naturally or probably result in injuries and damages to the Plaintiffs, yet continued such conduct in reckless disregard for the consequences from which malice may be inferred and, accordingly, punitive damages should be imposed to both punish and deter.

1962.   Syngenta's VIPTERA and/or DURACDE corn is the direct and proximate cause of the injuries and damages sustained by the Plaintiffs.

## COUNT V
## TORTIOUS INTERFERENCE WITH BUSINESS ACTION
### (As to all Plaintiffs)

1963.    Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1964.    Plaintiffs had business relationships whereby Plaintiffs would sell their corn to grain purchasers.  These business relationships were memorialized by invoices, receipts, and other documents showing a consistent course of sales.

1965.    Plaintiffs had a reasonable expectation of economic gain resulting from the relationships with their grain purchasers.  Plaintiffs reasonably expected to continue to sell corn from their farms to such companies, and that the price at which they would be able to do so would be based on marketplace conditions and would not be adversely affected by the contamination of the U.S. corn supply with corn seed products that were not approved in all major export markets. Plaintiffs rightfully maintained the expectation that such business relationships would continue in the future.

1966.    Syngenta knew that Plaintiffs and other farmers had business relationships with such grain elevators and supply companies in the normal chain of crop export and sales, and Syngenta was fully aware that Plaintiffs and other farmers expected these business relationships to continue in the future.

1967.    Despite this knowledge, Syngenta made representations that deceived farmers and other consumers as to whether grain elevators and other supply companies would accept MIR162 corn, and deceived farmers and other consumers regarding the negative impact of MIR162 on U.S. corn prices.  These misrepresentations stated that MIR162 corn is or would imminently be approved for import into China.

1968.   Syngenta interfered with these prospective future business relationships through its conscious decision to bring MIR162 corn to the market.  Syngenta knew, or should have known, that releasing MIR162 corn would lead to the contamination of all U.S. corn shipments and prevent U.S. corn from being sold in China, which had not granted import approval.

1969.   Syngenta's release of MIRl62 corn destroyed the export of U.S. corn to China and caused depressed prices for all domestic corn producers.  Thus, Plaintiffs have been unable to sell their corn to grain elevators and supply companies at the price they reasonably expected to receive.

1970.   Syngenta intentionally interfered with Plaintiffs' prospective business relationships; and Syngenta knew the interference was certain or substantially certain to occur as a result of its conduct in releasing MIR162 corn into the U.S. market.

1971.   Plaintiffs have been proximately damaged and continue to be damaged as a result of Syngenta's interference.

1972.   Syngenta's tortious conduct serves as a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## COUNT VI
## STRICT LIABILITY
**(As to Plaintiffs from Alabama, Arizona, Arkansas, California, Colorado, Florida, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Minnesota, Mississippi, Missouri, Nebraska, Nevada New York, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas and Wisconsin)**

1973.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1974.  Syngenta developed and distributed Viptera corn seed, a defective and unreasonably dangerous product that, when used as anticipated, produced corn that has not been approved for human consumption by China and the European Union.

1975.   The sale and distribution of Viptera corn resulted in the contamination of the U.S.

grain production and handling system, causing export markets to restrict, or ban altogether, importation of U.S. corn. Exercise of reasonable care could not have eliminated the risk of such contamination and resulting injuries.

1976.  Given the structure and operation of the U.S. grain production and handling system, Syngenta's sale and distribution of Viptera corn was improper.

1977.  Any benefit derived from the cultivation of Viptera corn is greatly outweighed by the harm resulting from Viptera contamination of the U.S. corn supply.

1978.  Plaintiff seeks compensatory damages and all costs and fees as allowed by law.

## COUNT VII
## VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT
### (As to all Arkansas Plaintiffs)

1979.  Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1980.  Arkansas Plaintiffs bring this claim under the Arkansas Deceptive Trade Practice Act ("Arkansas DTPA"), Ark Code Ann. § 4-88-101, *et seq*.

1981.  Syngenta and the Arkansas Plaintiffs are "persons" within the meaning of the Arkansas DTPA, Ark. Code Ann. § 4-88-102(5).

1982.  Syngenta's VIPTERA AND DURACADE corn are "goods" within the meaning of Ark. Code Ann. § 4-88-102(4).

1983.  The Arkansas DTPA prohibits "[d]eceptive and unconscionable trade practices," which include, but are not limited to, a list of enumerated items, including "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade[.]"  Ark. Code Ann. § 4-88-107(a)(10).  The Arkansas DTPA also prohibits the following when utilized in connection with the sale of any goods: "(1) The act, use, or employment by any person of any

deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission." Ark. Code Ann. § 4-88-108.

1984.    Syngenta has committed willful, wanton, unfair and/or deceptive trade practices by a number of acts and omissions taken to inequitably assert its power and position including but not limited to:

      a.   Prematurely commercializing VIPTERA AND DURACADE on a widespread basis without reasonable or adequate safeguards;

      b.   Instituting a careless and ineffective "stewardship" program;

      c.   Failing to enforce or effectively monitor its "stewardship" program;

      d.   Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products.

      e.   Distributing misleading information about the importance of the Chinese market; and

      f.   Distributing misleading information regarding the timing of China's approval of VIPTERA and/or DURACADE.

1985.    Syngenta's actions offend public policy, were immoral, unethical, oppressive, unscrupulous, or substantially injurious to all Arkansas Plaintiffs.

1986.    Syngenta's acts took place in or effected commerce in Arkansas.

1987.    Syngenta's actions and omissions proximately caused the injuries and damages sustained by the Arkansas Plaintiffs.

1988.    Syngenta willfully, wantonly and in bad faith engaged in the unfair and deceptive acts and practices set forth herein.

1989.    Arkansas Plaintiffs seek monetary relief against Syngenta in an amount to be determined at trial.  Arkansas Plaintiffs also seek punitive damages because Syngenta acted

wantonly in causing the injury or with such a conscious indifference to the consequences that malice may be inferred.

1990.    Arkansas Plaintiffs also seek an order enjoining Syngenta's unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Arkansas DTPA.

**COUNT VIII**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITON LAW**
**(As to All California Plaintiffs)**

1991.    Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1992.    California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §§ 17200, *et seq*., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice . . . ."

1993.    Syngenta's conduct, as described herein, was and is in violation of the UCL. Syngenta's conduct violates the UCL in at least the following ways, including but not limited to:

    a.    Prematurely commercializing VIPTERA AND DURACADE on a widespread basis without reasonable or adequate safeguards;

    b.    Instituting a careless and ineffective "stewardship" program;

    c.    Failing to enforce or effectively monitor its "stewardship" program;

    d.    Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products.

    e.    Distributing misleading information about the importance of the Chinese market; and

    f.    Distributing misleading information regarding the timing of China's approval of VIPTERA and/or DURACADE.

1994.    Accordingly, California Plaintiffs have suffered injury in fact including lost money

or property as a result of Syngenta's misrepresentations and omissions.

1995.   California Plaintiffs seek to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Syngenta under CAL. BUS. & PROF. CODE § 17200.

1996.   California Plaintiffs request that this Court enter such orders or judgments as may be necessary to enjoin Syngenta from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiffs any money it acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in CAL. BUS. & PROF. CODE § 17203 and CAL. BUS. & PROF. CODE § 3345; and for such other relief set forth below.

## COUNT IX
## VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT
### (As to all Colorado Plaintiffs)

1997.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

1998.   Syngenta is liable to the Colorado Plaintiffs pursuant to the Colorado Consumer Protection Act ("Colorado CPA"), Col. Rev. Stat. § 6-1-101, *et seq*.

1999.   Syngenta is a "person" under § 6-1-102(6) of the Colorado CPA.

2000.   Colorado Plaintiffs are "consumers or potential consumers" for purposes of Col. Rev. Stat. § 6-1-113(1)(a).

2001.   The Colorado CPA prohibits deceptive trade practices in the course of a person's business.

2002.   Syngenta has committed willful, unfair and/or deceptive trade practices by a number of acts and omissions taken to inequitably assert its power and position including but not limited to:

      a.  Prematurely commercializing VIPTERA AND DURACADE on a widespread basis without reasonable or adequate safeguards;

b.  Instituting a careless and ineffective "stewardship" program;

c.  Failing to enforce or effectively monitor its "stewardship" program;

d.  Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products.

e.  Distributing misleading information about the importance of the Chinese market; and

f.  Distributing misleading information regarding the timing of China's approval of VIPTERA and/or DURACADE.

2003.   Syngenta's actions offend public policy, were immoral, unethical, oppressive, unscrupulous, or substantially injurious to all Colorado Plaintiffs.

2004.   Syngenta's acts took place in or effected commerce in Colorado.

2005.   Syngenta's actions and omissions proximately caused the injuries and damages sustained by the Colorado Plaintiffs.

2006.   Syngenta willfully and in bad faith engaged in the unfair and deceptive acts and practices set forth herein.

2007.   Because Syngenta's bad actions were executed willfully and in bad faith, the Colorado Plaintiffs are thus entitled to an award of compensatory damages and, as well as treble or other exemplary damages, attorneys' fees and costs pursuant to Col. Rev. Stat. § 6-1-113(2).

### COUNT X
### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
#### (As to all Florida Plaintiffs)

2008.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

2009.   Syngenta is liable to the Florida Plaintiffs pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.201 Fla. Stat. *et seq*.

2010.   Syngenta has committed willful unfair trade practices by a number of acts and

omissions taken to inequitably assert its power and position including but not limited to:

    a.   Prematurely commercializing VIPTERA AND DURACADE on a widespread basis
        without reasonable or adequate safeguards;

    b.   Instituting a careless and ineffective "stewardship" program;

    c.   Failing to enforce or effectively monitor its "stewardship" program;

    d.   Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge
        that they lacked the mechanisms, experience, ability and/or competence to effectively
        isolate or "channel" those products.

    e.   Distributing misleading information about the importance of the Chinese market; and

    f.   Distributing misleading information regarding the timing of China's approval of
        VIPTERA and/or DURACADE.

2011.   Syngenta's actions offend public policy, were immoral, unethical, oppressive,

unscrupulous, or substantially injurious to all Florida Plaintiffs.

2012.   Syngenta's acts took place in or effected commerce in Florida.

2013.   Syngenta's actions and omissions proximately caused the injuries and damages

sustained by the Florida Plaintiffs.

2014.   Syngenta willfully engaged in the unfair and deceptive acts and practices set forth

herein.

2015.   The Florida Plaintiffs hereby request that this court issue a declaratory judgment

that Syngenta's actions as described herein did, in fact, violate the FDUTPA.

2016.   Further, as a result of Syngenta's actions as described herein, the Florida Plaintiffs

suffered substantial losses and harms and are entitled to recover actual damages, obtain equitable

and injunctive relief, attorneys' fees, litigation expenses and punitive damages under FDUTPA.

## COUNT XI
## VIOLATION OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT

**(As to all Georgia Plaintiffs)**

2017.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

2018.   Syngenta is liable to the Georgia Plaintiffs pursuant to the Georgia Uniform Deceptive Trade Practices Act ("Georgia UDTPA"), GA. CODE ANN. § 10-1-370, *et seq*.

2019.   Syngenta and the Georgia Plaintiffs are "persons' within the meaning of the Georgia UDTPA, GA. CODE ANN. § 10-1- 371(5).

2020.   The Georgia UDTPA prohibits "deceptive trade practices," which include the "misrepresentation of standard or quality of goods or services," and "engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." GA. CODE ANN. § 10-1-372(a).

2021.   Syngenta has committed willful unfair trade practices in violation of the Georgia UDTPA by a number of acts and omissions taken to inequitably assert its power and position including but not limited to:

   a.   Prematurely commercializing VIPTERA AND DURACADE on a widespread basis without reasonable or adequate safeguards;

   b.   Instituting a careless and ineffective "stewardship" program;

   c.   Failing to enforce or effectively monitor its "stewardship" program;

   d.   Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products.

   e.   Distributing misleading information about the importance of the Chinese market; and

   f.   Distributing misleading information regarding the timing of China's approval of VIPTERA and/or DURACADE.

2022.   Syngenta's unfair or deceptive acts or practices were likely to and did in fact

deceive reasonable consumers, including Plaintiffs, about the true nature and quality of the VIPTERA and DURACADE corn.

2023.   Syngenta intentionally and knowingly misrepresented material facts regarding the VIPTERA and DURACADE corn with intent to mislead Georgia Plaintiffs.

2024.   Syngenta knew or should have known that its conduct violated the Georgia UDTPA.

2025.   As alleged above, Syngenta made material statements about the quality and nature of the VIPTERA and DURACDE corn that were either false or misleading.

2026.   Syngenta owed the Georgia Plaintiffs a duty to disclose the quality and nature of the VIPTERA and DURACADE corn, and Syngenta's statements, misrepresentations, and omissions concerning the same were material to the Georgia Plaintiffs.

2027.   Georgia Plaintiffs suffered ascertainable loss caused by Syngenta's statements, misrepresentations, and omissions.  As a direct and proximate result of Syngenta's violations of the Georgia UDTPA, Georgia Plaintiffs have suffered injury-in-fact and/or actual damages.

2028.   Georgia Plaintiffs seek an order enjoining Syngenta's unfair, unlawful and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Georgia UDTPA per GA. CODE ANN. § 10-1-373.

## COUNT XII
## VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT
### (As to all Idaho Plaintiffs)

2029.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

2030.   Syngenta is liable to the Idaho Plaintiffs pursuant to the Idaho Consumer Protection Act ("Idaho CPA"), IDAHO CIV. CODE § 48-601, *et seq*.

2031.  Defendants are each a "person" under the Idaho CPA, IDAHO CIV. CODE § 48-602(2).

2032.  Syngenta participated in misleading, false or deceptive business practices prohibited by the Idaho CPA, including: (1) representing that VIPTERA and DURACADE corn has characteristics, uses and benefits which it does not have; (2) representing that VIPTERA and DURACADE corn is of a particular standard, quality, and grade when it is not; (3) engaging in acts or practices which are otherwise misleading, false, or deceptive to the consumer; and (4) engaging in any unconscionable method, act, or practice in the conduct or trade or commerce. *See* IDAHO CIV. CODE § 48-603.

2033.  Syngenta engaged in numerous unfair acts or practices in the timing, scope and terms under which it commercialized VIPTERA and DURACADE, including, but not limited to:

    a.  Prematurely commercializing VIPTERA AND DURACADE on a widespread basis without reasonable or adequate safeguards;

    b.  Instituting a careless and ineffective "stewardship" program;

    c.  Failing to enforce or effectively monitor its "stewardship" program;

    d.  Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products;

    e.  Distributing misleading information about the importance of the Chinese market; and

    f.  Distributing misleading information regarding the timing of China's approval of VIPTERA and/or DURACADE.

2034.  Syngenta's practices, as set forth above, were unfair in that:

    a.  The practices offend public policy in that they were done negligently, were done in a manner that brought VIPTERA and/or DURACADE in contact with the Idaho Plaintiffs' corn thereby resulting in a trespass to chattels, and/or violated industry recognized stewardship obligations;

b.   The practices were immoral, oppressive and unscrupulous in that they imposed no meaningful choice on corn farmers, imposed an unreasonable burden on the corn farming industry and was so oppressive as to leave corn farmers with little alternative but to submit to the practices. Idaho corn farmers had no control over the closure of the Chinese market due to the commercialization of VIPTERA and/or DURACADE; had no reasonable ability to prevent VIPTERA and/or DURACADE from entering onto their land, into their corn or into the corn market, and had no reasonable ability to separately channel their corn and VIPTERA and/or DURACADE; and

c.   The practices caused substantial injury to corn farmers in that it caused the loss of the Chinese export market and reduced corn prices. Corn farmers cannot reasonable avoid the injury caused by Syngenta's actions because the actions have caused a drop in the price for all U.S. corn.

2035.   Syngenta's unfair practices and conduct was directed toward consumers of VIPTERA and DURACADE as well as other corn producers.  Syngenta intended consumers of VIPTERA and DURACADE as well as other corn producers to rely on its acts and practices in commercializing and selling VIPTERA and DURACADE as being done in a manner that would avoid negatively impacting corn export markets.

2036.   Syngenta's unfair practices occurred during the course of conduct involving trade or commerce, specifically the commercialization and sale of VIPTERA and DURACADE.

2037.   Idaho corn producers incurred damages due to the loss of the Chinese import market and resulting drop in the price of corn due to Syngenta's unfair acts and practices.

2038.   The loss of the Chinese import market and resulting drop in corn prices was directly and proximately caused by Syngenta's unfair acts and practices.

2039.   Pursuant to IDAHO CIV. CODE § 48-608, Idaho Plaintiffs seek monetary relief against Syngenta measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $1,000 for each Idaho Plaintiff.

2040.   Idaho Plaintiffs also seek an order enjoining Syngenta's unfair, unlawful and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Idaho

CPA.

2041.  Syngenta's conduct was flagrant, willful, intentional, done with evil motive or reckless indifference to the rights of others, and evidences an extreme deviation from reasonable standards.  Punitive damages are thus warranted.

### COUNT XIII
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (As to all Illinois Plaintiffs)

2042.  Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

2043.  Corn seed such as VIPTERA and DURACADE is an object, good, and/or commodity constituting merchandise pursuant to 815 Ill. Comp. Stat. 505/1.

2044.  Syngenta engaged in numerous unfair acts or practices in the timing, scope and terms under which it commercialized VIPTERA and DURACADE, including, but not limited to:

  a.  Prematurely commercializing VIPTERA AND DURACADE on a widespread basis without reasonable or adequate safeguards;

  b.  Instituting a careless and ineffective "stewardship" program;

  c.  Failing to enforce or effectively monitor its "stewardship" program;

  d.  Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products.

  e.  Distributing misleading information about the importance of the Chinese market; and

  f.  Distributing misleading information regarding the timing of China's approval of VIPTERA and/or DURACADE.

2045.  Syngenta's practices, as set forth above, were unfair in that:

  i.  The practices offend public policy in that they were done negligently, were done in a manner that brought VIPTERA and/or DURACADE in contact with the

Illinois Plaintiffs' corn, thereby resulting in a trespass to chattels, and/or violated industry recognized stewardship obligations;

ii.    The practices were immoral, oppressive and unscrupulous in that they imposed no meaningful choice on corn farmers, imposed an unreasonable burden on the corn farming industry and was so oppressive as to leave corn farmers with little alternative but to submit to the practices. Corn farmers had no control over the closure of the Chinese market due to the commercialization of VIPTERA and/or DURACADE; had no reasonable ability to prevent VIPTERA and/or DURACADE from entering onto their land, into their corn or into the corn market, and had no reasonable ability to separately channel their corn and VIPTERA and/or DURACADE; and

iii.    The practices caused substantial injury to corn farmers in that it caused the loss of the Chinese export market and reduced corn prices. Corn farmers cannot reasonable avoid the injury caused by Syngenta's actions because the actions have caused a drop in the price for all U.S. corn.

2046.   Syngenta's unfair practices and conduct was directed toward consumers of VIPTERA and DURACADE as well as other corn producers. Syngenta intended consumers of VIPTERA and DURACADE as well as other corn producers to rely on its acts and practices in commercializing and selling VIPTERA and DURACADE as being done in a manner that would avoid negatively impacting corn export markets.

2047.   Syngenta's unfair practices occurred during the course of conduct involving trade or commerce, specifically the commercialization and sale of VIPTERA and DURACADE.

2048.   Illinois corn producers incurred damages due to the loss of the Chinese import market and resulting drop in the price of corn due to Syngenta's unfair acts and practices.

2049.   The loss of the Chinese import market and resulting drop in corn prices was directly and proximately caused by Syngenta's unfair acts and practices.

2050.   Syngenta's conduct was addressed to the market generally and otherwise implicates consumer protection concerns and, therefore, a consumer nexus exists in that:

a.    Syngenta's acts and practices in commercializing and selling VIPTERA and DURACADE corn were directed to all corn farmers  generally; and

      b.   Syngenta's acts and practices otherwise implicate consumer protection concerns including, but not limited to, not unreasonably risking the availability and welfare of corn export markets or minimizing the potential for unwanted comingling of crops.

2051.   Illinois Plaintiffs are authorized to bring a private action under the Illinois Consumer Fraud and Deceptive Businesses Practices Act pursuant to 815 Ill. Comp. Stat. 505/10(a).

2052.   Syngenta's conduct was willful and intentional and done with evil motive or reckless indifference to the rights of others.  Punitive damages are thus warranted.

2053.   Reasonable attorneys' fees and costs should be awarded pursuant to 815 Ill. Comp. Stat. 505/10a.

**COUNT XIV**
**VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT**
**(As to all Kentucky Plaintiffs)**

2054.   Kentucky Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

2055.   This claim is brought pursuant to the Kentucky Consumer Protection Act ("Kentucky CPA"), § Ky. Rev. Stat. 367.110, *et seq*.

2056.   Syngenta and the Kentucky Plaintiffs are "persons" within the meaning of Ky. Rev. Stat. § 367.110(1).

2057.   Syngenta is engaged in "trade" or "commerce" within the meaning of Ky. Rev. Stat. § 367.110(2).

2058.   The Kentucky CPA makes unlawful "[u]nfair, false, misleading, or deceptive acts in the conduct of any trade or commerce . . . ."  Ky. Rev. Stat. § 367.170(1).  Syngenta committed misleading, false, or deceptive acts that violated the Kentucky CPA.  These acts include but are

not limited to:

    a.   Prematurely commercializing VIPTERA AND DURACADE on a widespread basis without reasonable or adequate safeguards;

    b.   Instituting a careless and ineffective "stewardship" program;

    c.   Failing to enforce or effectively monitor its "stewardship" program;

    d.   Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products.

    e.   Distributing misleading information about the importance of the Chinese market; and

    f.   Distributing misleading information regarding the timing of China's approval of VIPTERA and/or DURACADE.

2059.  Syngenta's practices, as set forth above, were unfair in that:

    a.   The practices were immoral, oppressive and unscrupulous in that they imposed no meaningful choice on corn farmers, imposed an unreasonable burden on the corn farming industry and was so oppressive as to leave corn farmers with little alternative but to submit to the practices. Corn farmers had no control over the closure of the Chinese market due to the commercialization of VIPTERA and/or DURACADE; had no reasonable ability to prevent VIPTERA and/or DURACADE from entering onto their land, into their corn or into the corn market, and had no reasonable ability to separately channel their corn and VIPTERA and/or DURACADE; and

    b.   The practices caused substantial injury to corn farmers in that it caused the loss of the Chinese export market and reduced corn prices. Corn farmers cannot reasonable avoid the injury caused by Syngenta's actions because the actions have caused a drop in the price for all U.S. corn.

2060.  Syngenta's unfair practices and conduct was directed toward consumers of VIPTERA and DURACADE as well as other corn producers. Syngenta intended consumers of VIPTERA and DURACADE as well as other corn producers to rely on its acts and practices in commercializing and selling VIPTERA and DURACADE as being done in a manner that would avoid negatively impacting corn export markets.

2061.   Syngenta's unfair practices occurred during the course of conduct involving trade or commerce, specifically the commercialization and sale of VIPTERA and DURACADE.

2062.   Syngenta knew or should have known that its conduct violated the Kentucky CPA.

2063.   As a direct and proximate result of Syngenta's violations of the Kentucky CPA, Kentucky Plaintiffs have suffered injury-in-fact, and/or actual damage.

2064.   Pursuant to Ky. Rev. Stat. Ann. § 367.220, Kentucky Plaintiffs seek to recover actual damages in an amount to be determined at trial; an order enjoining Syngenta's unfair, unlawful, and/or deceptive practices; declaratory relief; attorneys' fees; and any other just and proper relief available under Ky. Rev. Stat. Ann. § 367.220.

**COUNT XV**
**VIOLATION OF MINNESOTA DECEPTIVE TRADE PRACTICES ACT**
**(As to all MINNESOTA Plaintiffs)**

2065.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

2066.   The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et. seq.*, provides in relevant part:

> **Subdivision 1. Acts constituting** A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:
>
> (1) passes off goods or services as those of another;
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
>
> (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;
> ***
>
> (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

Minn. Stat. § 325D.44.

2067.  The Minnesota Plaintiffs are authorized to bring this claim under Minn. Stat. § 8.31, subd. 3a.

2068.  Syngenta has used in commerce false or misleading descriptions of fact and/or false or misleading representations of fact, which were likely and/or did cause confusion or mistake.  These misleading descriptions and/or representations related to VIPTERA's approval or imminent approval for import to China.  These deceptions originated in pertinent part in Minnesota, at the principal place of business of Defendant Syngenta Seeds.  These deceptions and/or misrepresentations did not involve the product's labeling and packaging.

2069.  Syngenta's false or misleading descriptions of fact and/or false or misleading representations of fact, caused, and/or were likely to cause costumer confusion about the approval of the products from foreign regulatory authorities, including the Chinese government.

2070.  Plaintiffs have and continue to be damaged by Syngenta's conduct.

2071.  Plaintiffs' damages were proximately caused by Syngenta's conduct.

2072.  As a direct result and proximate result of the foregoing, Plaintiffs have been injured and suffered financial loss in excess of $75,000 for which damages and other relief as may be available at law or equity is warranted.

2073.  Because Syngenta's actions have been committed willfully, maliciously, and intentionally, Plaintiffs are entitled to recover costs and reasonable attorneys' fees under Minn. Stat. § 325D.45.

**COUNT XVI**
**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349**
**(As to all New York Plaintiffs)**

2074.  Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

245 of 254

2075.   The New York Plaintiffs bring this claim pursuant to N.Y. GEN. BUS. LAW § 349.

2076.   New York's General Business Law § 349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce."

2077.   In the Course of Syngenta's business, it willfully failed to disclose and actively concealed the fact that VIPTERA and DURACADE Corn had not yet been approved for import into the Chinese Market.

2078.   Syngenta's actions as set forth above occurred in the conduct of trade or commerce.

2079.   Because Syngenta's deception affects the ability of New York corn farmers to compete in the open marketplace, its deception affects the public interest.  Further, Syngenta's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

2080.   Syngenta's conduct proximately caused injuries to the New York Plaintiffs.

2081.   New York Plaintiffs were injured as a result of Syngenta's conduct in that the value of the New York Plaintiffs' corn was drastically reduced by their inability to ship corn to the Chinese Market.  These injuries are the direct and natural consequence of Syngenta's misrepresentations and omissions.

## COUNT XVII
## VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
### (As to all North Carolina Plaintiffs)

2082.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

2083.   N.C. Gen Stat. § 75-1.1 declares that unfair or deceptive acts or practices in or

affecting commerce are declared unlawful.

2084.   A practice is unfair if it offends established public policy, immoral, unethical, oppressive, unscrupulous, or substantially injurious.

2085.   N.C. Gen. Stat. § 75-16 provides that if any person or the business of any person is injured by reason of any act or thing done by another in violation of the North Carolina Unfair and Deceptive Trade Practices Act, the injured person or entity may bring a claim for damages.

2086.   Syngenta has committed willful unfair trade practices by a number of acts and omissions taken to inequitably assert its power and position including but not limited to:

    a.   Prematurely commercializing VIPTERA AND DURACADE on a widespread basis without reasonable or adequate safeguards;

    b.   Instituting a careless and ineffective "stewardship" program;

    c.   Failing to enforce or effectively monitor its "stewardship" program;

    d.   Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products.

2087.   Syngenta's actions offend public policy, were immoral, unethical, oppressive, unscrupulous, or substantially injurious to all North Carolina Plaintiffs.

2088.   Syngenta's acts took place in or effected commerce in North Carolina.

2089.   Syngenta's actions and omissions proximately caused the injuries and damages sustained by the North Carolina Plaintiffs.

2090.   Syngenta willfully engaged in the unfair and deceptive acts and practices set forth herein.

2091.   The North Carolina Plaintiffs are thus entitled to an award of compensatory damages and prejudgment and post-judgment interest, as well as treble or other exemplary damages, attorneys' fees and costs pursuant to N.C. Gen. Stat §§ 75-16 and 75-16.1.

## COUNT XVIII
## VIOLATIONS OF THE OREGON UNLAWFUL TRADE PRACTICES ACT
### (As to all Oregon Plaintiffs)

2092.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

2093.   This claim is brought pursuant to the Oregon Unlawful Trade Practices Act ("OUTPA"), ORS § 646.608, by and through ORS § 646.638(1) which authorizes private citizens to bring actions under the OUTPA.

2094.   ORS § 646.608(1)(e),(g) makes it unlawful to represent that a good has a particular standard, quality or grade if it is not, in fact, of that particular standard, quality or grade.

2095.   Syngenta unlawfully misrepresented the standard, quality or grade of its VIPTERA and DURACADE Corn when it willfully failed to disclose and actively concealed the fact that VIPTERA and DURACADE Corn had not yet been approved for import into the Chinese Market.

2096.   The Oregon Plaintiffs are entitled to an award of compensatory damages, interest, as well as attorneys' fees and costs.

## COUNT XIX
## VIOLATIONS OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT
### (As to all South Carolina Plaintiffs)

2097.   Plaintiffs incorporate by reference all preceding Paragraphs as though fully set forth herein.

2098.   This claim is brought pursuant to the South Carolina Unfair Trade Practices Act ("South Carolina UTPA"), S.C. CODE ANN. § 39-5-10, *et seq*.

2099.   Defendants are each a "person" under the South Carolina UTPA.

2100.   The South Carolina UTPA prohibits "unfair or deceptive acts or practices in the

conduct of any trade or commerce . . . ."  S.C. CODE ANN. § 39-5-20(a).

2101.  Syngenta has committed willful unfair trade practices by a number of acts and omissions taken to inequitably assert its power and position including but not limited to:

    a.  Prematurely commercializing VIPTERA AND DURACADE on a widespread basis without reasonable or adequate safeguards;

    b.  Instituting a careless and ineffective "stewardship" program;

    c.  Failing to enforce or effectively monitor its "stewardship" program;

    d.  Selling VIPTERA and/or DURACADE to thousands of corn farmers with knowledge that they lacked the mechanisms, experience, ability and/or competence to effectively isolate or "channel" those products.

    e.  Distributing misleading information about the importance of the Chinese market; and

    f.  Distributing misleading information regarding the timing of China's approval of VIPTERA and/or DURACADE.

2102.  Syngenta's actions offend public policy, were immoral, unethical, oppressive, unscrupulous, or substantially injurious to all South Carolina Plaintiffs.

2103.  Syngenta's acts took place in or effected commerce in South Carolina.

2104.  Syngenta's actions and omissions proximately caused the injuries and damages sustained by the South Carolina Plaintiffs.

2105.  Syngenta willfully engaged in the unfair and deceptive acts and practices set forth herein.

2106.  Pursuant to S.C. CODE ANN. § 39-5-140(a), South Carolina Plaintiffs seek monetary relief against Syngenta to recover for their economic losses.  Because Syngenta's actions were willful and knowing, Syngenta's damages should be trebled.  *Id.*

2107.  Plaintiff further alleges that Syngenta's malicious and deliberate conduct warrants an assessment of punitive damages, because Syngenta carried out its despicable conduct with

willful and conscious disregard of the rights of others, subjecting South Carolina plaintiffs to cruel and unjust hardships as a result.

2108.  South Carolina Plaintiffs further seek an order enjoining Syngenta's unfair or deceptive acts or practices.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they have of and recover from the Defendants, jointly and severally, compensatory and punitive damages, together with appropriate equitable relief, as follows:

A.    Entry of judgment ordering Syngenta to take affirmative steps to remediate the contamination that it has already caused;

B.    Entry of judgment finding:

1.    Syngenta's release of VIPTERA and DURACADE corn constituted a private nuisance;

2.    Syngenta's release of VIPTERA and DURACADE corn was negligent;

3.    Syngenta is liable for damages done by the release of VIPTERA and DURACADE corn;

4.    Syngenta is strictly liable for damages done by the release of VIPTERA and DURACADE corn and the resulting injuries to the Plaintiffs in Alabama, Arkansas, California, Colorado, Florida, Georgia, Idaho, Iowa, Indiana, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia, West Virginia and Wisconsin;

5.      Syngenta's release of VIPTERA and DURACADE corn constitutes tortious interference;

6.      Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the Arkansas Deceptive Trade Practice Act; and

7.      Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the California Unfair Competition Law; and

8.      Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the Colorado Consumer Protection Act; and

9.      Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the Florida Deceptive and Unfair Trade Practices Act.

10.     Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the Georgia Uniform Deceptive Trade Practices Act; and

11.     Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the Idaho Consumer Protection Act; and

12.     Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the Illinois Consumer Fraud and Deceptive Business Practices Act;

13.     Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the Kentucky Consumer Protection Act; and

14.     Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the Minnesota Deceptive Trade Practices Act; and

15.     Syngenta's activities surrounding its release of VIPTERA and

DURACADE corn violated the New York's General Business Law § 349; and

16.    Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the North Carolina Unfair and Deceptive Trade Practices Act; and

17.    Syngenta's activities surrounding its release of VIPTERA and DURACADE corn violated the South Carolina Unfair Trade Practices Act.

C.    Monetary damages including compensatory relief to which Plaintiffs are entitled and will be entitled at the time of trial;

D.    Punitive damages;

E.    Prejudgment interest;

F.    The costs of this action;

G.    Attorneys' fees; and

H.    Such other and legal and proper relief.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury on all issues.

Respectfully submitted,

/s/ Wylie Blair
James G. Onder, IL Bar #06200444
W. Wylie Blair, IL Bar #06285762
Michael J. Quillin, IL Bar #6301933
Onder, Shelton, O'Leary & Peterson, LLC
100 E. Lockwood Ave.
2nd Floor
St. Louis, MO 63119
(314) 963-9000
blair@onderlaw.com
onder@onderlaw.com
quillin@onderlaw.com

OF COUNSEL:

/s/ W. Lewis Garrison, Jr.
W. Lewis Garrison, Jr.
William L. Bross
Taylor C. Bartlett
Mark R. Ekonen
Chris Hood
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203
(205) 326-3336
wlgarrison@hgdlawfirm.com
william@hgdlawfirm.com
taylor@hgdlawfirm.com
mark@hgdlawfirm.com
chood@hgdlawfirm.com

/s/ Brian L. Kinsley
Brian L. Kinsley
Crumley Roberts
2400 Freeman Mill Road, Ste. 200
Greensboro, NC 27406
Tel.: (336) 333-9899
blkinsley@crumleyroberts.com

/s/ Todd Harvey
Peter H. Burke, Esq.
Todd Harvey, Esq.
BURKE HARVEY, LLC
3535 Grandview Parkway
Suite 100
Birmingham, Alabama 35243
Phone: 205-930-9091
Fax:    205-930-9054
pburke@burkeharvey.com
tharvey@burkeharvey.com

/s/ David A. Domina
David A. Domina
Brian E. Jorde
Domina Law Group pc llo
2425 S. 144th Street, Omaha, NE 68144
(402) 493-4100
ddomina@dominalaw.com
bjorde@dominalaw.com

/s/ Francois M. Blaudeau

Francois M. Blaudeau
2224 1st Avenue North
Birmingham, Alabama 35203
(205) 326-3336
francois@southernmedlaw.com